RECEIPT # 58396
AMOUNT $ 150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 9-2-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

IAN J. BROWN,

JAMES BROWN

and

BARBARA BROWN

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

VERIZON NEW ENGLAND, INC.

and

BOSTON EDISON COMPANY d/b/a NSTAR ELECTRIC,

    Defendants.

04-11924 RGS

MAGISTRATE JUDGE Fowler

## PLAINTIFFS' COMPLAINT

### Jurisdiction

Jurisdiction in regard to the claims against the United States of America is based on 28 U.S.C. § 1331. In regard to all other parties and all other claims, jurisdiction is based on so-called diversity of citizenship pursuant to 28 U.S.C. § 1332, with the amount in controversy in excess of Seventy-Five Thousand ($75,000.00) Dollars.

### Venue

Venue is based upon 28 USC 1391(b)(2), 28 USC 1391(e)(1), and 28 USC 1391(e)(2).

### COUNT I

1. Plaintiff Ian J. Brown ("Plaintiff") is an individual residing at 223 Cotter Avenue, Neptune, New Jersey, and is a citizen of the State of New Jersey.

2.  Defendant Verizon New England, Inc. ("Verizon") is a New York corporation with a usual place of business and residing at 185 Franklin Street, Boston, County of Suffolk, Massachusetts.

3.  Prior to January 4, 2002, Defendant Verizon, or its predecessors in interest, caused a utility pole, which pole was numbered "37" or "16/37" ("the pole") to be placed on the side of Hartwell Road in Bedford, County of Middlesex, Massachusetts.

4.  At all times relevant to the Complaint, the pole was owned by Defendant Verizon.

5.  At all times relevant to the Complaint, the pole was controlled by Defendant Verizon.

6.  Defendant Verizon was negligent, and its negligence included but was not limited to negligently placing or locating the pole in a position, and/or negligently allowing the pole to remain in a position, that:

    a.  was unreasonably close to Hartwell Road;

    b.  was located at the outside of a curve;

    c.  was located between Hartwell Road and a guardrail ("the guardrail") that was directly behind the pole; and/or

    d.  was otherwise located in such a manner as to be unreasonably dangerous to the motoring public, including Plaintiff.

7.  At all times relevant to the Complaint, Defendant Verizon knew or should have known that the location of the pole created an unreasonably dangerous condition for the motoring public on said Hartwell Road.

8.  On or about January 4, 2002, Plaintiff Ian Brown, while traveling on said Hartwell Road, lost control of the motorcycle upon which he was riding, despite his exercise of due care.

9.  As a consequence of losing control of the motorcycle, Plaintiff Ian Brown's body was caused to slide headfirst along the guardrail, which guardrail acted as a conduit channeling said Plaintiff toward the pole and causing said Plaintiff's head to slam with great force into the pole.

10. As a direct and proximate result of the negligence of Defendant Verizon as aforesaid, Plaintiff Ian Brown was caused to suffer serious and permanent personal injuries including but not limited to paralysis, and

incurred medical expenses in excess of $2000.

**WHEREFORE**, PLAINTIFF **IAN J. BROWN** DEMANDS JUDGMENT AGAINST DEFENDANT **VERIZON NEW ENGLAND, INC**. IN THE SUM OF TWENTY-FIVE MILLION DOLLARS, PLUS INTEREST AND COSTS.

### COUNT II

11. Plaintiff James Brown is an individual residing at 223 Cotter Avenue, Neptune, New Jersey.

12. Plaintiff Barbara Brown is an individual residing at 223 Cotter Avenue, Neptune, New Jersey.

13. Plaintiffs James Brown and Barbara Brown reaffirm and reallege paragraphs 1 through 10 of Count I as if specifically affirmed and alleged herein.

14. James Brown and Barbara Brown are the natural father and natural mother, respectively, of Plaintiff Ian Brown.

15. As a direct and proximate result of the above-referenced negligence of Defendant Verizon and consequent serious and permanent injuries suffered by their son Plaintiff Ian Brown, Plaintiffs James Brown and Barbara Brown have suffered a loss of their son's consortium.

16. As a direct and proximate result of Defendant Verizon's negligence as aforesaid, Plaintiff Ian Brown has become financially and otherwise dependent upon his parents, Plaintiffs James and Barbara Brown.

**WHEREFORE**, PLAINTIFFS **JAMES BROWN** and **BARBARA BROWN** DEMAND JUDGMENT AGAINST DEFENDANT **VERIZON NEW ENGLAND, INC**. IN THE SUM OF TEN MILLION DOLLARS, PLUS INTEREST AND COSTS.

### COUNT III

17. Defendant Boston Edison Company d/b/a NSTAR Electric ("NSTAR") is a Massachusetts corporation that conducts business in Massachusetts and is headquartered at 800 Boylston Street, Boston, Massachusetts.

18. Prior to January 4, 2002, Defendant NSTAR, or its predecessors in interest, caused a utility pole, which pole was numbered "37" or "16/37" ("the pole") to be placed on the side of Hartwell Road in Bedford, County of Middlesex, Massachusetts.

19. At all times relevant to the Complaint, the pole was owned by Defendant

NSTAR.

20. At all times relevant to the Complaint, the pole was controlled by Defendant NSTAR.

21. Defendant NSTAR was negligent, and its negligence included but was not limited to negligently placing or locating the pole in a position, and/or negligently allowing the pole to remain in a position, that:

   a. was unreasonably close to Hartwell Road;

   b. was located at the outside of a curve;

   c. was located between Hartwell Road and a guardrail ("the guardrail") that was directly behind the pole; and/or

   d. was otherwise located in such a manner as to be unreasonably dangerous to the motoring public, including Plaintiff.

22. At all times relevant to the Complaint, Defendant NSTAR knew or should have known that the location of the pole created an unreasonably dangerous condition for the motoring public on said Hartwell Road.

23. On or about January 4, 2002, Plaintiff, while traveling on said Hartwell Road, lost control of the motorcycle upon which he was riding, despite his exercise of due care.

24. As a consequence of losing control of the motorcycle, Plaintiff's body was caused to slide headfirst along the guardrail, which guardrail acted as a conduit channeling said Plaintiff toward the pole and causing said Plaintiff's head to slam with great force into the pole.

25. As a direct and proximate result of the negligence of Defendant NSTAR as aforesaid, Plaintiff Ian Brown was caused to suffer serious and permanent personal injuries including but not limited to paralysis, and incurred medical expenses in excess of $2000.

**WHEREFORE**, PLAINTIFF **IAN J. BROWN** DEMANDS JUDGMENT AGAINST DEFENDANT **BOSTON EDISON COMPANY d/b/a NSTAR ELECTRIC** IN THE SUM OF TWENTY-FIVE MILLION DOLLARS, PLUS INTEREST AND COSTS.

### COUNT IV

26. As a direct and proximate result of the above-referenced negligence of

Defendant NSTAR and consequent serious and permanent injuries suffered by their son Plaintiff Ian Brown, Plaintiffs James Brown and Barbara Brown have suffered a loss of their son's consortium.

27. As a direct and proximate result of Defendant NSTAR's negligence as aforesaid, Plaintiff Ian Brown has become financially and otherwise dependent upon his parents, Plaintiffs James and Barbara Brown.

**WHEREFORE**, PLAINTIFFS **JAMES BROWN** and **BARBARA BROWN** DEMAND JUDGMENT AGAINST DEFENDANT **BOSTON EDISON COMPANY d/b/a NSTAR ELECTRIC** IN THE SUM OF TEN MILLION DOLLRS, PLUS INTEREST AND COSTS.

## COUNT V

28. Plaintiff Ian J. Brown is an individual residing at 223 Cotter Avenue, Neptune, New Jersey.

29. Defendant United States of America, if it were a private person, would be liable to Plaintiffs in accordance with the laws of Massachusetts.

30. Pursuant to 28 U.S.C. §2675(a), the claim set forth herein against Defendant United States of America was presented to the Department of the Navy and the Department of the Air Force. On May 17, 2004, the Department of the Navy, on behalf of itself and the Department of the Air Force pursuant to 28 CFR §14.2, denied the claim.

31. At all times relevant to the Complaint, the Defendant United States of America administered an agency entitled the Department of the Navy, and an agency entitled the Department of the Air Force (together, "the agencies").

32. At all times relevant to the Complaint, Defendant United States of America, by and through one or both of the agencies, owned or controlled land ("the land") to the side of Hartwell Road in Bedford, Massachusetts upon which was located a utility pole numbered "37" or "16/37" ("the pole").

33. Prior to January 4, 2002, Defendant United States of America, by and through one or both of the agencies, placed, caused to be placed, or suffered the placement of, a guardrail ("the guardrail") on the land.

34. The guardrail was placed adjacent to the pole in such a location that the pole was between the guardrail and said Hartwell Road.

35. Defendant United States of America, by and through one or both of the agencies, was negligent, and its negligence included but was not limited to:

    a. negligently placing, causing to be placed, or suffering the placement of, the guardrail in a location adjacent to the pole and on the outside of the pole from the roadway;
    b. negligently failing to cause the guardrail to be removed or relocated from its location adjacent to the pole and on the opposite side of the pole from the roadway; and/or;
    c. negligently failing to cause the pole to be removed or relocated from its location adjacent to the guardrail and on the outside of the pole from the roadway.

36. At all times relevant to the Complaint, Defendant United States of America, by and through one or both of the agencies, knew or should have known that the location of the guardrail in relation to the pole created an unreasonably dangerous condition for the motoring public on said Hartwell Road.

37. On or about January 4, 2002, Plaintiff Ian Brown, while traveling on said Hartwell Road, lost control of the motorcycle upon which he was riding, despite his exercise of due care.

38. As a consequence of losing control of the motorcycle, Plaintiff Ian Brown's body was caused to slide headfirst along the guardrail, which guardrail acted as a conduit channeling said Plaintiff toward the pole and causing said Plaintiff's head to slam with great force into the pole.

39. As a direct and proximate result of the negligence as aforesaid of Defendant United States of America, by and through one or both of the agencies, Plaintiff Ian Brown was caused to suffer serious and permanent personal injuries, including but not limited to paralysis, and incurred medical expenses in excess of $2000.

**WHEREFORE**, PLAINTIFF **IAN J. BROWN** DEMANDS JUDGMENT AGAINST DEFENDANT **UNITED STATES OF AMERICA** IN THE SUM OF TWENTY-FIVE MILLION DOLLARS, PLUS COSTS.

### COUNT VI

40. Plaintiff James Brown is an individual residing at 223 Cotter Avenue, Neptune, New Jersey.

41. Plaintiff Barbara Brown is an individual residing at 223 Cotter Avenue,

Neptune, New Jersey.

42. Plaintiffs James Brown and Barbara Brown reaffirm and reallege paragraphs 28 through 39 of Count V as if specifically affirmed and alleged herein.

43. James Brown and Barbara Brown are the natural father and natural mother, respectively, of Plaintiff Ian Brown.

44. As a direct and proximate result of the above-referenced negligence of Defendant United States of America, by and through one or both of the agencies, and consequent serious and permanent injuries suffered by their son Plaintiff Ian Brown, Plaintiffs James Brown and Barbara Brown have suffered a loss of their son's consortium.

45. As a direct and proximate result of the negligence as aforesaid of Defendant United States of America, by and through one or both of the agencies, Plaintiff Ian Brown has become financially and otherwise dependent upon his parents, Plaintiffs James and Barbara Brown.

**WHEREFORE**, PLAINTIFFS **JAMES BROWN** and **BARBARA BROWN** DEMAND JUDGMENT AGAINST DEFENDANT **UNITED STATES OF AMERICA** IN THE SUM OF TEN MILLION DOLLARS, PLUS COSTS.

**PLAINTIFFS DEMAND TRIAL BY JURY ON COUNTS I THROUGH IV**

Respectfully submitted,
The Plaintiffs,
By their attorney,

Scott E. Charnas, Esq. BBO# 081240
MANHEIMER & CHARNAS, LLP
210 Commercial Street
Boston, MA 02109
617-557-4700

Dated: September 2, 2004

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

IAN J. BROWN, JAMES BROWN and BARBARA BROWN

## DEFENDANTS

UNITED STATES OF AMERICA, VERIZON NEW ENGLAND, INC. and BOSTON EDISON COMPANY d/b/a NSTAR ELECTRIC

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Borough
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

04-11924 RGS

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Scott E. Charnas
Manheimer & Charnas, LLP
210 Commercial St., Boston, MA 02109
617-557-4700

ATTORNEYS (IF KNOWN)

See attachment

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC Sec. 2672. Negligent creation or sufferance of condition on US government property, with utility pole placed between guardrail and adjacent roadway, creating hazard to motorists. Non-government defendants liable on same theory; diversity jurisdiction for them. 28 USC Sec. 1332.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 35 million

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE ____   DOCKET NUMBER ____

DATE 9/2/04

SIGNATURE OF ATTORNEY OF RECORD  /s/ Scott E. Charnas

**FOR OFFICE USE ONLY**

RECEIPT #____   AMOUNT____   APPLYING IFP____   JUDGE____   MAG. JUDGE____

ATTACHMENT

DEFENDANTS ATTORNEYS:

**UNITED STATES OF AMERICA**
Kyle Guess
ATTN: Claims Dept., FTCA
Naval Legal Services Office-Mid-Atlantic
9620 Maryland Avenue, Suite 100
Norfolk, VA 23511
(757) 444-4963

**VERIZON NEW ENGLAND, INC.**
William Worth, Esq.
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA 02109
617-456-8000

**BOSTON EDISON COMPANY d/b/a NSTAR ELECTRIC**
Michael K. Callahan, Esquire
NSTAR Electric Gas
800 Boylston Street, 17th Floor
Boston, MA 02199
617-424-2102

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **IAN J. BROWN v. UNITED STATES OF AMERICA**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **04-11924 RGS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   Not applicable

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [X]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Scott E. Charnas
ADDRESS  Manheimer & Charnas, LLP, 210 Commercial St., Boston, MA 02109
TELEPHONE NO.  617-557-4700

(Coversheetlocal.wpd - 10/17/02)