```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
_____
                              )
IAN J. BROWN, JAMES BROWN,    )
and BARBARA BROWN,            )
                              )
     Plaintiffs,              )
                              )    C.A. No. 04cv11924-RGS
v.                            )
                              )
UNITED STATES OF AMERICA,     )
VERIZON NEW ENGLAND, INC.,    )
and BOSTON EDISON COMPANY     )
d/b/a/ NSTAR ELECTRIC,        )
                              )
     Defendants.              )
_____)
```

**UNITED STATES OF AMERICA'S MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

The United States of America hereby submits this Memorandum in Support of its Motion to Dismiss the Plaintiffs' Complaint. It has moved, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss based on lack of subject matter jurisdiction.

**INTRODUCTION**

United States Air Force First Lieutenant (Retired) Ian Brown ("Lt. Brown"), his father, James Brown ("Mr. Brown"), and his mother, Barbara Brown ("Mrs. Brown," and collectively the "Plaintiffs") have brought an action against the United States of America, Verizon New England, Inc., and the Boston Edison Company d/b/a NSTAR Electric for negligence. The Plaintiffs' claims arise out of Lt. Brown's single-vehicle motorcycle accident in Bedford, Massachusetts on January 4, 2004, which resulted in Lt. Brown suffering terrible injuries. The so-called Feres doctrine,

however, bars the Plaintiffs' claims against the Government because Lt. Brown's injuries were incident to his service to the United States Air Force ("USAF"). Accordingly, the Court should dismiss the Complaint against the United States of America for lack of jurisdiction.

## FACTS

First Lieutenant Brown served in the USAF. Lt. Brown worked in the Global Combat Support System (Air Force) System Program Office located at the Hanscom Air Force Base ("Hanscom AFB") in Bedford, Massachusetts. See Affidavit of Major Brian Carl Peters, USAF, ("Major Peters Aff.") at ¶5, filed simultaneously herewith.[1] On January 4, 2002, Lt. Brown was on active duty and was working his duty day. Id. At approximately mid-day, Lt. Brown, wearing his uniform, left the office in order to have lunch at his government residence. Id. at ¶6. Lt. Brown often went to his residence for meals. Id. at ¶7. Lt. Brown's government housing was located just off Hartwell Road and is only a short distance from the Hanscom AFB, which is also on Hartwell Road. Id.

---

[1] The attachment of an affidavit and other exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 motion. See Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002). Indeed, in considering a Rule 12(b)(1) motion, "[t]he court . . . may consider extrinsic materials, and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." Dynamic Image Technologies, Inc. v. United States, 221 F.3d 34, 37-38 (1st Cir. 2000).

On January 4, 2002, at approximately 1419 hours, Lt. Brown lost control of the motorcycle which he was riding while traveling on Hartwell Road on his way back to his office at Hanscom AFB. Complaint at ¶8; Id. at ¶8. At the time of his accident on January 4, 2002, Lt. Brown was not on leave or in a liberty status. Id. at ¶9. Indeed, his superior officer did not grant Lt. Brown a leave nor had given him the rest of the day off. Id. At the time of his accident, Lt. Brown was working his duty day. Id. at ¶10. At the time of his accident, Lt. Brown was wearing his uniform and was traveling back to the office after taking a break. Id. Lt. Brown was subject to military control at the time of his accident. Id. at ¶11. Active duty members of the United States Air Force are subject to military discipline 24 hours per day. Id. at ¶12.

Lt. Brown submitted claims with the USAF and the Department of the United States Navy seeking monetary recovery for his injuries. Complaint at ¶30. The Navy, on behalf of itself and the USAF, denied Lt. Brown's claim on May 17, 2004. Complaint at ¶30. The USAF, however, has provided Lt. Brown with significant benefits, including medical treatment, disability retirement and benefits for his injuries because they occurred while Lt. Brown was performing his military duties. Id. at ¶13.

**ARGUMENT**

The standard the court must apply when deciding a motion to dismiss is well-established.  The court must accept the allegations of the complaint as true, viewing the alleged facts in the light most favorable to the plaintiff.  Hughes v. Rowe, 449 U.S. 5, 10 (1980) (per curiam).  When deciding on a Rule 12(b)(1) motion, the court may also consider extrinsic materials to determine whether it as jurisdiction over the claims.  Dynamic Image Technologies, Inc. v. United States, 221 F.3d 34, 37-38 (1st Cir. 2000).  The court may dismiss the complaint if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957);  Harper v. Cserr, 544 F.2d 1121, 1122 (1st Cir. 1976).

**I.   THIS COURT HAS NO JURISDICTION OVER PLAINTIFFS' CLAIMS AGAINST THE GOVERNMENT**

The Feres doctrine bars the Plaintiffs' claims against the Government because Lt. Brown's injuries were incident to his service to the USAF.[2]  The doctrine, set forth in Feres v. United

---

[2] Although, this memorandum focuses primarily on Lt. Brown's claims against the Government, if the court determines that Feres bars his claims, it must also dismiss Mr. and Mrs. Brown's claims for loss of consortium which are derivative of Lt. Brown's service-related injury.  See De Font v. United States, 453 F.2d 1239, 1240 (1st Cir.), cert. denied, 407 U.S. 910 (1972); Comtois v. Figelski, CA No. 85-4226-C, 1986 U.S. Dist. LEXIS 25234, at *4 (D. Mass. May 21, 1986); see also Persons v. United States, 925 F.2d 292, 297 (9th Cir. 1991); Kendrick v. United States, 877 F.2d 1201, 1206-1207 (4th Cir. 1989), cert. denied, 493 U.S. 1065

4

States, 340 U.S. 135, 146 (1950), bars suits against the Government brought by members of the military for injuries that arose out of activities incident to military service. Conversely, if a service member's injury is not incident to service, his claim is not Feres barred. See generally Brooks v. United States, 337 U.S. 49 (1949).

The Supreme Court, however, has never fully defined the term "incident to military service." Therefore, courts have developed guidelines for determining whether an injury was incident to service. Indeed, this court has examined circumstances of a service member's injury under the Fifth Circuit's three-part analysis to determine whether the injury was incident to service. See Day v. Mass. Air Nat'l Guard, 994 F. Supp. 72, 77 (D. Mass. 1998), aff'd, 167 F.3d 678 (1st Cir. 1999). Specifically, this court has considered: (1) what the service member's duty status was at the time of the injury, (2) where the service member's injury occurred, and (3) the activity the service member was performing at the time of the injury. Id.

Generally, the Feres doctrine applies if the service member's injury occurs "(1) on a military base, or (2) while the serviceman is on active duty status, or (3) under compulsion of

---

(1990); Gaspard v. United States, 713 F.2d 1097, 1102 (5th Cir. 1983), cert. denied, 466 U.S. 975 (1984); Lombard v. United States, 690 F.2d 215, 226 (D.C. Cir. 1982), cert. denied, 462 U.S. 1118 (1983).

5

military orders or on a military mission or directly subject to military control, <u>or</u> (4) the activity is a privilege related to or dependent upon military status." <u>Miller v. United States</u>, 643 F.2d 481, 483 (8th Cir. 1980) (emphasis added; footnotes omitted); <u>see also</u> <u>Morey v. United States</u>, 903 F.2d 880, 881-882 (1st Cir. 1990) (holding sailor falling off pier on return to ship following non-military activity <u>Feres</u> barred); <u>Rodrique v. United States</u>, 788 F. Supp. 49, 52-53 (D. Mass. 1991), <u>aff'd</u>, 968 F.2d 1430, (1st Cir. 1992) (ruling <u>Feres</u> barred wrongful death claim filed on behalf of active-duty service member who drowned while on leave performing non-military activities). Under the converse doctrine found in <u>Brooks</u>, the <u>Feres</u> doctrine does not apply if the injury "occurs while the serviceman is (1) off the military base, <u>and</u> (2) on leave or furlough, <u>and</u> (3) not under the compulsion of military orders or on a military mission or directly subject to military control, <u>and</u> (4) the activity is not a privilege dependent upon military status. <u>Miller</u>, 643 F.2d at 483-484 (citing <u>Brooks</u>, 337 U.S. 49) (emphasis added; footnotes omitted).

"The use of the conjunctions 'and' and 'or' in the two tests is pertinent. Under the <u>Feres</u> rule, any one factor has been sufficient to bar the claim[,] but under the <u>Brooks</u> rule, it has generally been necessary to find that all the factors are present before a serviceman can proceed with his claim." <u>Miller</u>, 643

F.2d at 484. An analysis of the facts in the case at bar under this framework reveals that <u>Feres</u> bars the Plaintiffs' claims against the United States.

    **A.   Plaintiffs' claims are barred because Lt. Brown was on active duty in a non-leave status at the time of his accident.**

<u>Feres</u> is a bar for injuries to active duty service members. See <u>Morey</u>, 903 F.2d at 881-882; <u>Rodrique</u>, 788 F. Supp. at 52-53; <u>see also</u> <u>Shaw v. United States</u>, 854 F.2d 360, 363 (10th Cir. 1988) (driving onto military post in order to report for duty was incident to service); <u>Kohn v. United States</u>, 680 F.2d 922, 925 (2nd Cir. 1982)(an injury to a service member on base or off base but while the service member is engaged in a military duty is incident to service); <u>Mason v. United States</u>, 568 F.2d 1135, 1136 (5th Cir. 1978) (active duty service member's on-base injuries incident to service despite fact that he had been relieved from his routine duties); <u>Beaucoudray v. United States</u>, 490 F.2d 86 (5th Cir. 1974) (one who is on active duty and on duty for the day is acting "incident to service"); <u>Chambers v. United States</u>, 357 F.2d 224 (8th Cir. 1966)(barring claim under <u>Feres</u> because of claimant's active duty status and presence on base, even though engaged in off-duty recreation).

Lt. Brown was on active duty at the time of his motorcycle accident. Just prior to the accident, he went to his military housing for a lunch break. He was traveling the short distance

from his military housing to his duty station at Hanscom AFB when his accident occurred.  The totality of the circumstances lead to the conclusion that Lt. Brown "would not, except in the event of the rarest coincidence, have been in the same place at the same time with the same purpose, had it not been incident to his active status in the military."  Shaw, 854 F.2d at 363.  Accordingly, because of Lt. Brown's active-duty status at the time of his accident, the Court should dismiss the Plaintiffs' claims against the United States.

### B. The Nature of the activity Lt. Brown was performing at the time of his accident compels a finding that his injury was "incident to service."

A significant factor considered by courts is the activity the service member was engaged in at the time of the injury.  The activity does not have to be an official military exercise or drill, nor does the service member have to be under the compulsion of military orders; in fact, the activity can be purely recreational.  See Rodrique, 788 F. Supp. at 52-53.  What matters in the court's examination of the circumstances of the injury is whether the activity is related to the plaintiff's membership in the military.  See  Millang v. United States, 817 F.2d 533, 535 (9th Cir. 1987), cert. denied, 485 U.S. 987 (1988)(off-duty military policeman's suit for injuries sustained while pushing a child away from an on-duty military police officer's oncoming vehicle at an on-base picnic site Feres

barred); Miller, 643 F.2d at 483 (service member injured while off duty working for government contractor on base was Feres barred because he was not on leave, subject to immediate recall, and working on base).

Courts generally consider a service member's act of returning to his duty station for work an activity incident to military service. See, e.g. Lauer v. United States, 968 F.2d 1428, 1430 (1st Cir.), cert. denied, 506 U.S. 1033 (1992) (returning to one's post is an activity incident to military service despite fact that service member is returning from non-military activities); Morey, 903 F.2d at 881-882 (sailor falling off pier on return to ship following non-military activity Feres barred).  At the time of his accident, Lt. Brown was returning to his duty station at Hanscom AFB from a scheduled lunch break during his duty day.  Accordingly, because Lt. Brown was engaged in activity incident to his service with the USAF at the time of his accident, the Court should dismiss the Plaintiffs' claims against the United States.

### C. The location of the accident is not dispositive on whether Lt. Brown's injury was "incident to service."

Situs of the accident involving the service member is an important consideration but it is not dispositive. See Rodrique, 788 F. Supp. at 53; see also United States v. Johnson, 481 U.S. 681, 689 (1987) ("[w]here a service member is injured . . . because of his military relationship with the Government – it

makes no sense to permit the fortuity of the situs of the alleged negligence to affect the liability of [the] Government to the serviceman"); United States v. Shearer, 473 U.S. 52, 57-59 (1985) (Feres doctrine bars suit against government for off-base, off-duty murder of one service member by another); Stanley v. Central Intelligence Agency, 639 F.2d 1146, 1151 (5th Cir. 1981) (situs of injury "alone is not dispositive," courts "must consider the totality of the circumstances surrounding the injury"). Therefore, although Lt. Brown's accident did not occur on Hanscom AFB but rather only a short distance from the entrance to the base, Lt. Brown was engaged in activity incident to his service with the USAF at the time of his accident. As such, Feres bars the Plaintiffs' claims against the Government.

> **D. Plaintiffs' claims are barred because Lt. Brown was subject to military discipline and control at the time of his accident.**

Courts have also considered the extent the service member was subject to military discipline or control at the time of the injury. If at the time of the injury, the service member was subject to orders or discipline, courts consider the injury to have occurred during an activity incident to military service. See Stewart v. United States, 90 F.3d 102, 104 (4th Cir. 1996), citing Mason, 568 F.2d at 1136 (barring service member's claims because, "[w]hile on active duty and on the base, [service member] was still subject to all military regulations and

10

discipline and was readily available for emergency service or temporary duties"); Day, 994 F. Supp. at 79.  As stated above, at the time of his accident, Lt. Brown was not on leave or in a liberty status.  Indeed, he was on active duty in the midst of his duty day.  At the time of his accident, Lt. Brown was wearing his uniform and was traveling back to the office after taking a lunch break.  He was subject to military control at the time of his accident.  In fact, all active duty members of the USAF are subject to military discipline 24 hours per day.  The fact that Lt. Brown was subject to military control at the time of his accident strongly supports a finding that he was engaged in activity incident to his service with the USAF at the time of his accident.

## CONCLUSION

Accordingly, for the reasons articulated above, the claims the United States should be dismissed.

                      Respectfully submitted,

                      MICHAEL J. SULLIVAN
                      United States Attorney

            By:   /s/ Damian W. Wilmot
                 DAMIAN W. WILMOT
                 Assistant U.S. Attorney
                 Moakley Federal Courthouse
                 One Courthouse Way, Suite 9200
                 Boston, MA 02210
                 (617) 748-3100

Dated: January 3, 2005

## **CERTIFICATION UNDER L.R. 7.1**

I certify that in accordance with Local Rule 7.1, on December 17, 2004, I have conferred with Plaintiff's counsel and have attempted in good faith to resolve the issues addressed in this Motion.

                                    /s/ Damian W. Wilmot  
                                    DAMIAN W. WILMOT  
                                    Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

Suffolk, ss.                            Boston, Massachusetts  
                                          January 3, 2005

I certify that on January 3, 2005, I caused a copy of the foregoing Motion to be served on Plaintiff's Attorney, Scott E. Charnas, Manheiner & Charnas, LLP, 210 Commercial Street, Boston, MA 02109, by first class mail, postage pre-paid.

                                    /s/ Damian W. Wilmot  
                                    DAMIAN W. WILMOT  
                                    Assistant U.S. Attorney