```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
IAN J. BROWN, JAMES BROWN,    )
and BARBARA BROWN,            )
                              )
     Plaintiffs,              )
                              )    C.A. No. 04cv11924-RGS
v.                            )
                              )
UNITED STATES OF AMERICA,     )
VERIZON NEW ENGLAND, INC.,    )
and BOSTON EDISON COMPANY     )
d/b/a/ NSTAR ELECTRIC,        )
                              )
     Defendants.              )
_____)
```

**UNITED STATES OF AMERICA'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

The United States of America moved to dismiss Plaintiffs' claims, which arise out of Plaintiff Lt. Ian Brown's ("Lt. Brown") single-vehicle motorcycle accident in Bedford, Massachusetts on January 4, 2004, for lack of subject matter jurisdiction. This Court lacks jurisdiction over Plaintiff's claims against the government because such claims are barred by the so-called <u>Feres</u> doctrine. Plaintiffs' opposes the application of the <u>Feres</u> doctrine to their claims on the grounds that Lt. Brown's accident and resulting injuries were not "incident" to military service. Plaintiffs reach this conclusion by placing heavy emphasis on where the injury occurred and on various irrelevant facts.

Plaintiffs, however, fail to adequately address the fact that Lt. Brown was on active-duty at the time of his injury. As

such, Plaintiffs' reliance on Pierce v. United States, 813 F.2d 349 (11th Cir. 1987) and Mills v. Tucker, 499 F.2d 866 (9th Cir. 1974), which both involved claims brought by military personnel on leave or furlough, is misplaced and should not compel this Court to find the Feres doctrine inapplicable to Plaintiffs' claims. Moreover, Plaintiffs' suggestion that the government relied heavily on cases allegedly "factually inapposite" to this matter is misleading. In fact, every case cited by the United States in its Motion to Dismiss considered the Feres doctrine as applied to an active-duty service member. In contrast, every case cited by Plaintiffs in their Opposition involved a service member on formal leave or furlough, and thus can not support a conclusion that Plaintiffs' claims are not barred under the Feres doctrine. Finally, Plaintiffs' insistence that their claim should proceed because it does not involve "military discipline or military decision making" is misguided because such an inquiry is only relevant when a government actor is the tortfeasor. Accordingly, for the reasons set forth in detail in the Motion to Dismiss and for the additional reasons below, the Court should dismiss the Complaint against the United States of America.

**ARGUMENT**

**I.  THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' CLAIMS AGAINST THE UNITED STATES OF AMERICA.**

In response to the United States of America's argument that the Feres doctrine bars the Plaintiffs' claims against the government because Lt. Brown's injuries were incident to his service to the United States Air Force ("USAF"), Plaintiffs argue that Lt. Brown's accident occurred "off base" and thus their claim should proceed under Brooks v. United States, 337 U.S. 49 (1949). However, as set forth in the Motion to Dismiss, to prevail under the Brooks doctrine, "it has generally been necessary to find that all the factors are present before a serviceman can proceed with his claim."[1] Miller v. United States, 643 F.2d 481, 484 (8th Cir. 1980). Crucial to the

---

[1] As discussed in detail in the government's Motion to Dismiss, the Brooks doctrine applies if the serviceman's injury "occurs while the serviceman is (1) off the military base, and (2) on leave or furlough, and (3) not under the compulsion of military orders or on a military mission or directly subject to military control, and (4) the activity is not a privilege dependent upon military status." Miller v. United States, 643 F.2d 481, 483-484 (8th Cir. 1980)(citing Brooks, 337 U.S. 49) (emphasis added; footnotes omitted). "[U]nder the Brooks rule, it has generally been necessary to find that all the factors are present before a serviceman can proceed with his claim." Miller, 643 F.2d at 484.

The Feres doctrine applies if the service member's injury occurs "(1) on a military base, or (2) while the serviceman is on active duty status, or (3) under compulsion of military orders or on a military mission or directly subject to military control, or (4) the activity is a privilege related to or dependent upon military status." Id. at 483 (emphasis added; footnotes omitted).

determination of whether to apply Feres or Brooks is the military status of a plaintiff as the time of injury.  In particular, a service member's claim against the government may only proceed under Brooks if he was "on leave or furlough" at the time of injury.  See generally Miller, 643 F.2d at 483-484 (citing Brooks, 337 U.S. 49).

As stated in the Motion to Dismiss, Lt. Brown was on active-duty at the time of his motorcycle accident.  Lt. Brown's superior officer did not grant Lt. Brown a leave nor had given him the rest of the day off.  See Affidavit of Major Brian Carl Peters, USAF, ("Major Peters Aff.") at ¶ 9.  Plaintiffs argue that under Pierce v. United States, 813 F.2d 349, 353 (11th Cir. 1987), a "military pass to leave the base for a short period of time is 'much akin to being on furlough,'" and thus reason that Lt. Brown was not on active duty at the time of his accident.  This reasoning fails to address, however, that Major Peters did not give Lt. Brown a "pass" that relieved him of his military duties for any period of time on the day of his accident.  See Major Peters Aff. at ¶ 9.

Pierce, unlike Lt. Brown, received "discretionary time off privilege granted by [his] supervising officer."  Id.  In fact, the Pierce court notes that Pierce "received more than that a 'mere release from the day's duties.'"  Id. (quoting Parker v. United States, 611 F.2d 1007, 1014 (5th cir. 1980)).  Peirce's

4

"pass" gave him permission to leave his military base and go to a neighboring city for the afternoon to "take care of some personal business." Id. at 350.  In contrast, Lt. Brown was not relieved of his military duties so that he could conduct personal business.  Indeed, Lt. Brown would have been subject to discipline had he, like Pierce, left the base for an entire afternoon on personal business.  Rather, at the time of his accident, Lt. Brown merely was traveling the short distance back to Hanscom Air Force Base, from his government housing after a short lunch break in the middle of working his duty day.  See Major Peters Aff. at ¶¶6, 7.

   Plaintiffs contend that, under Pierce, Lt. Brown's injury was not incident to his service because it occurred off base while Lt. Brown was traveling back to base on a public road at the time of the accident.  Page 10 of the Plaintiffs' Opposition notes that the Pierce court explained that "the situs of the injury is an important factor in determining whether the activity is 'incident to service.'" Pierce, 813 F.2d at 353 (citing Parker, 611 F.2d at 1014).  Plaintiffs fail to provide the Court with the first part of this sentence, however, which states that "subject matter jurisdiction of actions under the [FTCA] has never turned on whether the alleged harm occurred on or off the military reservation." Id. (emphasis added).  In fact, the Pierce court did not even address the situs issue until after it

concluded that Peirce, whose supervising officer relieved him of his military duties for the afternoon, was not on active-duty at the time of his injury.

Plaintiffs further argue that under Pierce, "when soldiers are returning to base, but have not yet reached the premises when the collision occurs, [FTCA] actions are permitted." Id. at 353. The Pierce court relied on Parker v. United States, 611 F.2d 1007, 1014 (5th Cir. 1980), for this proposition. The Parker court reached this conclusion, however, only after noting that Parker was on a four day furlough at the time of his accident. Parker, 611 F.2d at 1013. Moreover, Parker was leaving his military base and traveling to his privately owned home at the time of his injury. In contrast, though Lt. Brown's accident occurred on a public highway, he, while on active duty, merely was traveling a short distance from one government owned property to another.

Plaintiffs' reliance on Mills v. Tucker, 499 F.2d 866 (9th Cir. 1974), is equally misguided and should not compel this Court to find that Lt. Brown was acting "incident to military service" at the time of his injury. Plaintiffs' urge this Court to give significant weight to Mills because purportedly it is a "factually analogous" case. Mills, however, is not factually analogous because unlike Lt. Brown, Mills, like Pierce and Parker, was on furlough at the time of his injury. Moreover, as

6

with Pierce, Mills was traveling back to base after engaging in a civilian activity while at a civilian location at the time of his injury. The Mills court notes, "Mills was on furlough on the day of the accident; he was returning from a civilian job . . . to his Navy-owned quarters." Mills, 499 F.2d at 867. Accordingly, Mills is inapplicable to the instant case.

Plaintiffs allege on page 13 of their Opposition that "every case cited by the United States in support of its motion to dismiss is factually inapposite to this matter," and thus can not be relied upon by this Court to conclude Plaintiffs' claims are barred under Ferres. This argument is disingenuous because it suggests that this Court should only give weight to cases that involve factual scenarios identical to the circumstances of Lt. Brown's injury. Such cases, of course, would be hard, if not impossible, to find. Nevertheless, unlike the cases cited in Plaintiffs' Opposition, the cases relied upon by the United States all involved injuries suffered, like Lt. Brown, by active-duty service members.

Finally, Plaintiffs suggest that their claims are not barred under Ferres because their "claim [sic] against the United States does not involve military discipline or military decision making." Opposition, p. 2. Plaintiffs rely on United States v. Shearer, 473 U.S. 52, 58 (1985), for this axiom. It is true that the Supreme Court in Shearer held that a service member cannot

7

sue on an allegation that challenges "the 'management' of the military; [or] calls into question basic choices about the discipline, supervision, and control of [another] serviceman." The Court further noted, however, that "[i]n enacting the [FTCA], Congress' focus was on the extent of the Government's liability of its *employees*." Shearer, 473 U.S. at 56-57 (emphasis in original). Thus, courts have applied a Shearer inquiry only to cases where at issue is the military's dealing with an alleged tortfeasor, (rather than the status of an injured service member, which is the key issue in the main body of Feres law). Stated another way, Shearer and its progeny bar suit for injuries to a service member where that suit would challenge the military's management of another service member.

Even if Shearer did apply to Plaintiffs' claims against the government, Plaintiffs' argument fails because the Court would be forced to consider issues of military policy and decision making in considering those claims. In particular, the Court would be forced to consider, among other issues, the soundness of (i) the military decision to place military barracks off of the military base, (ii) the military decision to allow active-duty service members to operate privately own vehicles while on duty, and (iii) the military decision to allow active-duty service members to consume meals off base while on duty. Furthermore, if the Court determined, as Plaintiffs allege, that the United States

owns or controls the utility pole at issue in this case – which the government disputes – the Court would be called upon to determine the soundness of the military decision to place the pole or not to remove the pole from where it stands.

## **CONCLUSION**

Based on the foregoing, the United States respectfully requests that the Court allow its Motion to Dismiss and dismiss Plaintiffs' claims against the United States in their entirety.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

                        By:   /s/ Damian W. Wilmot
                                DAMIAN W. WILMOT
                                Assistant U.S. Attorney
                                Moakley Federal Courthouse
                                One Courthouse Way, Suite 9200
                                Boston, MA 02210
                                (617) 748-3100

Dated: January 28, 2005