UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-11924-RGS

| | |
|---|---|
| IAN J. BROWN, JAMES BROWN and BARBARA BROWN,<br>                    Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>VERIZON NEW ENGLAND, INC. and<br>BOSTON EDISON COMPANY d/b/a NSTAR Electric,<br>                    Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ANSWER, JURY DEMAND and CROSS-CLAIM OF DEFENDANT
BOSTON EDISON COMPANY**

First Defense

The Defendant Boston Edison Company ("the Defendant" or "Boston Edison") responds to the Complaint of the Plaintiffs in corresponding numbered paragraphs as follows:

**Jurisdiction**

Boston Edison is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the jurisdictional statement that the amount of controversy is in excess of Seventy-Five Thousand ($75,000) Dollars and that diversity of citizenship exists between all plaintiffs and both Boston Edison and Verizon New England, Inc. Further, the statement of jurisdiction is a conclusion of law to which no response is required.

1

### Venue

Boston Edison admits that this district is the proper venue as to the claims asserted against Boston Edison.

### Count I
### (Against Verizon)

1. The allegations contained in paragraph 1 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required. To the extent a responsive pleading is required, Boston Edison is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. The allegations contained in paragraph 2 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

3. The allegations contained in paragraph 3 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

4. The allegations contained in paragraph 4 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

5. The allegations contained in paragraph 5 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

6. The allegations contained in paragraph 6 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

7. The allegations contained in paragraph 7 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

8. The allegations contained in paragraph 8 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

9. The allegations contained in paragraph 9 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

10. The allegations contained in paragraph 10 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

### Count II
### (Against Verizon)

11. The allegations contained in paragraph 11 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required. To the extent a responsive pleading is required, Boston Edison is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint.

12. The allegations contained in paragraph 12 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required. To the extent a responsive pleading is required, Boston Edison is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Boston Edison repeats and re-alleges its responses to paragraphs 1 through 12 and incorporates them herein by reference.

14. The allegations contained in paragraph 14 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required. To the extent a

responsive pleading is required, Boston Edison is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. The allegations contained in paragraph 15 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

16. The allegations contained in paragraph 16 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

## Count III
### (Against Boston Edison Company)

17. Boston Edison admits the allegations contained in paragraph 17 of the Complaint.

18. Boston Edison admits that it installed the utility pole identified as Pole 16/37 off the traveled way of Hartwell Road, Bedford, Massachusetts.

19. Boston Edison states that the pole identified as Pole 16/37 is jointly owned by Boston Edison and defendant Verizon.

20. Boston Edison states that the allegations contained in paragraph 20 state a legal conclusion as to which no responsive pleading is required. To the extent a responsive pleading is required, Boston Edison is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Boston Edison denies the allegations contained in paragraph 21 of the Complaint.

22. Boston Edison denies the allegations contained in paragraph 22 of the Complaint.

23. Boston Edison states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore denies same.

24. Boston Edison states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore denies same.

25. Boston Edison denies the allegations contained in paragraph 25 of the Complaint.

## Count IV
### (Against Boston Edison Company)

26. Boston Edison denies the allegations contained in paragraph 26 of the Complaint.

27. Boston Edison denies the allegations contained in paragraph 27 of the Complaint.

## Count V
### (Against United States of America)

28. The allegations contained in paragraph 28 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

29. The allegations contained in paragraph 29 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

30. The allegations contained in paragraph 30 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

31. The allegations contained in paragraph 31 of the Complaint are directed at a defendant

other than Boston Edison and no responsive pleading is required.

32. The allegations contained in paragraph 32 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

33. The allegations contained in paragraph 33 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

34. The allegations contained in paragraph 34 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

35. The allegations contained in paragraph 35 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

36. The allegations contained in paragraph 36 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

37. The allegations contained in paragraph 37 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

38. The allegations contained in paragraph 38 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

39. The allegations contained in paragraph 39 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

### Count VI
### (Against United States of America)

40. The allegations contained in paragraph 40 of the Complaint are directed at a defendant

other than Boston Edison and no responsive pleading is required.

41. The allegations contained in paragraph 41 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

42. The allegations contained in paragraph 42 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

43. The allegations contained in paragraph 43 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

44. The allegations contained in paragraph 44 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

45. The allegations contained in paragraph 45 of the Complaint are directed at a defendant other than Boston Edison and no responsive pleading is required.

And further answering:

## Second Defense

Counts III and IV of the Complaint fail to state causes of action on behalf of the plaintiffs upon which relief may be granted against Boston Edison.

## Third Defense

The defendant Boston Edison states that the Plaintiffs' claims are barred by the applicable statute of repose and the applicable statute of limitations.

### Fourth Defense

The defendant Boston Edison states that the plaintiff Ian Brown was negligent, which negligence was greater than any negligence of the defendant Boston Edison and, therefore, the plaintiffs are not entitled to recover.

### Fifth Defense

If the negligence of the plaintiff Ian Brown was less than any negligence of the defendant Boston Edison, then any recovery by the plaintiffs shall be reduced by the degree of said negligence of plaintiff.

### Sixth Defense

The defendant Boston Edison states that any injuries to the plaintiffs and damages allegedly sustained were not caused by a person or persons for whose conduct the defendant Boston Edison was legally responsible.

### Seventh Defense

The defendant Boston Edison states that if the plaintiffs sustained damages as alleged in the Complaint, they were caused by independent and intervening cause or causes over which the defendant Boston Edison had no control or in any way participated.

### Eighth Defense

The defendant Boston Edison states that if the plaintiffs sustained damages as alleged in the Complaint, they were caused by the acts of a third person or persons, which acts the defendant Boston Edison had no reason to anticipate and over which it had no control.

WHEREFORE, the Defendant Boston Edison Company respectfully requests that this Court:
(i)   dismiss Plaintiffs' Complaint in its entirety;
(ii)  award defendant Boston Edison its costs and expenses occurred in defending this action,

including reasonable attorney fees; and

(iii)  grant such other additional or alternative relief as the Court deems mete and just.

## BOSTON EDISON COMPANY'S CROSS-CLAIMS AGAINST VERIZON NEW ENGLAND, INC AND THE UNITED STATES OF AMERICA

1. Boston Edison is a duly organized corporation with a usual place of business at 800 Boylston Street, Boston, Massachusetts, Suffolk County.

2. The defendant in cross-claim, Verizon New England, Inc., is a duly organized corporation with a usual place of business at 185 Franklin Street, Boston, Suffolk County, Massachusetts.

3. The defendant in cross-claim, The United States of America, upon information and belief, administered agencies entitled the "Department of the Navy" and the Department of the Air Force".

4. Plaintiffs have alleged that they have suffered damages as a result of a motor vehicle accident that occurred on or about January 4, 2002 near Hartwell Road in Bedford, Middlesex County, Massachusetts.

5. Plaintiffs have alleged that Verizon, Boston Edison and the United States of America negligently caused their injuries.

### Count I
### (Contribution Against Verizon)

6. Boston Edison repeats and incorporates by reference the allegations contained in paragraphs 1 through 5 above.

7. The Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367.

8. Boston Edison denies that it acted wrongly in any manner or that it caused plaintiffs' injuries. However, if Boston Edison is deemed or adjudged liable to the plaintiffs in this action, then Verizon is jointly liable and Boston Edison is entitled to contribution from Verizon.

Wherefore, Boston Edison demands judgment against Verizon for a pro rata share of any sum that may be adjudged against Boston Edison in favor of the plaintiffs together with costs, interet and attorney's fees.

## Count II

### (Contribution Against The United States of America)

9. Boston Edison repeats and incorporates by reference the allegations contained in paragraphs 1 through 5 above.

10. The Court has jurisdiction over this claim pursuant to 28 U.S.C. §1346(b)(1) and 28 U.S.C. §1367.

11. Boston Edison denies that it acted wrongly in any manner or that it caused plaintiffs' injuries. However, if Boston Edison is deemed or adjudged liable to the plaintiffs in this action, then The United States of America is jointly liable and Boston Edison is entitled to contribution from The United States of America.

Wherefore, Boston Edison demands judgment against The United States of America for a pro rata share of any sum that may be adjudged against Boston Edison in favor of the plaintiffs together with costs, interest and attorney's fees.

## Jury Claim

Boston Edison Company demands a jury trial on all issues, so triable, raised in the Complaint and Cross-Claims.

Respectfully Submitted
BOSTON EDISON COMPANY,
By its attorney,

/s/ Michael K. Callahan

Michael K. Callahan
BBO # 546660
NSTAR Electric & Gas Corporation
800 Boylston Street, 17th Floor
Boston, Massachusetts 02199
(617) 424-2102
Fax: (617) 424-2733

11

## CERTIFICATE OF SERVICE

I, Michael K. Callahan, counsel for the defendant Boston Edison Company in the above-entitled matter, hereby certify that on February 4, 2005 I mailed, postage pre-paid, copies of the foregoing Answer to the following counsel/parties of record:

Scott E. Charnas, Esq.
Manheimer & Charnas LLP
210 Commercial Street
Boston, Massachusetts 02109

William A. Worth, Esq.
Prince, Lobel, Glovsky & Tye, LP
585 Commercial Street
Boston, Massachusetts 02109

Damian W. Wilmot, Esq.
U.S. Attorney's Office
John Joseph Moakley United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210

_____
Michael K. Callahan