UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11924- RGS

IAN J. BROWN, JAMES BROWN and
BARBARA BROWN

v.

UNITED STATES OF AMERICA,
VERIZON NEW ENGLAND, INC. and
BOSTON EDISON COMPANY d/b/a
NSTAR ELECTRIC

MEMORANDUM AND ORDER ON THE MOTION
OF THE UNITED STATES TO DISMISS

February 11, 2005

STEARNS, D.J.

In this case involving a seriously injured serviceman, the United States seeks a dismissal for want of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and Feres v. United States, 340 U.S. 135 (1950). In considering a Rule 12(b)(1) motion, the court is permitted to look beyond the pleadings - to affidavits and the like in order to determine jurisdiction. In so doing, the court does not convert the Rule 12 motion to a Rule 56 motion. Gonzales v. United States, 284 F.3d 281, 288 (1st Cir. 2002). The United States in this instance relies on the jurisdictional facts set out in the affidavit of Major Brian Carl Peters. A counter-affidavit was also submitted by the plaintiff. Defendant Verizon New England, Inc., objects to the court deciding the motion without giving Verizon the opportunity to conduct jurisdictional discovery . At today's hearing on the motion, Verizon's attorney identified one

issue that might be of factual significance, that is, the ownership and use of the road upon which the accident occurred. The court will permit Verizon to file within seven (7) days of the date of this Order a proposed discovery plan tailored to this or any other specifically identified issue relevant to the court's jurisdiction. The proposed plan should extend for no more than sixty (60) days with a reasonable opportunity to supplement the factual record thereafter.

          SO ORDERED.

          /s/ Richard G. Stearns

          _____
          UNITED STATES DISTRICT JUDGE