```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
IAN J. BROWN, JAMES BROWN,    )
and BARBARA BROWN,            )
                              )
     Plaintiffs,              )
                              )    C.A. No. 04cv11924-RGS
v.                            )
                              )
UNITED STATES OF AMERICA,     )
VERIZON NEW ENGLAND, INC.,    )
and BOSTON EDISON COMPANY     )
d/b/a/ NSTAR ELECTRIC,        )
                              )
     Defendants.              )
_____)
```

## UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The United States of America hereby submits this Memorandum in Support of its Motion to Dismiss the co-defendants', Verizon New England, Inc. ("Verizon") and Boston Edison d/b/a Nstar Electric ("Boston Edison"), cross-claims against the Government. It has moved, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss based on lack of subject matter jurisdiction.

Verizon and Boston Edison answered the Plaintiffs' Complaint on February 1 and 3, 2005, respectively. In their answers, both Verizon and Boston Edison brought cross-claims against the Government for contribution. Verizon's and Boston Edison's cross-claims against the United States of America cannot stand, however, because the Plaintiffs' claims against the Government are barred under the Feres doctrine.

**PROCEDURAL HISTORY**

In their Complaint, the Plaintiffs, United States Air Force First Lieutenant (Retired) Ian Brown ("Lt. Brown"), and his father and mother, assert a claim of negligence against the Defendants. On January 3, 2005, the Government moved to dismiss the counts against it under the so-called <u>Feres</u> doctrine, on the grounds that the Plaintiffs' claims against the Government are barred because Lt. Brown's injuries were incident to his service to the United States Air Force ("USAF"). The Plaintiffs opposed the Motion on January 18, 2005; and the Government filed a reply to that opposition on January 28, 2005. Verizon also filed an opposition to the Motion on February 8, 2005. The Plaintiffs filed a sur-reply to the Motion on February 9, 2005. The Court heard arguments on the Motion on February 11, 2005. The Court reserved ruling on the Motion pending limited discovery on issues raised by Verizon during the hearing.

**ARGUMENT**

The <u>Feres</u> doctrine bars the Plaintiffs' claims against the Government because Lt. Brown's injuries were incident to his service to the USAF. (<u>See</u> The United States of America's Motion to Dismiss (Docket No. 6) and Supporting Memoranda (Docket Nos. 7, 10, 21)). Therefore, the Court must dismiss Verizon's and Boston Edison's cross-claims against the Government. Indeed, where the primary claim against the Government is barred under

the Feres doctrine, a co-defendant's cross-claim for contribution is similarly barred.  See Stencel Aero Eng'q, 431 U.S. 666, 673-674 (1977); Wake v. United States, 89 F.3d 53, amended by, 1996 U.S. App. LEXIS 35578, at *28-30 (2d Cir. 1996).  Accordingly, if the Court grants the United States of America's Motion to Dismiss the Plaintiffs' counts against the Government, the Court must also dismiss Verizon's and Boston Edison's cross-claims against the Government.

## CONCLUSION

Accordingly, for the reasons articulated above and in the United States of America's Motion to Dismiss (Docket No. 6) and Supporting Memoranda (Docket Nos. 7, 10, 21), Verizon's and Boston Edison's cross-claims against the United States should be dismissed.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                       By:   /s/ Damian W. Wilmot
                            DAMIAN W. WILMOT
                            Assistant U.S. Attorney
                            Moakley Federal Courthouse
                            One Courthouse Way, Suite 9200
                            Boston, MA 02210
                            (617) 748-3100

Dated: March 17, 2005

**CERTIFICATION UNDER L.R. 7.1**

I certify that in accordance with Local Rule 7.1, on March 15 and 17, 2005, I have conferred with Verizon's and Boston Edison's counsel and have attempted in good faith to resolve the issues addressed in this Motion.

      /s/ Damian W. Wilmot
DAMIAN W. WILMOT
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                Boston, Massachusetts
                                            March 17, 2005

I certify that on March 17, 2005, I caused a copy of the foregoing document to be served on all counsel of record who are not registered electronically with the Clerk's Office by first class mail, postage pre-paid.

      /s/ Damian W. Wilmot
DAMIAN W. WILMOT
Assistant U.S. Attorney