UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-11924-RGS

|  |  |
|---|---|
| IAN J. BROWN, JAMES BROWN and BARBARA BROWN<br>　　　　Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA, VERIZON NEW ENGLAND, INC. and BOSTON EDISON COMPANY d/b/a NSTAR ELECTRIC<br>　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIZON NEW ENGLAND, INC.'S OPPOSITION
TO THE UNITED STATES OF AMERICA'S MOTION TO DISMISS[1]**

　　Now comes the defendant and cross-claim plaintiff, Verizon New England, Inc. ("Verizon"), and opposes the co-defendant and cross-claim defendant's, the United States of America (the "Government"), motion to dismiss the cross-claims asserted against it by Verizon. The Government seeks dismissal under Fed. R. Civ. P. 12(b)(1) on the ground that the cross-claims are barred by the United States Supreme Court's rulings in Feres v. United States, 340 U.S. 135 (1950) and Stencel Aero Eng'g Corp. v. United States, 431 U.S. 666 (1977) because the plaintiff's injuries occurred "incident to military service." For the reasons set forth below, neither Feres nor Stencel apply in this case and the Government's motion should be denied.

---

[1] This opposition addresses the United States of America's Motion to Dismiss the third-party claims against it by Verizon New England, Inc. and Boston Edison filed on March 17, 2005.

**Procedural History**

The Government moved to dismiss the plaintiffs' claims on January 3, 2005 on the ground that the Court lacks subject matter jurisdiction over the claims because Lieutenant Brown's injuries were sustained incident to military service. The plaintiffs and Verizon opposed the motion and a hearing was held on February 11, 2005. This Court (Stearns, J.) reserved ruling on the motion pending further discovery on the jurisdictional issues. The Government now moves to dismiss Verizon's cross-claims on principally the same grounds asserted against the plaintiffs' claims.[2]

**Argument**

**I.     The Motion Should be Denied Because Lieutenant Brown's injuries were not sustained incident to Military Service.**

For the same reasons set forth in the Opposition of Plaintiffs to the Motion to Dismiss Filed by the Defendant United States of America, Sur-reply Memorandum of the Plaintiffs in Opposition to the Motion to Dismiss Filed by the Defendant United States of America, and Verizon New England, Inc.'s Opposition to United States of America's Motion to Dismiss, this Court has jurisdiction over Lieutenant Brown's claims against the Government because Lt. Brown's injuries were not sustained incident to military service. Should the Court deny the Government's motion relative to the plaintiffs' claims, the instant Motion must also be denied. Accordingly, the Government's motion to dismiss the cross-claims should be denied.

---

[2] Because the merits of the instant motion are largely, if not entirely, contingent on the outcome of the Government's motion to dismiss the plaintiffs' claims, the Court should defer a hearing or ruling on the instant motion until resolution of the earlier motion.

## II. Verizon's Claims Against the Government are not Barred by Stencel Because the Relationship Between the Government and Verizon is Not "Distinctly Federal in Character."[3]

Citing to Stencel in its Memorandum, the Government baldly asserts that if the underlying claims against it are barred by Feres, then, as a matter of law, cross-claims for contribution are also barred. United States of America's Memorandum in Support of Motion to Dismiss, at pp. 2-3. The Government has read Stencel much too broadly. In Stencel, the United States Supreme Court held that a military contractor's cross-claims against the government were barred *because the relationship between the Government and the cross-claimant was "no less 'distinctively federal in character' than the relationship between the Government and its soldiers"*. 431 U.S. at 672 (emphasis added). The Court did not announce a *per se* rule that all cross-claims against the Government were barred if the district court lacks jurisdiction under Feres over the plaintiff's underlying claims. Id. Rather, each of the cross-claimant's claims must be examined in light of the particular facts and circumstances of the cross-claim. See id.

Specifically, this Court must apply the same test announced in Feres to the facts and circumstances underlying the claims between Verizon and the Government. Id. ("We must therefore consider the impact of these [Feres] factors where, as here, the suit against the Government is not brought by the serviceman himself, but by a third party seeking indemnity for any damages it may be required to pay the serviceman"). Thus, applying the tests set forth in Stencel and Feres, this Court must examine (1) the nature of the relationship between Verizon and the Government; (2) whether Brown received VBA

---

[3] In anticipation of the Government raising the Stencel issue, Verizon addressed these arguments in its opposition to the Government's motion to dismiss the plaintiff's claims. Verizon New England, Inc.'s Opposition to United States of America's Motion to Dismiss, at pp. 10-12. Verizon hereby incorporates by reference those same arguments herein.

benefits for service-related injuries; and (3) whether Verizon's claims against the Government would require impermissible intrusion into military affairs. See id. at 671-73.

      The Court need not proceed any further than the first factor—the nature of the relationship between Verizon and the Government. The outcome in Stencel reflected the Supreme Court's concern for maintaining uniform liability between the Government and its agents within the context of "distinctly federal" relationships, regardless of the local law of the jurisdiction where the government's negligence occurs. Id. at 672 ("If … it makes no sense to permit the fortuity of the situs of the alleged negligence to affect the liability of the Government to a serviceman who sustains service-connected injuries …, it makes equally little sense to permit that situs to affect the Government's liability to a Government contractor for the identical injury").

      Unlike Stencel, where the relationship between the third-party plaintiff (a military contractor that manufactured ejection systems for F-100 fighter jets) and the government was "certainly no less 'distinctively federal in character' than the relationship between the Government and its soldiers", id. at 672, the relationship between the Government and Verizon is in no way federal in character. Like every other tort claim against the Federal Government under the Federal Tort Claims Act (FTCA) asserted by a non-federal agent, Verizon's cross-claims against the Government do not implicate the Supreme Court's concerns regarding inconsistent and arbitrary differences in the government's liability to its agents and employees. Indeed, the FTCA *specifically* and *expressly* provides that the Government's liability to private individuals is governed by the state

4

law of the situs where the negligent act occurs, even for third-party claims. 28 U.S.C § 1346(b); <u>United States v. Yellow Cab Co.,</u> 340 U.S. 543, 552-53 (1951).

It would be grossly inequitable for Verizon to shoulder the financial repercussions of the Government's negligence just because the plaintiff happened to be a military serviceman—a fortuitous circumstance wholly irrelevant to the relationship between Verizon and the Government and Verizon's claims against the Government. Where Verizon is not a party to the "distinctively federal" relationship between the military and its personnel, Verizon should not be held financially responsible for the Government's own negligence. Accordingly, the Government's motion to dismiss Verizon's cross-claims should be denied and Verizon's contribution claim should stand, regardless of the viability of the plaintiff's claims against the Government.

## Conclusion

For the reasons stated above, Verizon respectfully requests that this Court deny the Government's Motion to Dismiss its cross-claims.

                Respectfully submitted,

                VERIZON NEW ENGLAND, INC.

                By its attorneys,

                _____/s/ Joshua A. Lewin_____
                William A. Worth, BBO #544086
                Joshua A. Lewin, BBO# 658299
                PRINCE, LOBEL, GLOVSKY & TYE LLP
                585 Commercial Street
                Boston, MA 02109
                (617) 456-8000

Date: March 25, 2005