UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 04-11924-RGS

| | |
|---|---|
| IAN J. BROWN, JAMES BROWN and BARBARA BROWN, <br>                   Plaintiffs <br><br> v. <br><br> UNITED STATES OF AMERICA, VERIZON NEW ENGLAND, INC. and BOSTON EDISON COMPANY d/b/a NSTAR ELECTRIC <br><br>                   Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**BOSTON EDISON COMPANY'S OPPOSITION
TO THE UNITED STATES OF AMERICA'S MOTION TO DISMISS[1]**

Now comes the defendant and cross-claim plaintiff, Boston Edison Company ("Boston Edison"), and opposes the co-defendant and cross-claim defendant's, the United States of America (the "Government"), motion to dismiss the cross-claims asserted against it by Verizon. The Government seeks dismissal under Fed. R. Civ. P. 12(b)(1) on the ground that the cross-claims are barred by the United States Supreme Court's rulings in Feres v. United States, 340 U.S. 135 (1950) and Stencel Aero Eng'g Corp. v. United States, 431 U.S. 666 (1977) on the basis that the plaintiff's injuries occurred "incident to military service." For the reasons set forth below, neither Feres nor Stencel apply in this case and the Government's motion should be denied.

---

[1] This opposition addresses the United States of America's Motion to Dismiss the third-party claims against it by Verizon New England, Inc. and Boston Edison Company.

**Procedural History**

The Government moved to dismiss the plaintiffs' claims on January 3, 2005 on the ground that the Court lacks subject matter jurisdiction over the claims because Lieutenant Brown's injuries were sustained incident to military service. The plaintiffs and Verizon opposed the motion and a hearing was held on February 11, 2005. This Court (Stearns J.) reserved ruling on the motion pending further discovery on the jurisdictional issues. The Government now moves to dismiss Verizon's cross-claims on principally the same grounds asserted against the plaintiffs' claims.

**Argument**

I.  **The Motion Should Be Denied Because Lieutenant Brown's Injuries Were Not Sustained Incident to Military Service.**

For the same reasons set forth in the Opposition of Plaintiffs to the Motion to Dismiss Filed by the Defendant Untied States of America, Sur-reply Memorandum of the Plaintiffs in Opposition to the Motion to Dismiss Filed by the Defendant Untied States of America, and Verizon New England, Inc.'s Opposition to United States of America's Motion to Dismiss, this Court has jurisdiction over Lieutenant Brown's claims against the Government because Lt. Brown's injuries were not sustained incident to military service. Should the Court deny the Government's motion relative to the plaintiffs' claims, the instant Motion must also be denied. Accordingly, the Government's motion to dismiss the cross-claims should be denied.

II.   **Boston Edison's Claims Against the Government are not Barred by <u>Stencel</u> Because the Relationship Between the Government and Boston Edison is Not "Distinctly Federal in Character."**

For the same reasons set forth in Verizon's Opposition To The United States of America's Motion To Dismiss, Section II, Boston Edison's cross-claims against the Government are not barred by <u>Stencel</u> because the relationship between the Government and Boston Edison is not "distinctly federal in character." For the reasons more fully expressed in Verizon's Opposition, the Supreme Court's concern as reflected in <u>Stencel</u> for maintaining uniform liability between the Government and its agents within the context of "distinctly federal" relationships regardless of the local law is not applicable to the instant case. Boston Edison's assertion of the within cross-claims does not implicate any concerns regarding inconsistent and arbitrary differences in the Government's liability to its agents and employees.

In any event, given the current status of this case, the Court should defer a ruling on the within motion to dismiss the plaintiffs' claims.

### Conclusion

For the reasons stated above, Boston Edison respectfully requests that this Court deny the Government's Motion to Dismiss its cross-claims.

Respectfully submitted,
BOSTON EDISON COMPANY,
By its attorney,

Michael K. Callahan
BBO #546660
NSTAR Electric & Gas Corporation
800 Boylston Street, 17th Floor
Boston, MA 02199
617-424-2102

## CERTIFICATE OF SERVICE

I, Michael K. Callahan, counsel for the defendant Boston Edison Company in the above-entitled matter, hereby certify that on March 31, 2005 I mailed, postage pre-paid, copies of the foregoing document to the following counsel/parties of record:

Scott E. Charnas, Esq.
Manheimer & Charnas LLP
210 Commercial Street
Boston, Massachusetts 02109


William A. Worth, Esq.
Prince, Lobel, Glovsky & Tye, LP
585 Commercial Street
Boston, Massachusetts 02109

Damian W. Wilmot, Esq.
U.S. Attorney's Office
John Joseph Moakley United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210

Michael K. Callahan