# Exhibit K

United States of America's Objections
and Responses to Verizon New
England, Inc.'s First Set of Interrogatories

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IAN J. BROWN, JAMES BROWN, and BARBARA BROWN,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, VERIZON NEW ENGLAND, INC., and BOSTON EDISON COMPANY d/b/a/ NSTAR ELECTRIC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)    C.A. No. 04cv11924-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**UNITED STATES OF AMERICA'S OBJECTIONS AND RESPONSES TO
VERIZON NEW ENGLAND, INC.'S FIRST SET OF INTERROGATORIES**

The United States of America ("United States") hereby responds to co-defendant Verizon New England, Inc.'s First Set of Interrogatories ("Interrogatories") below. The United States' responses are based upon information now known to the government. As discovery is continuing, the United States reserves the right to amend or supplement the government's responses to the Interrogatories if it discovers additional or corrective information.

Interrogatory No. 1:

    Please identify yourself by stating your name, address, telephone number, current employer, and the capacity in which you are responding to these interrogatories.

Response to Interrogatory No. 1:

    David Chalela, Captain, United States Air Force, Chief of Claims, 66 ABW/JA, 20 Schilling Circle, Hanscom Air Force Base, Massachusetts 01731, (781) 377-2361; Kyle Guess, Federal Tort Claims Attorney, Department of the Navy, 9620 Maryland Avenue,

Norfolk, VA 23511, (757) 444-4963.

Interrogatory No. 2:

Please describe in detail the extent to which the United States installed, owned, maintained or patrolled any portion of Hartwell Road in Bedford, Massachusetts on or before January 4, 2002. Please include in your answer dates the road was installed, which portion(s) of the road the United States owned or patrolled, and what type of maintenance or patrol was performed by the United States.

Response to Interrogatory No. 2:

The United States objects to this Interrogatory on the grounds that the terms "installed," "maintained," and "patrolled," as those terms appear to be used in the Interrogatory, are unreasonably general, vague, and nonspecific. The United States also objects to this Interrogatory on the grounds that it does not adequately define the time frame of the information it is seeking to discover. Accordingly, this Interrogatory is unreasonably general, vague, and nonspecific. Moreover, it calls for information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the United States states that no federal entity, including the United States Air Force ("USAF") and the Department of the Navy ("Navy"), installed, maintained or patrolled any portion of Hartwell Road in Bedford, Massachusetts, on or before January 4, 2002. With respect to the United States' ownership of portions of Hartwell Road in Bedford, Massachusetts, the United States states that the answer to that question may be derived or ascertained from the records provided by the United States in response to Verizon New England Inc.'s Request for Production of Documents ("Document Requests"), which are provided herewith.

Interrogatory No. 3:

Please describe the United States' right, title, or interest, as of January 4, 2002, in the property depicted as parcel A in the diagram attached hereto as Exhibit 3, including the Electronic Systems Center facility at which Lieutenant Brown worked.

Response to Interrogatory No. 3:

The United States states that the answer to Interrogatory No. 3 may be derived or ascertained from the records provided by the United States in response to Verizon New England Inc.'s

Document Requests, which are provided herewith.

Interrogatory No. 4:

Please describe whether the United States installed the guardrail located on the side of Hartwell Road that was involved in the Accident and is depicted in the photographs attached hereto as exhibit 2.

Response to Interrogatory No. 4:

The United States objects to this Interrogatory on the grounds that the term "installed," as that term appears to be used in the Interrogatory, is unreasonably general, vague, and nonspecific. Further, the United States objects to this Interrogatory on the grounds that it requests a response based upon allegations contained in Plaintiff's Complaint, which have not been proven. Without waiving these objections, the United States states that it has no record of installing or contracting with an entity to install any guardrail on Hartwell Road in Bedford, Massachusetts.

Interrogatory No. 5:

Please describe whether, as of January 4, 2004, the United States owned or maintained the Guardrail.

Response to Interrogatory No. 5:

The United States objects to this Interrogatory on the grounds that it requests a response based upon allegations contained in Plaintiff's Complaint, which have not been proven. Without waiving these objections, the United States states that it does not own or maintain any guardrail located on Hartwell Road in Bedford, Massachusetts.

Interrogatory No. 6:

Please describe the United States' right, title, or interest, as of January 4, 2004, in the property on which the Guardrail was located.

Response to Interrogatory No. 6:

The United States objects to this Interrogatory on the grounds that it requests a response based upon allegations contained in Plaintiff's Complaint, which have not been proven. With respect to the United States' ownership of property located along Hartwell Road in Bedford, Massachusetts, the United States states that the answer to that question may be derived or

ascertained from the records provided by the United States in response to Verizon New England Inc.'s Document Requests, which are provided herewith.

Interrogatory No. 7:

Please describe the United States' policies, rules or regulations which governed the following aspects of Lieutenant Brown's conduct during his lunch break on January 4, 2002:

(1) whether Lieutenant Brown was permitted to leave the building(s) at which he worked;

(2) the permissible length of Lt. Brown's lunch break;

(3) whether Lt. Brown was prohibited from engaging in any personal activities during his lunch break;

(4) whether Lt. Brown was required or prohibited from using any vehicles or other modes of transportation while off-base during his lunch break;

(5) whether Lt. Brown was required or prohibited from wearing his uniform.

Response to Interrogatory No. 7:

(1) The USAF permitted Lieutenant Brown to leave the buildings(s) at Hanscom AFB at which he worked to take a lunch break.

(2) The United States states that there is no instruction regarding the permissible length of lunch breaks for active duty members of the USAF. All USAF troops are considered to be on duty 24 hours a day, 7 days a week. Whether a lunch break is reasonable, is determined by supervisors.

(3) Generally, military members may use their lunch breaks for personal activities. They are also often allowed other duty time to perform personal activities such as picking up laundry or getting a haircut, subject to superior authority. Generally, military members may not engage in an activity that brings discredit upon the Armed Forces during their lunch breaks. Other prohibited activities include certain political activities and collective bargaining activities against the military. The United States also refers Verizon New England Inc. to the records provided by the United States in response to Verizon New England Inc.'s

Document Requests, which are provided herewith.

(4) The USAF does not require or prohibit Lieutenant Brown from using any vehicle or other modes of transportation while off-base during his lunch break.

(5) The United States objects to this Interrogatory on the grounds that it is irrelevant. There is no per se uniform wear requirement during the duty day. For example, military members may wear gym clothing and participate in fitness activities as part of their duty day. The United States also refers Verizon New England Inc. to the records provided by the United States in response to Verizon New England Inc.'s Document Requests, which are provided herewith.

Signed under the pains and penalties of perjury this 28th day of April, 2005.

_____
David Chalela, Captain
United States Air Force

_____
Kyle Guess
Federal Tort Claims Attorney
Department of the Navy

(4) whether Lt. Brown was required or prohibited from using any vehicles or other modes of transportation while off-base during his lunch break;

(5) whether Lt. Brown was required or prohibited from wearing his uniform.

Response to Interrogatory No. 7:

(1) The USAF permitted Lieutenant Brown to leave the buildings(s) at Hanscom AFB at which he worked to take a lunch break.

(2) The United States states that there is no instruction regarding the permissible length of lunch breaks for active duty members of the USAF. All USAF troops are considered to be on duty 24 hours a day, 7 days a week. Whether a lunch break is reasonable, is determined by supervisors.

(3) Generally, military members may use their lunch breaks for personal activities. They are also often allowed other duty time to perform personal activities such as picking up laundry or getting a haircut, subject to superior authority. Generally, military members may not engage in an activity that brings discredit upon the Armed Forces during their lunch breaks. Other prohibited activities include certain political activities and collective bargaining activities against the military. The United States also refers Verizon New England Inc. to the records provided by the United States in response to Verizon New England Inc.'s Document Requests, which are provided herewith.

(4) The USAF did not require or prohibit Lieutenant Brown from using any vehicle or other modes of transportation while off-base during his lunch break.

(5) The United States objects to this Interrogatory on the grounds that it is irrelevant. There is no per se uniform wear requirement during the duty day. For example, military members may wear gym clothing and participate in fitness activities as part of their duty day. The United States also refers Verizon New England Inc. to the records provided by the United States in response to Verizon New England Inc.'s Document Requests, which are provided herewith.

Signed under the pains and penalties of perjury this 28 day of April, 2005.

_____
David Chalela, Captain
United States Air Force

As to objections:

MICHAEL J. SULLIVAN,
United States Attorney

_____
DAMIAN W. WILMOT
Assistant U.S. Attorney
1 Courthouse, Suite 9200
Boston, MA  02210
(617) 748-3398

**CERTIFICATE OF SERVICE**

Suffolk, ss.                           Boston, Massachusetts
                                       April 29, 2005

I, Damian W. Wilmot, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing document upon all counsel on record.

_____
Damian W. Wilmot
Assistant U.S. Attorney