```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
_____
                              )
IAN J. BROWN, JAMES BROWN,    )
and BARBARA BROWN,            )
                              )
     Plaintiffs,              )
                              )    C.A. No. 04cv11924-RGS
v.                            )
                              )
UNITED STATES OF AMERICA,     )
VERIZON NEW ENGLAND, INC.,    )
and BOSTON EDISON COMPANY     )
d/b/a/ NSTAR ELECTRIC,        )
                              )
     Defendants.              )
_____)
```

**UNITED STATES OF AMERICA'S REPLY TO PLAINTIFF'S
AND CO-DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION
TO THE UNITED STATES OF AMERICA'S MOTION TO DISMISS**

On January 3, 2005, the United States moved to dismiss the counts against it in the above-captioned action for lack of subject matter jurisdiction under the so-called <u>Feres</u> doctrine. This Court lacks jurisdiction over Plaintiffs' claims against the United States because plaintiff First Lieutenant (Retired) Ian Brown's ("Lt. Brown") injuries were incident to his service to the United States Air Force ("USAF").  The Plaintiffs opposed the Motion on January 18, 2005; and the Government filed a reply to that opposition on January 28, 2005.  Co-defendant Verizon New England, Inc. ("Verizon") also filed an opposition to the Motion on February 8, 2005.  The Plaintiffs filed a sur-reply to the Motion on February 9, 2005.  The Court heard arguments on the Motion on February 11, 2005.  The Court reserved ruling on the Motion pending limited discovery on issues raised by Verizon

during the hearing.  Plaintiffs and co-defendants, Verizon and Boston Edison d/b/a Nstar Electric ("Boston Edison") have all filed supplemental memoranda in opposition to the United States's motion to dismiss.

The supplemental oppositions, however, present essentially the same arguments Plaintiffs and co-defendants made before the motion hearing on February 11, 2005; that is, Lt. Brown's accident and resulting injuries were not "incident" to military service primarily because the injury did not occur on base. Plaintiffs and Verizon also argue that, because the USAF permitted Lt. Brown to use his lunch break to engage in various non-military activities, Lt. Brown who was returning to base from a lunch break, was not acting as a military member at time of his accident.

As argued previously, crucial to the determination of whether Feres bars a FTCA claim is the military status of a plaintiff at the time of injury.  In particular, a service member's claim against the government may proceed only if he was "on leave or furlough" at the time of injury.  See generally Miller v. United States, 643 F.2d 481, 483-484 (8th Cir. 1980) (citing Brooks v. United States, 337 U.S. 49 (1949)).  Following limited discovery on this issue, it remains an undisputed fact that Lt. Brown was on active duty and not on leave or furlough at the time of his motorcycle accident.  It also remains undisputed

that Lt. Brown's superior officer, Major Brian Peters, did not give Lt. Brown a "pass" that relieved him of his military duties for any period of time on the day of his accident. In sum, despite whether he was performing a particular duty at the time of his accident, the USAF did not relieve Lt. Brown of his military duties on that day.

Moreover, while it is true, as Plaintiffs and Verizon point out, that the USAF generally permitted Lt. Brown and other military members at Hanscom AFB to take their lunch breaks without first obtaining permission and at unspecified times in their duty day to conduct personal activities, such facts are completely irrelevant to the circumstances surrounding Lt. Brown's accident. Lt. Brown was not leaving the base at the time of his accident to begin his lunch break. Nor was Lt. Brown traveling to a destination so that he could perform some personal activity at the time of his accident. Instead, Lt. Brown was traveling <u>back</u> to base at the time of his accident to continue his duty day. This fact remains undisputed. Notably, Lt. Brown has provided the Court with no affidavit to oppose this point.

The fact that Lt. Brown was traveling back to base on a public road to continue his duty day at the time of the accident is of no consequence. As stated previously, "subject matter jurisdiction of actions under the [FTCA] has <u>never</u> turned on whether the alleged harm occurred on or off the military

reservation." Pierce v. United States, 813 F.2d 349, 353 (11th Cir. 1987) (emphasis added). Verizon relies heavily on Mills v. Tucker, 499 F.2d 866 (9th Cir. 1974), in support of its argument that Feres is inapplicable because Lt. Brown was off base and on a public roadway at the time of his accident. As argued previously, however, Mills is not factually analogous because, unlike Lt. Brown, Mills was on furlough at the time of his injury. Moreover, Mills was traveling back to base after engaging in civilian employment while at a civilian location at the time of his injury. The Mills court notes, "Mills was on furlough on the day of the accident; he was returning from a civilian job . . . to his Navy-owned quarters." Mills, 499 F.2d at 867. Accordingly, Mills is inapplicable to the instant case.

Verizon also argues that Plaintiffs' claims are not barred under Feres because their claims against the United States do not involve military discipline. The Supreme Court in United States v. Shearer, 473 U.S. 52 (1985), held that a service member cannot sue on an allegation that challenges "the 'management' of the military; [or] calls into question basic choices about the discipline, supervision, and control of [another] serviceman." The Court further noted, however, that "[i]n enacting the [FTCA], Congress' focus was on the extent of the Government's liability of its *employees*." Shearer, 473 U.S. at 56-57 (emphasis in original). Thus, courts have applied a Shearer inquiry only to

4

cases where at issue is the military's dealing with an alleged tortfeasor, (rather than the status of an injured service member, which is the key issue in the main body of Feres law). Stated another way, Shearer and its progeny bar suit for injuries to a service member where that suit would challenge the military's management of another service member. Accordingly, Verizon's reliance on the Shearer analysis is misplaced.

Also, Verizon's citation to the Shearer analysis is incomplete. As stated above, where applicable, the Supreme Court directed courts to bar a service member's action if it challenges "basic choices about the discipline, supervision, and control of [another] serviceman." Shearer, 473 U.S. at 56-57. The Shearer analysis is not limited to a determination of whether military discipline is implicated, as Verizon suggests. Even if Shearer did apply to Plaintiffs' claims against the government, the Court should bar the claims because the Court would be forced to consider issues of military policy and decision making in considering those claims. As stated previously, the Court would be forced to consider, among other issues, the soundness of (i) the military decision to place military barracks off of the military base, (ii) the military decision to allow active-duty service members to operate privately own vehicles while on duty, and (iii) the military decision to allow active-duty service members to consume meals off base while on duty.

5

**CONCLUSION**

Based on the foregoing, the United States respectfully requests that the Court allow its Motion to Dismiss and dismiss Plaintiffs' claims against the United States in their entirety.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                      By:   /s/ Damian W. Wilmot
                           DAMIAN W. WILMOT
                           Assistant U.S. Attorney
                           Moakley Federal Courthouse
                           One Courthouse Way
                           Suite 9200
                           Boston, MA 02210
                           (617) 748-3100

Dated: May 25, 2005

**CERTIFICATE OF SERVICE**

Suffolk, ss.                              Boston, Massachusetts
                                         May 25, 2005

    I certify that on May 25, 2005, I caused a copy of the foregoing Motion to be served on Plaintiffs' Attorney, Scott E. Charnas, Manheiner & Charnas, LLP, 210 Commercial Street, Boston, MA 02109, by first class mail, postage pre-paid.

                                         /s/ Damian W. Wilmot
                                         DAMIAN W. WILMOT
                                         Assistant U.S. Attorney