```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
IAN J. BROWN, JAMES BROWN,    )
and BARBARA BROWN,            )
                              )
     Plaintiffs,              )
                              )   C.A. No. 04cv11924-RGS
v.                            )
                              )
UNITED STATES OF AMERICA,     )
VERIZON NEW ENGLAND, INC.,    )
and BOSTON EDISON COMPANY     )
d/b/a/ NSTAR ELECTRIC,        )
                              )
     Defendants.              )
_____)
```

**UNITED STATES OF AMERICA'S ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant, the United States of America, hereby responds to the Plaintiffs' Complaint as follows:

**FIRST AFFIRMATIVE DEFENSE**

Jurisdiction

The allegations contained in this section of the Complaint constitute jurisdictional averments and conclusions of law to which no response is required. To the extent a response is required, the United States denies those allegations.

Venue

The allegations contained in this section of the Complaint constitute jurisdictional averments and conclusions of law to which no response is required. To the extent a response is required, the United States denies those allegations.

<u>Counts I, II, III, and IV</u>

The allegations contained in Paragraphs 1 through 27 of the Complaint are not directed at the United States, and, therefore, no response from the United States is required.

<u>Count V</u>

28.  The United States lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.  To the extent a response is required, the United States denies those allegations.

29.  Paragraph 29 of the Complaint contains legal argument and conclusions of law to which no response is required.  To the extent a response is required, the United States denies those allegations.

30.  The United States admits the allegations of Paragraph 30 of the Complaint.

31.  The United States admits the allegations of Paragraph 31 of the Complaint.

32.  The United States denies the allegations of Paragraph 32 of the Complaint.

33.  The United States denies the allegations of Paragraph 33 of the Complaint.

34.  The United States lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.  To the extent a

response is required, the United States denies those allegations.

35. Paragraph 35 of the Complaint contains legal argument and conclusions of law to which no response is required. To the extent a response is required, the United States denies those allegations.

36. Paragraph 36 of the Complaint contains legal argument and conclusions of law to which no response is required. To the extent a response is required, the United States denies those allegations.

37. The United States lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint. To the extent a response is required, the United States denies those allegations.

38. The United States lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint. To the extent a response is required, the United States denies those allegations.

39. Paragraph 39 of the Complaint contains legal argument and conclusions of law to which no response is required. To the extent a response is required, the United States denies those allegations.

Count VI

40. The United States lacks knowledge and information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 40 of the Complaint.  To the extent a response is required, the United States denies those allegations.

41.  The United States lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.  To the extent a response is required, the United States denies those allegations.

42.  The United States hereby restates and incorporates by reference its responses to Paragraphs 28 through 39 above.

43.  The United States lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.  To the extent a response is required, the United States denies those allegations.

44.  Paragraph 44 of the Complaint contains legal argument and conclusions of law to which no response is required.  To the extent a response is required, the United States denies those allegations.

45.  Paragraph 45 of the Complaint contains legal argument and conclusions of law to which no response is required.  To the extent a response is required, the United States denies those allegations.

The United States also denies each and every allegation to the Complaint not heretofore admitted, denied, or otherwise responded to.

**ADDITIONAL AFFIRMATIVE DEFENSES**

1. Plaintiffs' recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

2. Pursuant to 28 U.S.C. § 2675(b), Plaintiffs are prohibited from claiming or recovering an amount against the United States in excess of that set forth in Plaintiffs' administrative claim presented to the United States Department of the Navy.

3. Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial against the United States.

4. Plaintiff's Complaint fails to state a claim upon which relief can be granted against the United States.

5. Plaintiff Ian Brown's purported damages and losses were solely and proximately caused by his own negligence, carelessness or recklessness.

6. Plaintiff Ian Brown's fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of the defendants.

7. Pursuant to 28 U.S.C. § 2412, Plaintiff cannot recover attorney's fees from the United States.

8. Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest against the United States.

9. United States denies that it and/or any of its agents

or employees was negligent and/or breached any duty or standard of care due to the Plaintiff Ian Brown and/or engaged in any conduct that was the proximate cause of the injuries, damages and losses allegedly incurred by him.

10. If Plaintiff Ian Brown was damaged, as alleged, then such damage was caused in whole or in part by a person or persons for whose conduct the United States is not legally responsible.

11. Plaintiffs' claims are barred under the so-called Feres Doctrine.

WHEREFORE, the United States, having fully answered, prays that this action be dismissed with prejudice; that the Plaintiff takes nothing by reason of his Complaint; and that the United States be granted its cost and such further relief as the Court may deem just.

### THE UNITED STATES'S CROSS-CLAIMS AGAINST VERIZON NEW ENGLAND AND THE BOSTON EDISON COMPANY

1. The United States of America administers agencies entitled the "Department of Navy" and the "Department of the Air Force."

2. The co-defendant in cross-claim, Verizon New England, Inc. ("Verizon"), is a duly organized corporation with a usual place of business at 185 Franklin Street, Boston, Massachusetts.

3. The co-defendant in cross-claim, Boston Edison Company ("Boston Edison"), is a duly organized corporation with a usual place of business at 800 Boylston Street, Boston, Massachusetts.

4.     Plaintiffs in the above-captioned action allege that they have suffered damages as a result of a single-vehicle motor vehicle accident that occurred on or about January 4, 2002, on Hartwell Road in Bedford, Massachusetts.

5.     Plaintiffs in the above-captioned action allege that the United States, Verizon, and Boston Edison negligently caused their injuries.

## COUNT I
### (CONTRIBUTION AGAINST VERIZON)

6.     The United States repeats and incorporates the allegations contained in Paragraphs 1 through 5 above.

7.     The Court has jurisdiction over this count pursuant to 28 U.S.C. §§ 1346(b)(1) and 1367.

8.     The United States denies that it acted wrongly in any manner or that it caused Plaintiffs' injuries.  However, if the United States is deemed or adjudged liable to the Plaintiffs in the above-captioned action, then Verizon is jointly liable and the United States is entitled to contribution from Verizon.

WHEREFORE, the United States demands judgment against Verizon for a pro rata share of any sum that may be adjudged against the United States in favor of the Plaintiffs.

## COUNT II
### (CONTRIBUTION AGAINST BOSTON EDISON)

9.     The United States repeats and incorporates the allegations contained in Paragraphs 1 through 5 above.

10. The Court has jurisdiction over this count pursuant to 28 U.S.C. §§ 1346(b)(1) and 1367.

11. The United States denies that it acted wrongly in any manner or that it caused Plaintiffs' injuries.  However, if the United States is deemed or adjudged liable to the Plaintiffs in the above-captioned action, then Boston Edison is jointly liable and the United States is entitled to contribution from Boston Edison.

WHEREFORE, the United States demands judgment against Boston Edison for a pro rata share of any sum that may be adjudged against the United States in favor of the Plaintiffs.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                          By:  /s/ Damian W. Wilmot
                                      DAMIAN W. WILMOT
                                      Assistant U.S. Attorney
                                      Moakley Federal Courthouse
                                      One Courthouse Way, Suite 9200
                                      Boston, MA 02210
                                      (617) 748-3100

Dated: February 7, 2006