```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
IAN J. BROWN, JAMES BROWN, and)
BARBARA BROWN,                )
                              )
     Plaintiffs,              )
                              )   C.A. No. 04cv11924-RGS
v.                            )
                              )
UNITED STATES OF AMERICA,     )
VERIZON NEW ENGLAND, INC., and)
BOSTON EDISON COMPANY d/b/a/  )
NSTAR ELECTRIC,               )
                              )
     Defendants.              )
_____)
```

**JOINT MOTION OF THE PARTIES TO EXTEND THE DISCOVERY DEADLINES**

The parties in the above-captioned action respectfully move the Court to extend the discovery deadlines established by the Court's November 10, 2005 order according to the proposed discovery schedule set forth below.  Good cause exists for granting this motion.

1.   The United States moved to dismiss the Plaintiffs' claims against it on January 3, 2005.  The Plaintiffs opposed the Motion on January 18, 2005; and the Government filed a reply to that opposition on January 28, 2005.  Co-defendant Verizon New England, Inc., also filed an opposition to the Motion on February 8, 2005.  The Plaintiffs filed a sur-reply to the Motion on February 9, 2005.  The Court heard arguments on the Motion on February 11, 2005.  The Court reserved ruling on the Motion pending limited discovery on issues raised by Verizon during the hearing.

2.   Based on the limited discovery conducted, the parties filed supplemental memoranda, and the Court conducted a further hearing on the United States's motion to dismiss on July 25, 2005.

3.   The Court took the government's motion under advisement and directed the parties, excluding the United States, to file a proposed discovery schedule, which they did on July 25, 2005. The Court approved that schedule on July 28, 2005. The parties moved to extend those deadlines on November 2, 2005, which the Court granted on November 10, 2005. Currently, the deadline for non-expert discovery is March 31, 2006.

4.   Because the Court had not ruled on the government's motion, the government did not participate in the discovery conducted by the other parties in order to avoid a potentially needless expenditure of time and resources. Indeed, the other parties conducted several depositions without the government present.

5.   On January 3, 2005, the Court denied the United States motion to dismiss.

6.   Accordingly, the government filed its answer to the Plaintiffs' complaint, in addition to a third-party complaint against the Town of Bedford. The Town of Bedford has not yet responded to the government's third-party complaint.

7.   Since filing its answer, the government has participated in discovery.

8. In scheduling the plaintiff's deposition of one Armand Oulette, the government learned information concerning the subject matter of this case that may necessitate impleading yet another party into this action. Mr. Oulette, however, has failed to appear for his deposition on two occasions. The parties have been informed that Mr. Oulette will be cooperative henceforth.

9. Considering the facts that (i) the Town of Bedford has been added to the case, (ii) another party may be impleaded in the case, and (iii) until now, Mr. Oulette, a potential key witness, has failed to appear for his scheduled depositions, the parties request additional time to conduct discovery. Additionally, the parties have not yet been able to schedule a date for the defendants' deposition of the plaintiffs due to counsel's schedules and the fact that the plaintiffs reside outside of Massachusetts.

10. The parties therefore move the Court to extend the schedule for discovery as follows:

    A. <u>Non-expert discovery</u> – To be completed by June 29, 2006;

    B. <u>Plaintiffs' expert disclosure</u> – To be completed by August 30, 2006;

    C. <u>Defendants' expert disclosure</u> – To be completed by October 3, 2006;

    D. <u>Expert depositions</u> – To be completed by Novemebr 30, 2006; and

    E. <u>Dispositive motions</u> – To be served by January 16, 2007;

WHEREFORE, the parties jointly move this Court to extend discovery by approving the proposed revised discovery schedule set forth above.

| | |
|---|---|
| IAN J. BROWN, JAMES BROWN, and BARBARA BROWN, | UNITED STATES OF AMERICA, |
| By their attorney, | By its attorney, |
| | MICHAEL J. SULLIVAN<br>United States Attorney |
| /s/ Scott E. Charnas<br>Scott E. Charnas<br>Manheimer & Charnas, LLP<br>210 Commercial Street<br>Boston, MA 02109<br>(617) 557-4700 | By: /s/ Damian W. Wilmot<br>Damian W. Wilmot<br>Assistant U.S. Attorney<br>1 Courthouse Way., Ste 9200<br>Boston, MA  02210<br>(617) 748-3398 |
| BOSTON EDISON COMPANY d/b/a NSTAR ELECTRIC, | VERIZON NEW ENGLAND, INC. |
| By its attorney, | By its attorney, |
| /s/ Michael K. Callahan<br>Michael K. Callahan<br>NSTAR Electric & Gas Corp.<br>800 Boylston Street<br>17th Floor<br>Boston, MA 02199<br>(617) 424-2102 | /s/ Joshua Lewin<br>Joshua Lewin<br>Prince, Lobel, Glovski & Tye<br>585 Commercial Street<br>Boston, MA 02109 |

Dated: March 21, 2006

## LOCAL RULE 7.1 CERTIFICATION

I, Damian Wilmot, Assistant United States Attorney, do hereby state that Attorneys Charnas, Callahan and Lewin assented to me signing their names to this Motion.

                                        /s/ Damian W. Wilmot
                                        Damian W. Wilmot
                                        Assistant U.S. Attorney