UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>IAN J. BROWN, JAMES BROWN and )<br>BARBARA BROWN )<br>       Plaintiffs )<br> )<br>v. )<br> )<br> )<br> )<br>UNITED STATES OF AMERICA, )<br>VERIZON NEW ENGLAND INC. and )<br>BOSTON EDISON COMPANY d/b/a )<br>NSTAR ELECTRIC )<br>       Defendants )<br>_____) | CIVIL ACTION<br>NO. 04-11924-RGS |

**MOTION FOR SUMMARY JUDGMENT OF VERIZON NEW ENGLAND INC.**

Pursuant to Fed. R. Civ. P. 56, Defendant Verizon New England, Inc. ("Verizon") hereby moves for summary judgment on all claims against it. In support of this motion, Verizon states as follows:

This case arises out of a motorcycle accident in which the Plaintiff, Ian Brown, lost control of his Kawasaki Ninja sport motorbike and crashed into a guardrail which was placed in 1990 and deflected him into a nearby utility pole ("Pole 16/37") which was jointly designed, engineered and erected in 1916 by Verizon and co-defendant Boston Edison Company d/b/a NStar Electric ("NStar"). Plaintiff alleges negligent placement of Pole 16/37 and failure to properly inspect and maintain Pole 16/37 in a safe location.

Verizon is entitled to summary judgment for the following reasons:

1. The Massachusetts Statute of Repose, G. L. c. 260 § 2B, precludes all claims for negligence in the design, planning, engineering and construction of

improvements to real property more than six years after the completion of the improvement. Here, Verizon completed the design, engineering and installation of Pole 16/37 in 1916—more than eighty-six years before the accident.

2. Verizon cannot be held responsible for failing to discover and remedy the allegedly dangerous condition created by the guardrail's proximity to Pole 16/37 because NStar was exclusively responsible for inspecting jointly owned utility poles within the Town of Bedford and maintaining them in a safe condition.

3. Verizon cannot be held liable for Plaintiff's injuries because it was not reasonably foreseeable at the time Verizon participated in the design, engineering and installation of Pole 16/37 in 1916 that, at least seventy-five years later, someone would install a guardrail behind Pole 16/37 and that a motorcyclist would thereafter lose control of his motorcycle and ricochet off the guardrail into Pole 16/37.

4. Plaintiff cannot prove that evidence that Verizon breached any duty owed to him because there is no admissible evidence that the engineering, design and/or placement of Pole 16/37 by Verizon was negligent.

5. The consortium claims of Plaintiff's parents, James and Barbara Brown, must be dismissed pursuant to M.G.L. G. L. c. 231, § 85X, because they cannot prove that Ian Brown was financially dependent on them, either prior to or after the accident, a necessary element of that claim.

In further support of this Motion, Verizon directs the Court to its memorandum in support, concise statement of undisputed material facts and supporting verified materials filed simultaneously herewith.

**WHEREFORE,** Defendant, Verizon New England Inc. respectfully requests that the Court allow this motion and enter judgment dismissing all claims against it.

Respectfully submitted,

VERIZON NEW ENGLAND INC.

By its attorneys,

*/s/ William A. Worth*
*/s/ Joshua A. Lewin*
William A. Worth, BBO #544086
Joshua A. Lewin, BBO# 658299
PRINCE, LOBEL, GLOVSKY & TYE LLP
100 Cambridge Street, Suite 2200
Boston, MA  02114
(617) 456-8000

Date:  March 14, 2007

### Certificate of Compliance with Local Rule 7.1

I hereby certify that I have complied with the provisions of Local Rule 7.1 prior to filing this Motion.

*/s/ Joshua A. Lewin*

### Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 14, 2007.

*/s/ Joshua A. Lewin*