# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                   SUPERIOR COURT
                                                               CIVIL ACTION
                                                               NO. 99-1852-H

KATCHER AFARIAN and MARYANN AFARIAN,
Administrators of the Estate of
PETER AFARIAN

                                                               Plaintiff,

V.

MASSACHUSETTS ELECTRIC COMPANY;
NEW ENGLAND TELEPHONE AND TELEGRAPH;
BELL ATLANTIC CORPORATION; and
MARKET BASKET INC.,

                                                               Defendants.

RULING UPON PLAINTIFFS' MOTION FOR IMMEDIATE, SEPARATE, AND FINAL
JUDGMENT PURSUANT TO MASS. R. CIV. P. 54(b) IN FAVOR OF
MASSACHUSETTS ELECTRIC COMPANY AND NEW ENGLAND TELEPHONE.

## RULING.

Upon considerations of all motion and opposition materials and of extensive oral argument at the hearing of April 16, 2003, the court hereby DENIES the plaintiffs' motion for immediate, separate, and final judgment in favor of Massachusetts Electric Company and New England Telephone.

## REASONING.

1. The plaintiffs Katcher and Maryann Afarian, administrators, pursuant to Mass. R. Civ. P. 54(b), request the entry of immediate, separate, and final judgment against Massachusetts Electric and New England Telephone for the express purpose of a prompt interlocutory appeal from the summary judgments entered in favor of those defendants on or about January 3, 2003.

2. During the pendency of that interlocutory appeal, Superior Court litigation would not proceed through its remaining stage of trial.

3. The Massachusetts appellate courts generally disfavor interlocutory appeal by reason

of its "piecemail" nature. See, e.g., Long v. Wickett, 50 Mass. App. Ct. 380, 387 (2000). The precedents resulting from use of Rule 54(d) and from analogous mechanisms such as the Supreme Judicial Court's superintendence power under G.L. c. 211, §3, generally criticize the interlocutory mechanism because it fragments the appellate perspective in lieu of a unitary, comprehensive, final appeal; and because it interrupts and delays the trial court process. Id.

2. Consequently, in order to overcome the settled policy of restrictive use of separate final judgment under Rule 54(d), the plaintiffs must show either (a) an exceptional benefit of efficiency, or (b) the need for immediate protection of a recognized right or interest otherwise harmed by the delay of ordinary appeal. Long at 389, 395 (cases cited).

3. The plaintiffs emphasize grounds of efficiency and some points of potential hardship.

(a)  As matters of efficiency, they reason that the bases for the summary judgment entered by the motion judge comprise novel conclusions of law exposed to reversal on appeal; and that reversal after full trial, instead of before trial, will subject the plaintiffs and those defendants (and perhaps other defendants) to the time, expense, and tribulation of a second trial.

(b) As a matter of fairness of hardship, they point out that a second trial upon the claim of the wrongful death of their son will inflict upon them, especially, repeated tribulation.

4. The motion judge rested the summary judgments upon two independent and adequate

3

grounds: (a) a conclusion that the pertinent statute of repose, G.L. c. 260, §2B, will bar the plaintiffs' claims against Massachusetts Electric and New England Telephone and Telegraph; and (b) the conclusion that, as a mixed question of law and fact, the plaintiff could not sustain a claim of negligence against the utility companies by reason of the placement of the utility pole at which the fatal accident occurred.

5. Upon close examination of the summary judgment opinion, I conclude that those ground and the supportive reasoning do not present issues so novel and uncertain as to warrant expedited interlocutory appeal as a preventive measure against the danger of reversal and retrial.

(a) On its face, the statute of repose would appear to apply to the circumstances of the present case. The placement or location of the utility pole would seem to qualify as an item of "design, planning, construction or general administration of an improvement in real property." That character will trigger the repose period of six years. It is undisputed that the placement of Pole 608 along Route 133 in Andover occurred in 1969 and that the accident in question occurred in 1996. I acknowledge that no squarely fitting Massachusetts precedents have arisen. However the reasoning of the motion judge appears cogent. One cannot characterize the operation of the statute as an extraordinary, uncertain, or novel issue of high risk of reversal.

(b) The separate and independently adequate ground for the entry of the summary judgment was the motion judge's analysis that a negligence claim was not sustainable against the utility companies. Again, concededly, no precise Massachusetts precedent was available.

4

However general authority, including the <u>Restatement Second of Torts</u> and a number of decisions from other jurisdictions, favored the position of the utility companies against liability. One circumstance in particular weighed against liability. Cases upon this topic (the negligent or faulty location of utility poles close to the edge of highways) emphasized as a significant criterion the history of accidents at or near such poles. The greater the experience of accidents, the greater the foreseeable danger of the location of the pole. As to Pole 608 in Andover, no accidents whatsoever had occurred from the time of placement in 1969 through the time of the fatality in 1996. I acknowledge the point submitted by the plaintiffs that cases in other jurisdictions have taken into account the availability of alternative placements of the pole and that here the defendant could have located the pole more than 6 inches from the edge of the highway. However, in the total circumstances of the present case in which it appears to be undisputed that the driver of the car (in which plaintiffs' decedents was a passenger) was intoxicated and momentarily asleep, and in which the pole site in question had never before been the locus of an accident, the motion judge's analysis and conclusion upon the negligence issue appear to be very strong and unlikely to suffer reversal. That basis for the summary judgment does not produce the exceptional instance needed for the proposed interlocutory appeal.

6. Finally, one must remember that the plaintiffs should be able to make a showing that <u>both</u> of the independent grounds for the summary judgment present substantial risk of reversal. It seems to be extremely improbable that both rationales would fail on appeal.

## CONCLUSION.

Therefore, I must deny the present motion for separate, immediate, and final entry of judgment in favor of Massachusetts Electric Company and New England Telephone & Telegraph Company pursuant to Mass. R. Civ. P. 54(b). The case should proceed to trial in the usual course and then to any ultimate appeal.

*/s/ Mitchell J. Sikora, Jr.*
Mitchell J. Sikora, Jr.
Justice of the Superior Court

Dated: April 22, 2003.