UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.



DEFENDANT'S EXHIBIT A

| |
|---|
| IAN J. BROWN, |
| JAMES BROWN |
| and |
| BARBARA BROWN |
|     Plaintiffs, |
| v. |
| UNITED STATES OF AMERICA, |
| VERIZON NEW ENGLAND, INC. |
| and |
| BOSTON EDISON COMPANY d/b/a NSTAR ELECTRIC, |
|     Defendants. |

**PLAINTIFFS' COMPLAINT**

Jurisdiction

Jurisdiction in regard to the claims against the United States of America is based on 28 U.S.C. § 1331. In regard to all other parties and all other claims, jurisdiction is based on so-called diversity of citizenship pursuant to 28 U.S.C. § 1332, with the amount in controversy in excess of Seventy-Five Thousand ($75,000.00) Dollars.

Venue

Venue is based upon 28 USC 1391(b)(2), 28 USC 1391(e)(1), and 28 USC 1391(e)(2).

COUNT I

1.  Plaintiff Ian J. Brown ("Plaintiff") is an individual residing at 223 Cotter Avenue, Neptune, New Jersey, and is a citizen of the State of New Jersey.

2. Defendant Verizon New England, Inc. ("Verizon") is a New York corporation with a usual place of business and residing at 185 Franklin Street, Boston, County of Suffolk, Massachusetts.

3. Prior to January 4, 2002, Defendant Verizon, or its predecessors in interest, caused a utility pole, which pole was numbered "37" or "16/37" ("the pole") to be placed on the side of Hartwell Road in Bedford, County of Middlesex, Massachusetts.

4. At all times relevant to the Complaint, the pole was owned by Defendant Verizon.

5. At all times relevant to the Complaint, the pole was controlled by Defendant Verizon.

6. Defendant Verizon was negligent, and its negligence included but was not limited to negligently placing or locating the pole in a position, and/or negligently allowing the pole to remain in a position, that:

    a. was unreasonably close to Hartwell Road;

    b. was located at the outside of a curve;

    c. was located between Hartwell Road and a guardrail ("the guardrail") that was directly behind the pole; and/or

    d. was otherwise located in such a manner as to be unreasonably dangerous to the motoring public, including Plaintiff.

7. At all times relevant to the Complaint, Defendant Verizon knew or should have known that the location of the pole created an unreasonably dangerous condition for the motoring public on said Hartwell Road.

8. On or about January 4, 2002, Plaintiff Ian Brown, while traveling on said Hartwell Road, lost control of the motorcycle upon which he was riding, despite his exercise of due care.

9. As a consequence of losing control of the motorcycle, Plaintiff Ian Brown's body was caused to slide headfirst along the guardrail, which guardrail acted as a conduit channeling said Plaintiff toward the pole and causing said Plaintiff's head to slam with great force into the pole.

10. As a direct and proximate result of the negligence of Defendant Verizon as aforesaid, Plaintiff Ian Brown was caused to suffer serious and permanent personal injuries including but not limited to paralysis, and

incurred medical expenses in excess of $2000.

**WHEREFORE**, PLAINTIFF **IAN J. BROWN** DEMANDS JUDGMENT AGAINST DEFENDANT **VERIZON NEW ENGLAND, INC.** IN THE SUM OF TWENTY-FIVE MILLION DOLLARS, PLUS INTEREST AND COSTS.

## COUNT II

11. Plaintiff James Brown is an individual residing at 223 Cotter Avenue, Neptune, New Jersey.

12. Plaintiff Barbara Brown is an individual residing at 223 Cotter Avenue, Neptune, New Jersey.

13. Plaintiffs James Brown and Barbara Brown reaffirm and reallege paragraphs 1 through 10 of Count I as if specifically affirmed and alleged herein.

14. James Brown and Barbara Brown are the natural father and natural mother, respectively, of Plaintiff Ian Brown.

15. As a direct and proximate result of the above-referenced negligence of Defendant Verizon and consequent serious and permanent injuries suffered by their son Plaintiff Ian Brown, Plaintiffs James Brown and Barbara Brown have suffered a loss of their son's consortium.

16. As a direct and proximate result of Defendant Verizon's negligence as aforesaid, Plaintiff Ian Brown has become financially and otherwise dependent upon his parents, Plaintiffs James and Barbara Brown.

**WHEREFORE**, PLAINTIFFS **JAMES BROWN** and **BARBARA BROWN** DEMAND JUDGMENT AGAINST DEFENDANT **VERIZON NEW ENGLAND, INC.** IN THE SUM OF TEN MILLION DOLLARS, PLUS INTEREST AND COSTS.

## COUNT III

17. Defendant Boston Edison Company d/b/a NSTAR Electric ("NSTAR") is a Massachusetts corporation that conducts business in Massachusetts and is headquartered at 800 Boylston Street, Boston, Massachusetts.

18. Prior to January 4, 2002, Defendant NSTAR, or its predecessors in interest, caused a utility pole, which pole was numbered "37" or "16/37" ("the pole") to be placed on the side of Hartwell Road in Bedford, County of Middlesex, Massachusetts.

19. At all times relevant to the Complaint, the pole was owned by Defendant

NSTAR.

20. At all times relevant to the Complaint, the pole was controlled by Defendant NSTAR.

21. Defendant NSTAR was negligent, and its negligence included but was not limited to negligently placing or locating the pole in a position, and/or negligently allowing the pole to remain in a position, that:

   a. was unreasonably close to Hartwell Road;

   b. was located at the outside of a curve;

   c. was located between Hartwell Road and a guardrail ("the guardrail") that was directly behind the pole; and/or

   d. was otherwise located in such a manner as to be unreasonably dangerous to the motoring public, including Plaintiff.

22. At all times relevant to the Complaint, Defendant NSTAR knew or should have known that the location of the pole created an unreasonably dangerous condition for the motoring public on said Hartwell Road.

23. On or about January 4, 2002, Plaintiff, while traveling on said Hartwell Road, lost control of the motorcycle upon which he was riding, despite his exercise of due care.

24. As a consequence of losing control of the motorcycle, Plaintiff's body was caused to slide headfirst along the guardrail, which guardrail acted as a conduit channeling said Plaintiff toward the pole and causing said Plaintiff's head to slam with great force into the pole.

25. As a direct and proximate result of the negligence of Defendant NSTAR as aforesaid, Plaintiff Ian Brown was caused to suffer serious and permanent personal injuries including but not limited to paralysis, and incurred medical expenses in excess of $2000.

**WHEREFORE**, PLAINTIFF **IAN J. BROWN** DEMANDS JUDGMENT AGAINST DEFENDANT **BOSTON EDISON COMPANY d/b/a NSTAR ELECTRIC** IN THE SUM OF TWENTY-FIVE MILLION DOLLARS, PLUS INTEREST AND COSTS.

## COUNT IV

26. As a direct and proximate result of the above-referenced negligence of

Defendant NSTAR and consequent serious and permanent injuries suffered by their son Plaintiff Ian Brown, Plaintiffs James Brown and Barbara Brown have suffered a loss of their son's consortium.

27. As a direct and proximate result of Defendant NSTAR's negligence as aforesaid, Plaintiff Ian Brown has become financially and otherwise dependent upon his parents, Plaintiffs James and Barbara Brown.

**WHEREFORE**, PLAINTIFFS **JAMES BROWN** and **BARBARA BROWN** DEMAND JUDGMENT AGAINST DEFENDANT **BOSTON EDISON COMPANY d/b/a NSTAR ELECTRIC** IN THE SUM OF TEN MILLION DOLLRS, PLUS INTEREST AND COSTS.

### COUNT V

28. Plaintiff Ian J. Brown is an individual residing at 223 Cotter Avenue, Neptune, New Jersey.

29. Defendant United States of America, if it were a private person, would be liable to Plaintiffs in accordance with the laws of Massachusetts.

30. Pursuant to 28 U.S.C. §2675(a), the claim set forth herein against Defendant United States of America was presented to the Department of the Navy and the Department of the Air Force. On May 17, 2004, the Department of the Navy, on behalf of itself and the Department of the Air Force pursuant to 28 CFR §14.2, denied the claim.

31. At all times relevant to the Complaint, the Defendant United States of America administered an agency entitled the Department of the Navy, and an agency entitled the Department of the Air Force (together, "the agencies").

32. At all times relevant to the Complaint, Defendant United States of America, by and through one or both of the agencies, owned or controlled land ("the land") to the side of Hartwell Road in Bedford, Massachusetts upon which was located a utility pole numbered "37" or "16/37" ("the pole").

33. Prior to January 4, 2002, Defendant United States of America, by and through one or both of the agencies, placed, caused to be placed, or suffered the placement of, a guardrail ("the guardrail") on the land.

34. The guardrail was placed adjacent to the pole in such a location that the pole was between the guardrail and said Hartwell Road.

35. Defendant United States of America, by and through one or both of the agencies, was negligent, and its negligence included but was not limited to:

   a. negligently placing, causing to be placed, or suffering the placement of, the guardrail in a location adjacent to the pole and on the outside of the pole from the roadway;
   b. negligently failing to cause the guardrail to be removed or relocated from its location adjacent to the pole and on the opposite side of the pole from the roadway; and/or;
   c. negligently failing to cause the pole to be removed or relocated from its location adjacent to the guardrail and on the outside of the pole from the roadway.

36. At all times relevant to the Complaint, Defendant United States of America, by and through one or both of the agencies, knew or should have known that the location of the guardrail in relation to the pole created an unreasonably dangerous condition for the motoring public on said Hartwell Road.

37. On or about January 4, 2002, Plaintiff Ian Brown, while traveling on said Hartwell Road, lost control of the motorcycle upon which he was riding, despite his exercise of due care.

38. As a consequence of losing control of the motorcycle, Plaintiff Ian Brown's body was caused to slide headfirst along the guardrail, which guardrail acted as a conduit channeling said Plaintiff toward the pole and causing said Plaintiff's head to slam with great force into the pole.

39. As a direct and proximate result of the negligence as aforesaid of Defendant United States of America, by and through one or both of the agencies, Plaintiff Ian Brown was caused to suffer serious and permanent personal injuries, including but not limited to paralysis, and incurred medical expenses in excess of $2000.

**WHEREFORE, PLAINTIFF IAN J. BROWN** DEMANDS JUDGMENT AGAINST DEFENDANT **UNITED STATES OF AMERICA** IN THE SUM OF TWENTY-FIVE MILLION DOLLARS, PLUS COSTS.

<u>COUNT VI</u>

40. Plaintiff James Brown is an individual residing at 223 Cotter Avenue, Neptune, New Jersey.

41. Plaintiff Barbara Brown is an individual residing at 223 Cotter Avenue,

Neptune, New Jersey.

42. Plaintiffs James Brown and Barbara Brown reaffirm and reallege paragraphs 28 through 39 of Count V as if specifically affirmed and alleged herein.

43. James Brown and Barbara Brown are the natural father and natural mother, respectively, of Plaintiff Ian Brown.

44. As a direct and proximate result of the above-referenced negligence of Defendant United States of America, by and through one or both of the agencies, and consequent serious and permanent injuries suffered by their son Plaintiff Ian Brown, Plaintiffs James Brown and Barbara Brown have suffered a loss of their son's consortium.

45. As a direct and proximate result of the negligence as aforesaid of Defendant United States of America, by and through one or both of the agencies, Plaintiff Ian Brown has become financially and otherwise dependent upon his parents, Plaintiffs James and Barbara Brown.

**WHEREFORE, PLAINTIFFS JAMES BROWN and BARBARA BROWN DEMAND JUDGMENT AGAINST DEFENDANT UNITED STATES OF AMERICA IN THE SUM OF TEN MILLION DOLLARS, PLUS COSTS.**

**PLAINTIFFS DEMAND TRIAL BY JURY ON COUNTS I THROUGH IV**

Respectfully submitted,
The Plaintiffs,
By their attorney,

Scott E. Charnas, Esq. BBO# 081240
MANHEIMER & CHARNAS, LLP
210 Commercial Street
Boston, MA 02109
617-557-4700

Dated: September 2, 2004