binder

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                         SUPERIOR COURT
                                                    CIVIL ACTION NO. 03-0159

IAN J. BROWN, )
JAMES BROWN )
And )
BARBARA BROWN )
    Plaintiffs, )
)
v. )
VERIZON NEW ENGLAND, INC. )
AND )
BOSTON EDISON COMPANY )
d/b/a NSTAR ELECTRIC, )
    Defendants. )



## DEFENDANT BOSTON EDISON COMPANY'S ANSWERS AND OBJECTIONS TO PLAINTIFF IAN J. BROWN'S INTERROGATORIES

### General Objections

1. The Defendant objects to any interrogatory which seeks information protected by the attorney/client privilege and/or work product doctrine.

2. The Defendant objects to any interrogatory which exceeds the scope of discovery allowed by the Massachusetts Rules of Civil Procedure.

3. The Defendant objects to each discovery request to the extent it seeks information not relevant to the subject matter of this litigation or not reasonably calculated to lead to the discovery of admissible evidence.

4. The following responses and objections are based upon information now known. The Defendant has not yet completed its discovery or preparation for trial in this action and, therefore, reserves its right to amend, modify, or supplement the objections or responses stated herein.

## RESPONSES

Interrogatory No. 1

Please fully identify the person answering these interrogatories, giving his or her full name, business address, position within the Defendant, and current job responsibilities.

Response to Interrogatory No. 2

Daniel J. Roche
NSTAR Electric & Gas Corporation
One NSTAR Way
Westwood, Massachusetts
Manager, Claims Administration

Interrogatory No. 2

Please state the name and current address of each and every entity that owned the pole at any time between January 4, 1990 and January 4, 2002.

Response to Interrogatory No .2

Subject to and without waiver of the General Objections, Boston Edison states that the pole that plaintiff alleges he came into contact with has been jointly owned by Boston Edison Company, 800 Boylston Street, Boston, Massachusetts and New England Telephone & Telegraph Company and/or its successor corporations.

Interrogatory No. 3

Please describe the exact location of the pole on Hartwell Road, Bedford, Massachusetts, at all times from and including January 1, 1992 through January 4, 2002, giving the distance of the pole from said Hartwell Road or from another fixed object.

Response to Interrogatory No. 3

Boston Edison objects to said interrogatory as the phrases "exact location" and "another fixed object" are vague and ambiguous and do not reasonably identify the information requested.   Subject to and without waiver of the foregoing objections and the General

Objections, Boston Edison states that the pole has been located along the side of Hartwell Road adjacent to property known as Hanscom Air Force Base since 1964 to the present.

Interrogatory No. 4

In regard to the pole, please state:

    a.    the date when the pole was initially placed or located on Hartwell Road;

    b.    whether the pole has been relocated since it was initially placed on Hartwell Road, and the basis for each such relocation;

    c.    whether a guardrail or any device intended to protect the pole from damage, was ever located, prior to January 4, 2002, between the pole and Hartwell Road;

    d.    when Defendant first became aware that the pole was located between the guardrail and Hartwell Road, and the circumstances under which Defendant became aware of same.

Response to Interrogatory No. 4

Subject to and without waiver of the General Objections, Boston Edison states:

    (a)    The pole that plaintiff alleges he came into contact with was installed in 1964;

    (b)    The pole has not been relocated since it was installed;

    (c)    Boston Edison objects to said interrogatory on the grounds that it purports to characterize the purpose of the guardrail as being to protect the pole. Subject to and without waiver of the General Objections and the foregoing objection, Boston Edison states that it is not aware of a guardrail being located between Hartwell Road and the utility pole. Further answering, Boston Edison states that it is not aware of who installed the guardrail or when it was installed.

    (d)    Boston Edison did not become aware of the location of the guardrail until after it received notice of plaintiff's accident;

Interrogatory No. 5

In regard to any predecessor pole(s), please state:

3

a. the date when the first such pole was initially placed or located on Hartwell Road;

b. the exact location of each such predecessor pole, if different from the location of the pole on January 4, 2002;

c. whether any predecessor pole(s) had been relocated since being initially placed on Hartwell Road, and the basis for each such relocation;

d. whether a guardrail or any device intended to protect any predecessor pole(s) from damage, was ever located, prior to January 4, 2002 between the pole and Hartwell Road;

e. when Defendant first became aware that any predecessor pole(s) were located between a guardrail and Hartwell Road, and the circumstances under which Defendant became aware of same;

f. every action taken by Defendant as a result of receiving the information referenced in subpart (e) above, including in your answer the name and current/last known address of every person who took each such action.

Response to Interrogatory No. 5

Subject to and without waiver of the General Objections, Boston Edison states:

(a) That there has been a utility pole at this location since 1916;

(b) Boston Edison objects to said interrogatory as the phrase "exact location" is vague and ambiguous and does not reasonably identify the information requested. Boston Edison further answers that replacement poles were installed in 1929, 1954 and 1964 in the same location;

(c) No predecessor poles were relocated;

(d) Boston Edison objects to said interrogatory on the grounds that it purports to characterize the purpose of the guardrail as being to protect the pole. Subject to and without waiver of the General Objections and the foregoing objection, Boston Edison states that it is not aware of a guardrail being located between Hartwell Road and the utility pole. Further answering, Boston Edison states that it is not aware of who installed the guardrail or when it was installed.

4

(e) Boston Edison is not aware that any predecessor poles were located between a guardrail and Hartwell Road;

(f) Boston Edison objects on the grounds that it seeks information beyond the scope of Rule 26 and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 6

Please provide the name and current/last known address of each and every person whose duties between January 1, 1990 and January 4, 2002 included responsibility for determining whether the pole should be relocated or guarded.

Response to Interrogatory No. 6

Boston Edison objects to said interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, beyond the scope of Rule 26 and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and the foregoing objections, Boston Edison states that there is no one individual who has responsibility for relocation or guarding of poles. Further answering, Boston Edison states that the electric distribution system in Bedford falls under the responsibility of the Waltham District Service Center. The Waltham District performs maintenance, repair and related work on the electrical distribution system on Hartwell Road in Bedford. The Managers of the Waltham Service Center from January 1, 1990 to January 4, 2002 include: Bob Sisson, Frank Hale, Cheryl Towles, Paul Marshall, Bob Masci and Sue McSherry.

Interrogatory No. 7

Please provide the name and current/last known address of each and every person whose duties between January 1, 1990 and January 4, 2002 included responsibility for the inspection, maintenance and/or repair of the pole.

Response to Interrogatory No. 7

Boston Edison objects to said interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, beyond the scope of Rule 26 and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and the foregoing objections, Boston Edison states that the electric distribution system in Bedford falls under the responsibility of the Waltham District Service Center. The Waltham District performs maintenance, repair and related work on the electrical distribution system on Hartwell Road in Bedford. The Managers of the Waltham Service Center from January 1, 1990 to January 4, 2002 include: Bob Sisson, Frank Hale, Cheryl Towles, Paul Marshall, Bob Masci and Sue McSherry.

Interrogatory No. 8

Please provide the name, current/last known address, and employer of each and every person who, between January 1, 1990 and January 4, 2002, maintained, inspected, repaired or relocated the pole.

Response to Interrogatory No. 8

Boston Edison objects to said interrogatory on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, beyond the scope of Rule 26 and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 9

Please state the date that the guardrail was installed in the location it was in on January 4, 2002, and identify the person, firm or entity that caused the guardrail to be installed in that location.

Response to Interrogatory No. 9

Subject to and without waiver of the General Objections, Boston Edison states it does not know who installed the guardrail or when it was installed.

6

Interrogatory No. 10

Please describe in detail what, if any role Defendant had in the decision to place or install the guardrail in the position it was in on January 4, 2002.

Response to Interrogatory No. 10

Subject to and without waiver of the General Objections, Boston Edison states it had no involvement in the placement, location or installation of the guardrail.

Interrogatory No. 11

Please provide the name and current/last known address of each and every person whose duties between January 1, 1990 and January 4, 2002 included responsibility for determining whether the utilities carried by the pole should be buried underground.

Response to Interrogatory No. 11

Boston Edison objects to said interrogatory on the grounds that it is vague, ambiguous, overbroad, beyond the scope of permissible discovery under Rule 26 and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections and the foregoing objections, Boston Edison states that its distribution system is designed for overhead construction. Further answering, Boston Edison states that upon request of a customer or a municipality, it will consider placement of its distribution system underground which will be done at the requesting customer's or municipality's expense. Boston Edison is not aware of any request to place the distribution system at Hartwell Road underground.

Interrogatory No. 12

Please provide the name and current/last known address of each person who witnessed the subject incident.

Response to Interrogatory No. 12

7

Subject to and without waiver of the General Objections, Boston Edison states it is not aware of any witnesses to the accident other than plaintiff Ian Brown.

Interrogatory No. 13

Please state the amounts of coverage afforded by each insurance policy and the name of each insurer concerning each insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment that may be entered in this action against Defendant. This interrogatory is intended to cover primary and as well as "excess" or "umbrella" insurance coverage. Include in your answer for each policy the following:

   a.   the name of the insurance carrier;
   b.   the policy number;
   c.   the policy period; and
   d.   the policy limits.

Response to Interrogatory No. 13

Subject to and without waiver of the General Objections, Boston Edison states:
   (a)   Boston Edison is self insured with self insured retention limits of $500,000. In addition, excess coverage is provided by AEGIS with limits of $35,000,000;
   (b)   X0232A1B99
   (c)   June 1, 2000 – June 1, 2002;
   (d)   $35,000,000

Interrogatory No. 14

Please state the name and address of each person whom you expect to call as an expert witness on behalf of the Defendant, and with respect to each such expert please state, specifying separately as to each such expert:
   a.   The subject matter of the expected testimony;

8

    b.    The substance of the facts and opinions to which each such expert is expected to testify; and

    c.    detailed summary of the grounds for each such opinion.

Response to Interrogatory No. 14

Subject to and without waiver of the General Objections, Boston Edison states it has not determined whom it will call as an expert witness at the trial of this matter.

Interrogatory No. 15

If Defendant claims Plaintiff was comparatively negligent, please state all facts upon which such defense is based. Please include in your answer the name and current/last known address of each person who provided any of the facts set forth in your answer, and state which facts each person provided.

Response to Interrogatory No. 15

Subject to and without waiver of the General Objections, Boston Edison states that discovery is ongoing and will supplement this response as necessary.

Interrogatory No. 16

Please describe in detail how the occurrence happened.

Response to Interrogatory No. 16

Subject to and without waiver of the General Objections, Boston Edison states, based upon the limited information available to it, it does not have detailed information as to how the accident occurred other than the fact that plaintiff Ian Brown lost control of his motorcycle and was injured.

Interrogatory No. 17

Please state the name and current/last known address of each and every person, firm or entity that Defendant claims negligently caused or contributed to cause the occurrence, and state in detail the basis for Defendant's answer.

Response to Interrogatory No. 17

Subject to and without waiver of the General Objections, Boston Edison states it is not aware of any negligence by any individuals or entities other than any possible negligence by plaintiff. Further answering, Boston Edison states that discovery is ongoing and it will supplement this answer if necessary.

Interrogatory No. 18

Please describe in detail any and all attempts made to locate the pole or any predecessor pole(s), or to obtain permission to locate the pole or any predecessor pole(s), on the opposite of Hartwell Road from the side the pole was located upon on January 4, 2002, including in your answer:

    a      the identity of the person or persons who made each such attempt;
    b.     the basis for making each such attempt;
    c.     when each such attempt was made;
    d.     the basis for the failure of each such attempt.

Response to Interrogatory No. 18

Subject to and without waiver of the General Objections, Boston Edison states that it is not aware of any request or attempt to relocate the pole to the other side of Hartwell Road..

Interrogatory No. 19

Please describe in detail any and all attempts made to locate the guardrail, or to obtain permission to locate the guardrail, in a location other than the location the guardrail was in on January 4, 2002, including in your answer;

    a.     the identity of the person or persons who made each such attempt;
    b.     the basis for making each such attempt
    c.     when each such attempt was made;
    d.     the basis for the failure of each such attempt.

Response to Interrogatory No. 19

Subject to and without waiver of the General Objections, Boston Edison states it had no involvement in and has no knowledge of the placement, location or installation of the guardrail.

Interrogatory No. 20

For any and all damage to or contact with the pole, any predecessor pole(s), any utility pole(s) within 100 feet of the pole or within 100 feet of any predecessor pole(s), caused by a motor vehicle prior to January 4, 2002, please state for each such incident:

    a.    the date of the incident;
    b.    the extent of the damage to the pole or predecessor pole(s);
    c.    name and current/last known address of each person involved in each such accident;
    d.    the name, job title and current/last known address of each of Defendant's employees who inspected the pole, any such predecessor pole(s), any such utility poles(s) within 100 feet of the pole or within 100 feet of any such predecessor pole(s), to determine the extent of damage to said poles as a result of each such incident.

Response to Interrogatory No. 20

Boston Edison objects to said interrogatory on the grounds that it is overbroad, unlimited in time, unduly reasonably, beyond the scope of permissible discovery under Rule 26 and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the General Objections, Boston Edison states it has no record of any damage or contact with the pole that plaintiff claims he came into contact with on Hartwell Road. Further answering, Boston Edison states that there is no record of any damage or contact with the poles adjacent on either side to the pole Plaintiff alleges he came into contact with.

## VERIFICATION

DANIEL J. ROCHE, being first duly sworn upon oath, deposes and states that he has read the responses to Plaintiffs' First Set of Interrogatories to Defendant, Boston Edison Company, in the above-captioned action, and that the responses are true to the best of his knowledge and belief, and that he is duly authorized to make these responses on behalf of said defendant, Boston Edison Company. He further states that he does not have and, upon information and belief, states that no one officer or agent of Boston Edison Company has personal knowledge of all matters set forth in said responses; that said responses were prepared from information supplied by him and other employees of Boston Edison Company and on an examination of records maintained by Boston Edison Company.

SUBSCRIBED TO UNDER PAINS AND PENALTIES OF PERJURY THIS 6th DAY OF OCTOBER 2003.

*[signature]*
Daniel J. Roche
Manager, Claims Administration

As to Objections,

*[signature]*

Michael K. Callahan, Esq.
BBO# 546660
NSTAR Electric & Gas Corporation
800 Boylston Street, 17th Floor
Boston, Massachusetts 02199
(617) 424-2102

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail/hand on 10/7/03, and by hand delivery to plaintiffs' counsel *[signature]*

12