# EXHIBIT H

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                            SUPERIOR COURT
                                                        CIVIL ACTION
                                                        NO. 03-0159

|  |  |
|---|---|
| IAN J. BROWN, JAMES BROWN and BARBARA BROWN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| VERIZON NEW ENGLAND, INC. and BOSTON EDISON COMPANY d/b/a NSTAR ELECTRIC | ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANT VERIZON NEW ENGLAND, INC.'S SUPPLEMENTAL ANSWERS TO THE PLAINTIFF IAN J. BROWN'S INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Verizon New England, Inc. (hereinafter "Verizon" or "Defendant") hereby supplements its answers to Plaintiff Ian J. Brown's Interrogatories as follows:

## ANSWERS TO INTERROGATORIES

INTERROGATORY NO. 1:

Please fully identify the person answering these interrogatories, giving his or her full name, business address, position within the Defendant, and current job responsibilities.

SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 1:

Michael Donovan. Outside Plant Engineering Manager, Verizon New England, Inc., 459 Main Street, Floor 2, Saugus, MA 01906.

INTERROGATORY NO. 2:

Please state the name and current address of each and every entity that owned the pole at any time between January 4, 1990 and January 4, 2002.

SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2:

Pole 16/37 on Hartwell Rd. in Bedford was jointly owned at all times between January 4, 1990 and January 4, 2002 by Boston Edison Company and Verizon New England, Inc. and its predecessors in interest: New England Telephone & Telegraph Company, Nynex and Bell Atlantic-New England. Verizon's principal place of business is located at 185 Franklin Street, Boston, MA 02110.

INTERROGATORY NO. 4:

In regard to the pole, please state:

- a. the date when the pole was initially placed or located on Hartwell Road;

- b. whether the pole has been relocated since it was initially placed on Hartwell Road, and the basis for each such relocation;

- c. whether the guardrail or any device intended to protect the pole from damage, was ever located, prior to January 4, 2002, between the pole and Hartwell Road;

- d. when Defendant first became aware that the pole was located between the guardrail and Hartwell Road, and the circumstances under which Defendant became aware of same.

SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 4:

- a. The pole was placed in 1962;
- b. The pole has not been relocated since it was placed in 1962;
- c. Verizon has no record of a guardrail or any device intended to protect the pole from damage ever being located between the pole and Hartwell Road;
- d. Verizon has no record of ever becoming aware, prior to notification from counsel for the Plaintiff in 2002, that the pole was located between a guardrail and Hartwell Road.

INTERROGATORY NO. 5:

In regard to any predecessor pole(s), please state:

    a. the date when the first such pole was initially placed or located on Hartwell Road;

    b. the exact location of each such predecessor pole, if different from the location of the pole on January 4, 2002;

    c. whether any predecessor pole(s) had been relocated since being initially placed on Hartwell Road, and the basis for each such relocation;

    d. whether a guardrail or any device intended to protect any predecessor pole(s) from damage, was ever located, prior to January 4, 2002, between the pole and Hartwell Road;

    e. when Defendant first became aware that any predecessor pole(s) were located between a guardrail and Hartwell Road, and the circumstances under which Defendant became aware of same;

    f. every action taken by Defendant as a result of receiving the information referenced in subpart (e) above, including in your answer the name and current/last known address of every person who took each such action.

SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5:

    a. 1916;

    b. Verizon has no information that any predecessor poles were relocated between 1916 and January 4, 2002;

    c. See supplemental answer 5(b);

    d. Verizon has no record of a guardrail or any device intended to protect the pole or any predecessor poles from damage ever being located between the pole and Hartwell Road;

    e. Verizon has no record of any predecessor pole ever being located between a guardrail and Hartwell Road;

    f. See supplemental answer 5(e).

INTERROGATORY NO. 14:

Please state the name and address of each person whom you expect to call as an expert witness on behalf of the Defendant, and with respect to each such expert please state, specifying separately as to each such expert:

    a.    The subject matter of the expected testimony;

    b.    The substance of the facts and opinions to which each such expert is expected to testify; and

    c.    A detailed summary of the grounds for each such opinion.

SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 14:

Verizon will make its expert disclosures in accordance with Federal Rule of Civil Procedure.

INTERROGATORY NO. 15:

If Defendant claims Plaintiff was comparatively negligent, please state all facts upon which such defense is based. Please include in your answer the name and current/last known address of each person who provided any facts set forth in your answer, and state which facts each person provided.

ANSWER TO INTERROGATORY NO. 15:

Based on police records, Plaintiff was involved in a single vehicle accident and Verizon understands that the Plaintiff lost control of his vehicle. Further answering, Verizon expects that the answer to this interrogatory will be the subject of expert testimony and Verizon will make its expert disclosures in accordance with Federal Rule of Civil Procedure.

THE FOREGOING INFORMATION IS NOT BASED UPON PERSONAL KNOWLEDGE, BUT UPON INQUIRY OF THE AGENTS, SERVANTS, EMPLOYEES AND RECORDS OF VERIZON.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 21st DAY OF DECEMBER 2006.

_____
Michael Donovan

As to Objections:

_____
William A. Worth, BBO #544086
Joshua A. Lewin, BBO #658299
Prince, Lobel, Glovsky & Tye LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
(617) 367-2202

Dated: December 21, 2006

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first-class mail, postage prepaid on December 21, 2006.

_____
Joshua A. Lewin

5

** TOTAL PAGE.06 **