# EXHIBIT K

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                              SUPERIOR COURT
                                                          CIVIL ACTION
                                                          NO. 03-0159

|  |  |
|---|---|
| IAN J. BROWN, JAMES BROWN and BARBARA BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> VERIZON NEW ENGLAND, INC. and BOSTON EDISON COMPANY d/b/a NSTAR ELECTRIC <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### DEFENDANT VERIZON NEW ENGLAND, INC.'S ANSWERS TO THE PLAINTIFF IAN J. BROWN'S INTERROGATORIES

Pursuant to Rule 33 of the Massachusetts Rules of Civil Procedure defendant Verizon New England, Inc. (hereinafter "Verizon" or "Defendant") hereby responds to Plaintiff Ian J. Brown's Interrogatories as follows:

The following answers and objections are based upon information now known. Verizon has not yet completed discovery or preparation for trial in this matter and therefore reserves the right to amend, modify, or supplement the objections and answers set forth below.

### ANSWERS TO INTERROGATORIES

INTERROGATORY NO. 1:

Please fully identify the person answering these interrogatories, giving his or her full name, business address, position within the Defendant, and current job responsibilities.

ANSWER TO INTERROGATORY NO. 1:

Richard M. Horan. Resource Manager, Verizon New England, Inc., 285 Locust Street, Woburn, MA 01801. I am a manager at the company's Woburn control center.

INTERROGATORY NO. 2:

Please state the name and current address of each and every entity that owned the pole at any time between January 4, 1990 and January 4, 2002.

ANSWER TO INTERROGATORY NO. 2:

Verizon New England, Inc. and its predecessors in interest: New England Telephone & Telegraph Company, Nynex and Bell Atlantic-New England. Verizon's principal place of business is located at 185 Franklin Street, Boston, MA 02110.

INTERROGATORY NO. 3:

Please describe the exact location of the pole on Hartwell Road, Bedford, Massachusetts, at all times from and including January 1, 1992 through January 4, 2002, giving the distance of the pole from said Hartwell Road or from another fixed object.

ANSWER TO INTERROGATORY NO. 3:

Verizon objects to this Interrogatory on the grounds that it is vague and ambiguous and fails to adequately define the meaning and scope of the term "another fixed object." Subject to and without waiving this objection, the pole is located on Hartwell Road in Bedford, Massachusetts. It is situated approximately 23 inches from Hartwell Road and approximately 120 feet from pole #38, also on Hartwell Road in Bedford, Massachusetts.

INTERROGATORY NO. 4:

In regard to the pole, please state:

   a. the date when the pole was initially placed or located on Hartwell Road;

   b. whether the pole has been relocated since it was initially placed on Hartwell Road, and the basis for each such relocation;

   c. whether the guardrail or any device intended to protect the pole from damage, was ever located, prior to January 4, 2002, between the pole and Hartwell Road;

   d. when Defendant first became aware that the pole was located between the guardrail and Hartwell Road, and the circumstances under which Defendant became aware of same.

ANSWER TO INTERROGATORY NO. 4:

   a. The pole was placed in 1962.
   b. The pole has not been relocated since it was placed in 1962.

2

    c.    Upon information and belief, a guardrail or device has never been located between the pole and Hartwell Road.

    d.    Verizon has no current information responsive to this Interrogatory. Verizon reserves the right to supplement this response should further information become available.

## INTERROGATORY NO. 5:

In regard to any predecessor pole(s), please state:

    a.    the date when the first such pole was initially placed or located on Hartwell Road;

    b.    the exact location of each such predecessor pole, if different from the location of the pole on January 4, 2002;

    c.    whether any predecessor pole(s) had been relocated since being initially placed on Hartwell Road, and the basis for each such relocation;

    d.    whether a guardrail or any device intended to protect any predecessor pole(s) from damage, was ever located, prior to January 4, 2002, between the pole and Hartwell Road;

    e.    when Defendant first became aware that any predecessor pole(s) were located between a guardrail and Hartwell Road, and the circumstances under which Defendant became aware of same;

    f.    every action taken by Defendant as a result of receiving the information referenced in subpart (e) above, including in your answer the name and current/last known address of every person who took each such action.

## ANSWER TO INTERROGATORY NO. 5:

Verizon has no information responsive to this Interrogatory.

## INTERROGATORY NO. 6:

Please provide the name and current/last known address of each and every person whose duties between January 1, 1990 and January 4, 2002 included responsibility for determining whether the pole should be relocated or guarded.

## ANSWER TO INTERROGATORY NO. 6:

Verizon objects in part to this Interrogatory on the grounds that it is vague and ambiguous and fails to adequately define the term "guarded." Subject to and without waiving this Objection, Verizon states that pursuant to the Joint Pole Agreement between Boston Edison Company (now NSTAR) and New England Telephone & Telegraph Company (now Verizon), a copy of which has been produced in response to Plaintiff's

3

Request for Production of Documents, NSTAR and Verizon are jointly responsible for deciding whether the pole should be relocated.

INTERROGATORY NO. 7:

Please provide the name and current/last known address of each and every person whose duties between January 1, 1990 and January 4, 2002 included responsibility for inspection, maintenance and/or repair of the pole.

ANSWER TO INTERROGATORY NO. 7:

Pursuant to the Joint Pole Agreement between Boston Edison Company (now NSTAR) and New England Telephone & Telegraph Company (now Verizon), a copy of which has been produced in response to Plaintiff's Request for Production of Documents, NSTAR assumed responsibility for all maintenance and repair of the pole. Because Verizon had no responsibilities with respect to the maintenance and repair of the pole, Verizon possesses no information with respect to the names and addresses of the individual NSTAR employees who were responsible for the pole's maintenance and repair.

INTERROGATORY NO. 8:

Please provide the name, current/last known address, and employer of each and every person who, between January 1, 1990 and January 4, 2002, maintained, inspected, repaired or relocated the pole.

ANSWER TO INTERROGATORY NO. 8:

Please see Verizon's answer to Interrogatory No. 7.

INTERROGATORY NO. 9:

Please state the date that the guardrail was installed in the location it was in on January 4, 2002, and identify the person, firm or entity that caused the guardrail to be installed in that location.

ANSWER TO INTERROGATORY NO. 9:

Verizon has no information responsive to this Interrogatory.

INTERROGATORY NO. 10:

Please describe in detail what, if any role, Defendant had in the decision to place or install the guardrail in the position it was in on January 4, 2002.

4

ANSWER TO INTERROGATORY NO. 10:

Verizon, to the best of its knowledge, played no role in the decision to place or install the guardrail.

INTERROGATORY NO. 11:

Please provide the name and current/last known address of each and every person whose duties between January 1, 1990 and January 4, 2002 included responsibility for determining whether the utilities carried by the pole should be buried underground.

ANSWER TO INTERROGATORY NO. 11:

Verizon objects to this Interrogatory on the grounds that it is vague and ambiguous and fails to adequately define the terms "utilities" and "buried underground." Verizon further objects to this Interrogatory on the grounds that it exceeds the scope of discovery permitted by Mass. R. Civ. P. 26(b) and seeks information that is not reasonably calculated to lead to the discovery of relevant admissible evidence.

INTERROGATORY NO. 12:

Please provide the name and current/last known address of each person who witnessed the subject incident.

ANSWER TO INTERROGATORY NO. 12:

Verizon is not aware of the existence of any witnesses to the accident.

INTERROGATORY NO. 13:

Please state the amounts of coverage afforded by each insurance policy and the name of each insurer concerning each insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment that may be entered in this action against Defendant. This interrogatory is intended to cover "primary" and as well as "excess" or "umbrella" insurance coverage. Include in your answer for each policy the following:

        a.    the name of the insurance carrier;

        b.    the policy number;

        c.    the policy period; and

        d.    the policy limits.

ANSWER TO INTERROGATORY NO. 13:

        a.    American Home Assurance Company.

5

    b.    GL6124328.

    c.    June 1, 2001 – June 30, 2002.

    d.    The policy limits coverage for bodily injury/property damage to $2,000,000.00 for each occurrence. In the event that there is excess or umbrella coverage beyond these limits, Verizon will supplement this response.

### INTERROGATORY NO. 14:

Please state the name and address of each person whom you expect to call as an expert witness on behalf of the Defendant, and with respect to each such expert please state, specifying separately as to each such expert:

    a.    The subject matter of the expected testimony;

    b.    The substance of the facts and opinions to which each such expert is expected to testify; and

    c.    A detailed summary of the grounds for each such opinion.

### ANSWER TO INTERROGATORY NO. 14:

Verizon has not yet determined who, if anyone, will be called to testify as an expert witness at trial.

### INTERROGATORY NO. 15:

If Defendant claims Plaintiff was comparatively negligent, please state all facts upon which such defense is based. Please include in your answer the name and current/last known address of each person who provided any facts set forth in your answer, and state which facts each person provided.

### ANSWER TO INTERROGATORY NO. 15:

Based on police records, Plaintiff was involved in a single vehicle accident and Verizon understands that the Plaintiff lost control of his vehicle. Discovery is ongoing and Verizon shall supplement this response should further information become available.

### INTERROGATORY NO. 16:

Please describe in detail how the occurrence happened.

### ANSWER TO INTERROGATORY NO. 16:

Please see Verizon's Answers to Interrogatory Nos. 12 and 15.

INTERROGATORY NO. 17:

Please state the name and current/last known address of each and every person, firm or entity that Defendant claims negligently caused or contributed to cause the occurrence, and state in detail the basis for Defendant's answer.

ANSWER TO INTERROGATORY NO. 17:

Please see Verizon's Answer to Interrogatory No. 15.

INTERROGATORY NO. 18:

Please describe in detail any and all attempts made to locate the pole or any predecessor pole(s), or to obtain permission to locate the pole or any predecessor pole(s), on the opposite of Hartwell Road from the side the pole was located upon on January 4, 2002, including in your answer:

    a.    the identity of the person or persons who made each such attempt

    b.    the basis for making each such attempt;

    c.    when each such attempt was made;

    d.    the basis for the failure of each such attempt.

ANSWER TO INTERROGATORY NO. 18:

Verizon has no information responsive to this Interrogatory.

INTERROGATORY NO. 19:

Please describe in detail any and all attempts made to locate the guardrail, or to obtain permission to locate the guardrail, in a location other than the location the guardrail was in on January 4, 2002, including in your answer:

    a.    the identity of the person or persons who made each such attempt;

    b.    the basis for making each such attempt;

    c.    when each such attempt was made;

    d.    the basis for the failure of each such attempt.

ANSWER TO INTERROGATORY NO. 19:

Verizon has no information responsive to this Interrogatory.

INTERROGATORY NO. 20:

For any and all damage to or contact with the pole, any predecessor pole(s), any utility pole(s) within 100 feet of the pole or within 100 feet of any predecessor pole(s), caused by a motor vehicle prior to January 4, 2002, please state for each such incident:

    a.    the date of the incident;

    b.    the extent of the damage to the pole or predecessor pole(s);

    c.    name and current/last known address of each person involved in each such accident;

    d.    the name, job title and current/last known address of each of Defendant's employees who inspected the pole, any such predecessor pole(s), any such utility pole(s) within 100 feet of the pole or within 100 feet of any such predecessor pole(s), to determine the extent of damage to said poles as a result of each such incident.

ANSWER TO INTERROGATORY NO. 20:

Verizon has no record of any motor vehicle-related damage to or contact with the pole, any predecessor poles, any utility pole within 100 feet of the pole or within 100 feet of any predecessor pole.

THE FOREGOING INFORMATION IS NOT BASED UPON PERSONAL KNOWLEDGE, BUT UPON INQUIRY OF THE AGENTS, SERVANTS, EMPLOYEES AND RECORDS OF VERIZON.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 21 DAY OF MAY 2003.

                                                        _____
                                                        Richard Horan

As to Objections:

_____
William A. Worth, BBO #544086
Marni Goldstein Caputo, BBO #650590
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 367-2202

Dated: May 21, 2003

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 5/21/03
_____

8