# EXHIBIT Q

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                                CIVIL ACTION NO. 03-0159

IAN J. BROWN,
JAMES BROWN
  And
BARBARA BROWN
   Plaintiffs,
v.
VERIZON NEW ENGLAND, INC.
   Defendant.

## PLAINTIFF'S COMPLAINT

### COUNT I

1. Plaintiff Ian J. Brown is an individual residing at 223 Cotter Avenue, Neptune, New Jersey.

2. Defendant Verizon New England, Inc. ("Verizon") is a New York corporation with a usual place of business at 185 Franklin Street, Boston, County of Suffolk, Massachusetts.

3. Prior to January 4, 2002, Defendant Verizon, or its predecessors in interest, caused a utility pole, which pole was numbered "37" or "16/37" ("the pole") to be placed on the side of Hartwell Road in Bedford, County of Middlesex, Massachusetts.

4. At all times relevant to the Complaint, the pole was owned by Defendant Verizon.

5. At all times relevant to the Complaint, the pole was controlled by Defendant Verizon.

6. Defendant Verizon was negligent, and its negligence included but was not limited to negligently placing or locating the pole in that:

    a.   it was unreasonably close to Hartwell Road;

    b.    it was located at the outside of a curve;

    c.    it was located between Hartwell Road and a guardrail ("the guardrail") that was directly behind the pole; and/or

    d.    it was otherwise located in such a manner as to be unreasonably dangerous to the motoring public, including Plaintiff.

7. At all times relevant to the Complaint, Defendant Verizon knew or should have known that the location of the pole created an unreasonably dangerous condition for the motoring public on said Hartwell Road.

8. On or about January 4, 2002, Plaintiff Ian Brown, while traveling on said Hartwell Road, lost control of the motorcycle upon which he was riding, despite his exercise of due care.

9. As a consequence of losing control of the motorcycle, Plaintiff Ian Brown's body was caused to slide headfirst along the guardrail, which guardrail acted as a conduit channeling said Plaintiff toward the pole and causing said Plaintiff's head to slam with great force into the pole.

10. As a direct and proximate result of the negligence of Defendant Verizon as aforesaid, Plaintiff Ian Brown was caused to suffer serious and permanent personal injuries.

**WHEREFORE**, PLAINTIFF **IAN J. BROWN** DEMANDS JUDGMENT AGAINST DEFENDANT **VERIZON NEW ENGLAND, INC.** IN A SUM TO BE ADJUDGED BY A JURY, PLUS INTEREST AND COSTS.

## COUNT II

11. Plaintiff James Brown is an individual residing at 223 Cotter Avenue, Neptune, New Jersey.

12. Plaintiff Barbara Brown is an individual residing at 223 Cotter Avenue, Neptune, New Jersey.

13. Plaintiffs James Brown and Barbara Brown reaffirm and reallege paragraphs 1 through 10 of Count I as if specifically affirmed and alleged herein.

14. James Brown and Barbara Brown are the natural father and natural mother, respectively, of Plaintiff Ian Brown.

15. As a direct and proximate result of the above-referenced negligence of Defendant Verizon and consequent serious and permanent injuries suffered by their son Plaintiff Ian Brown, Plaintiffs James Brown and Barbara Brown have suffered a loss of their son's consortium.

16. As a direct and proximate result of Defendant Verizon's negligence as aforesaid, Plaintiff Ian Brown has become financially and otherwise dependent upon his parents, Plaintiffs James and Barbara Brown.

**WHEREFORE, PLAINTIFFS JAMES BROWN and BARBARA BROWN DEMAND JUDGMENT AGAINST DEFENDANT VERIZON NEW ENGLAND, INC. IN A SUM TO BE ADJUDGED BY A JURY, PLUS INTEREST AND COSTS.**

**PLAINTIFFS DEMAND TRIAL BY JURY**

Respectfully submitted,
The Plaintiffs,
By their attorney,

Scott E. Charnas, Esq. BBO# 081240
SCOTT E. CHARNAS & ASSOCIATES, P.C.
220 Commercial Street
Boston, MA 02109
617-557-4700

Dated: January 13, 2003