UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IAN J. BROWN, JAMES BROWN, and BARBARA BROWN,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>VERIZON NEW ENGLAND, INC., and<br>BOSTON EDISON COMPANY d/b/a/<br>NSTAR ELECTRIC,<br><br>    Defendants. | Civ. No. 04-11924-RGS |

## UNITED STATES' STATEMENT OF MATERIAL FACTS

1. Plaintiffs have brought suit regarding Ian Brown's motorcycle accident, January 4, 2002, on Hartwell Road in Bedford, Massachusetts. Complaint ¶ 8. Brown was riding his motorcycle east on Hartwell Road, returning to work at Hanscom Air Force Base from his lunch break at home, when he lost control of the motorcycle, and, he alleges, collided with a guard rail parallel to the road and crashed head first into utility pole 37. Complaint at ¶ 8-9. See also, Brown v. United States et al, 410 F. Supp.2d 3, 4 (D. Mass. 2006).[1] Plaintiffs allege that the United States is liable in negligence for his injuries because the United States owned and controlled the property on which the guard rail is situated;

---

[1] See Exhibit A to this memorandum for photographs of the accident site.

Complaint ¶ 32; "placed, caused to be placed or suffered the placement of the guard rail on the land;" Complaint ¶ 33; and/or failed to remove or relocate the pole and/or the guard rail. Id. ¶ 35. See also, Brown, 410 F. Supp.2d at 5.

    2. The Raytheon Corp. leased from the United States Navy the parcel of land immediately south of the accident site, from 1967 to at least 1998. Deposition of Joseph Broderick (Exhibit C to the memorandum in support of summary judgment) at 13-14. Raytheon's property manager was Joseph Broderick, who worked for as property manager for 38 years, and whose responsibilities included upkeep of the property and capital maintenance, id. at 24. He does not recall every having made any proposal or done anything with guardrails or utility poles . . . . Id. at 54-55; see also at 27 (no recollection of guardrail being erected at the location at any point in time). Pursuant to its contract with the Navy, Raytheon was required to obtain written Navy approval before undertaking capital maintenance projects, even if the project was minor, and putting up a guardrail would fall within capital maintenance and would have required Navy approval before it occurred. Broderick also reviewed Raytheon records and found no mention of the guardrail (or the pole), id. at 69, and the guardrail was not present on drawings of the site. Id. At 69-70.

    3. Jerry D. Peterson, a civilian employee of the Navy at its facility south of Hartwell Road behind Pole 37, formerly the Raytheon site, was designated as a rule 30(b)(6) witness on behalf of the Navy. He testified that he was responsible for searching for, gathering, and reviewing the Navy records and Raytheon records,

accompanied by Joseph Broderick.  Declaration of Jerry D. Peterson ¶ 1-2 (Exhibit D to the memorandum).  He found absolutely no reference in the records to the guard rail at Pole 37 in either the Navy or Raytheon records.  Moreover, he states that the Navy "has no knowledge of the purpose for which the guard rail was erected, the identity of the persons who requested or otherwise caused the guard rail to be erected or to be maintained or repaired, and it has no knowledge of any communications" about the guard rail.  Id. ¶ 5.

    4.  The Air Force also searched its property records.  Dennis Cronin, designated as the Air Force rule 30(b)(6) witness, searched the real property records of the Air Force at Hanscom base and found no record whatsoever of the guard rail, and no references or mentions of any kind regarding the guard rail, including construction, installation, maintenance, financing, or approvals.  Declaration of Dennis Cronin (Exhibit E to the memorandum) ¶ 6.  Moreover, Cronin, a civilian employee of the Air Force since 1980, with responsibility for oversight of real property and space management for the Air Force facilities at Hanscom Air Force Base, testified that the Air Force had no responsibility for the construction, location and maintenance of the guard rail.  Id. ¶ 6. The Air Force has no knowledge of the purpose for which the guard rail was erected, the identity of the persons who requested or otherwise caused the guard rail to be erected or to be maintained or repaired, and it has no knowledge of any communications regarding the guard rail.  Id.

    5.  Jerry D. Peterson stated that the Navy does not own Hartwell Road.  Peterson

Decl. ¶ 7.  The road is used as a public road and the Navy did no maintenance, construction, planning, public safety, or law enforcement work with regard to the road. Id.

6.  Dennis Cronin testified that the Air Force has never owned Hartwell Road and/or its shoulders, and has never maintained Hartwell Road.  Cronin Decl. ¶ 2.  Based on his 27 years operating and maintaining the Air Force facilities at Hanscom, he testified that no agency of the federal government owns or has owned or maintained Hartwell Road and its shoulders.  Id. ¶ 8.

7.  Armand L.C. Ouellette, who was in charge of maintenance of grounds and roads at Hanscom, testified that the Town of Bedford has always maintained the property that the guard rail is on.  Deposition of Ouellette (Exhibit G to the memorandum) at 28.  "We've never had the road, we've never maintained it, and we've never done anything to it."  Id. at 32.  Nor to the property immediately adjacent to either side of the road.  Id.  Nor did he ever do anything over his many years of employment at Hanscom that would indicate that the United States considered the land under the guardrail to be under its control.  Id. At 46.

8.  An engineer for the Town of New Bedford for eighteen years, Adrienne St. John, testified that the Town of New Bedford – and not the United States -- did the maintenance and repair of Hartwell Road.  Deposition of Adrienne St. John (Exhibit H to the memorandum) at 8, 58-59.

9. J. Dan Bremser, the government's title search expert, concluded that the Town

of Bedford holds title to the land where the guard rail stands.  Declaration of J. Dan Bremser ¶ 5.  The Town owns Hartwell Road and its shoulders.   The Town of Bedford took title to Hartwell Road in 1734-35, including the portion of Hartwell Road where the accident occurred.  Declaration of Bremser (Exhibit I to the memorandum) ¶ 2.  Hartwell Road has ancient stone walls intermittently along its sides, including at the site of the accident.  Id. ¶ 5.  The wall at the accident site is behind the guard rail and Pole 37.  Bremser Decl. ¶ 5.  Based on the presence of the stone walls today and on historical maps of Hartwell Road, the stone walls represent the boundaries of town-owned property on which Hartwell Road lies.  Moreover, the Town of Bedford recognized the stone walls as the boundaries when it took land for widening of Hartwell Road only from the stone wall outward; Bremser Decl. ¶ 5, and when it installed sewer lines without taking an easement for the lines from any other owner.  ¶ 4.[2]

The guard rail was erected 15-16 years ago, at about 1990.  Ouellette Dep. At 51.[3]  See also Exhibit A (photographs of guard rail).

---

[2] St. John testified that the Town of Bedford did not own Hartwell Road.  However, her conclusion was unsupported, since it is based solely only on the fact that Hartwell Road is not on the "Town of Bedford Accepted Street Register." St. John Dep. 55-56.   This Register is patently incomplete and lists no roads taken before 1936 (and is only a partial list of roads taken after 1936).  Bremser Decl. ¶ 3.

[3] Ouellette knows nothing regarding who erected the guard rail.  Ouellette Dep. at 41.

        Respectfully submitted,

            MICHAEL J. SULLIVAN
            United States Attorney

By:   /s/ Anita Johnson
       Anita Johnson
       Assistant U.S. Attorney
       John Joseph Moakley Federal Courthouse
       One Courthouse Way, Suite 9200
       Boston, MA   02210
       (617) 748-3282

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing has been served upon Scott Charnas, counsel for Plaintiff, Joshua Lewin, counsel for Verizon, and Michael Callahan, counsel for Nstar, and all other attorneys of record by the electronic filing system, on this fourteenth day of March 2007.


            /s/ Anita Johnson