# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IAN J. BROWN, JAMES BROWN, and BARBARA BROWN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, VERIZON NEW ENGLAND, INC., and BOSTON EDISON COMPANY d/b/a/ NSTAR ELECTRIC,<br><br>Defendant . | )<br>)<br>)<br>)<br>)<br>) C.A. No. 04cv11924-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FEDERAL DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSIONS

The United States of America ("United States") hereby responds to Plaintiffs' Requests for Admissions ("requests") below. The United States' responses are based upon information now known to the government. As discovery is continuing, the United States reserves the right to amend or supplement the government's responses to the requests if it discovers additional or corrective information.

1. From at least January 1, 1998 until at least January 5, 2002, the roadway was owned by the USA.

Answer: Deny.

2. From at least January 1, 1998 until at least January 5, 2002, the USA did not maintain or cause to be maintained, any part of the roadway.

Answer: The United States objects to this request on the grounds that the terms "USA," and "cause," as those terms appear to be used in the request, are unreasonably general, vague, and nonspecific. Without waiving these objections, the United States

admits to this request.

3. From at least January 1, 1998 until at least January 5, 2002, the USA did not resurface or repair, or cause to be resurfaced or repaired, any portion of the surface of the roadway.

Answer: The United States objects to this request on the grounds that the terms "USA," and "cause," as those terms appear to be used in the request, are unreasonably general, vague, and nonspecific. Without waiving these objections, the United States admits to this request.

4. Prior to the occurrence, the USA did not resurface or repair, or cause to be resurfaced or repaired, any portion of the surface of the roadway.

Answer: The United States objects to this request on the grounds that the terms "USA," and "cause," as those terms appear to be used in the request, are unreasonably general, vague, and nonspecific. Without waiving these objections, the United States admits to this request.

5. The pole, at the time of the occurrence, was located on property of the USA.

Answer: Deny.

6. The guardrail, at the time of the occurrence, was located on property of the USA.

Answer: Deny.

7. The pole and/or predecessor pole(s) had been located where the pole was at the time of the occurrence, since at least 1964.

Answer: The United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

8. The pole and/or predecessor pole(s) had been located where the pole was at the time of the occurrence, since at least 1997.

Answer: Admit.

9 The guardrail had been located where it was at the time of the occurrence since at least 1986.

Answer: Admit.

10. The guardrail had been located where it was at the time of the occurrence since at least 1997.

Answer: Admit.

11. At the time of the occurrence, the pole was located between the guardrail and Hartwell Road.

Answer: Admit.

12. At the time of the occurrence, the guardrail was located within six inches of the pole.

Answer: The United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

13. The USA was aware, prior to the occurrence, that the pole or predecessor pole(s) was located between the guardrail and Hartwell road.

Answer: The United States objects to this request on the grounds that the terms "USA," and "aware," as those terms appear to be used in the request, are unreasonably general, vague, and nonspecific. The United States also objects to this request on the grounds that it does not adequately define the time frame of the information it is seeking to discover. Without waiving these objections, the United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

14. The USA was aware, prior to the occurrence, that the guardrail was located within six inches of the pole or predecessor pole(s).

Answer: The United States objects to this request on the grounds that the terms "USA," and "aware," as those terms appear to be used in the request, are unreasonably general, vague, and nonspecific. The United States also objects to this request on the grounds that it does not adequately define the time frame of the information it is seeking to discover. Without waiving these objections, the United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

15. The USA was unaware, prior to the occurrence, that the pole

or any predecessor pole(s) was located between the guardrail and Hartwell Road.

Answer: The United States objects to this request on the grounds that the terms "USA," and "unaware," as those terms appear to be used in the request, are unreasonably general, vague, and nonspecific. The United States also objects to this request on the grounds that it does not adequately define the time frame of the information it is seeking to discover. Without waiving these objections, the United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

16. The USA was unaware, prior to the occurrence, that the guardrail was located within six inches of the pole or predecessor pole(s).

Answer: The United States objects to this request on the grounds that the terms "USA," and "unaware," as those terms appear to be used in the request, are unreasonably general, vague, and nonspecific. The United States also objects to this request on the grounds that it does not adequately define the time frame of the information it is seeking to discover. Without waiving these objections, the United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

17. The decision to place the guardrail at the location it was in at the time of the occurrence was made by some person or entity other than the USA.

Answer: Admit.

18. The decision to place the guardrail at the location it was in at the time of the occurrence was made by the USA.

Answer: Deny.

19. The decision to place the pole where it was located at the time of the occurrence was made by a person or entity other than the USA.

Answer: Admit.

20. The decision to place the pole where it was located at the time of the occurrence was made by the USA.

Answer: Deny.

21.  Between at least 1997 and the time of the occurrence, the USA had the right or authority to relocate the fence further from Hartwell Road in Bedford, Massachusetts than where the fence was located at the time of the occurrence.

Answer:  The United States objects to this request on the grounds that the terms "right," and "authority," as those terms appear to be used in the request, are unreasonably general, vague, and nonspecific.  Without waiving these objections, the United States denies this request.

22.  Between at least 1997 and the time of the occurrence, the USA had the right or authority to relocate or cause to be relocated, the guardrail further from Hartwell Road in Bedford, Massachusetts than where it was located at the time of the occurrence.

Answer:  The United States objects to this request on the grounds that the terms "right," "authority," and "cause," as those terms appear to be used in the request, are unreasonably general, vague, and nonspecific.  Without waiving these objections, the United States denies this request.

23.  Between at least 1997 and the time of the occurrence, the USA had the right or authority to remove or cause to be removed, the guardrail from its property.

Answer:  The United States objects to this request on the grounds that the terms "right," "authority," and "cause," as those terms appear to be used in the request, are unreasonably general, vague, and nonspecific.  The United States also objects that the site where the guardrail is located is "its property."  Without waiving these objections, the United States denies this request.

24.  Between at least 1997 and the time of the occurrence, the USA had the right or authority to order or otherwise cause the owner(s) of the pole to remove it from its property.

Answer:  The United States objects to this request on the grounds that the terms "right," "authority," and "cause," as those terms appear to be used in the request, are unreasonably general, vague, and nonspecific.  The United States also objects that the site where the pole is located is "its property."  Without waiving these objections, the United States denies this request.

25.  Between at least 1997 and the time of the occurrence, the USA had the right or authority to order or otherwise cause the guardrail to be moved to a location on its property other than where it was located at the time of the occurrence.

Answer: The United States objects to this request on the grounds that the terms "right," "authority," and "cause," as those terms appear to be used in the request, are unreasonably general, vague, and nonspecific. The United States also objects that the site where the guardrail is located is "its property." Without waiving these objections, the United States denies this request.

26. Between at least 1997 and the time of the occurrence, the USA had the right or authority to order or otherwise cause the pole to be moved to a location on its property other than where it was located at the time of the occurrence.

Answer: The United States objects to this request on the grounds that the terms "right," "authority," and "cause," as those terms appear to be used in the request, are unreasonably general, vague, and nonspecific. The United States also objects that the site where the pole is located is "its property." Without waiving these objections, the United States denies this request.

27. The guardrail was placed in the location it was at the time of the occurrence for the purpose of protecting the property of the USA.

Answer: The United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

28. The guardrail was placed in the location it was at the time of the occurrence for the purpose of protecting the motoring public using Hartwell Road in Bedford, Massachusetts.

Answer: The United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

29. The guardrail was not placed in the location it was in at the time of the occurrence for the purpose of protecting the motoring public using Hartwell Road in Bedford, Massachusetts.

Answer: The United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

30. The USA did not know, prior to the occurrence, the reason or reasons the guardrail was erected.

Answer: The United States, after making a reasonable inquiry

into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

31. The USA does not know when the guardrail was erected.

Answer: Admit.

32. The USA had no role, prior to the occurrence, in the design, construction, planning, erection, or administration of the pole.

Answer: The United States objects to this request on the grounds that the term "role," as that term appear to be used in the request, is unreasonably general, vague, and nonspecific. Without waiving these objections, the United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

33. The USA had no role, prior to the occurrence in the design, construction, planning, erection, or administration of the guardrail.

Answer: The United States objects to this request on the grounds that the term "role," as that term appear to be used in the request, is unreasonably general, vague, and nonspecific. Without waiving these objections, the United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

34. The USA did not own the guardrail at the time of the occurrence.

Answer: Admit.

35. The USA did not own the guardrail at any time prior to the occurrence.

Answer: Admit.

36. The USA owned the guardrail at the time of the occurrence.

Answer: Deny.

37. The USA recognized prior to the occurrence that the relative locations of the pole, the guardrail, and the roadway posed a hazard to the motoring public in that the guardrail could channel

motor vehicles leaving the roadway directly into the pole.

Answer: The United States objects to this request on the grounds that the terms "USA," and "recognized," as those terms appear to be used in the request, are unreasonably general, vague, and nonspecific. The United States also objects to this request on the grounds that it contains a legal conclusion - that the purported site of the occurrence was/is a "hazard" - which a genuine issue for the court or trial. Without waiving these objections, the United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

38. The USA recognized the hazard prior to the occurrence.

Answer: The United States objects to this request on the grounds that the terms "USA," and "recognized," as those terms appear to be used in the request, are unreasonably general, vague, and nonspecific. The United States also objects to this request on the grounds that it contains a legal conclusion - that the purported site of the occurrence was/is a "hazard" - which a genuine issue for the court or trial. Without waiving these objections, the United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

39. The USA did not recognize the hazard prior to the occurrence.

Answer: The United States objects to this request on the grounds that the terms "USA," and "recognized," as those terms appear to be used in the request, are unreasonably general, vague, and nonspecific. The United States also objects to this request on the grounds that it contains a legal conclusion - that the purported site of the occurrence was/is a "hazard" - which a genuine issue for the court or trial. Without waiving these objections, the United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

40. Prior to the occurrence, the USA did not believe it had any legal obligation to the motoring public to fix or otherwise rectify the hazard.

Answer: The United States objects to this request on the grounds that the term "USA," as that term appear to be used in the request, is unreasonably general, vague, and nonspecific. The

United States also objects to this request on the grounds that it contains a legal conclusion - that the purported site of the occurrence was/is a "hazard" - which a genuine issue for the court or trial. Without waiving these objections, the United States admits this request.

41. Prior to the occurrence, the USA took no action to fix or otherwise rectify the hazard.

Answer: The United States objects to this request on the grounds that the term "USA," as that term appear to be used in the request, is unreasonably general, vague, and nonspecific. The United States also objects to this request on the grounds that it contains a legal conclusion - that the purported site of the occurrence was/is a "hazard" - which a genuine issue for the court or trial. Without waiving these objections, the United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

42. A depression in a part of the roadway caused or contributed to cause Ian Brown to lose control of the motorcycle he was operating at the time of the occurrence.

Answer: The United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

43. The aforementioned depression was caused, in whole or in part, by negligent maintenance of the roadway.

Answer: The United States objects to this request on the grounds that it contains a legal conclusion - that the maintenance of the roadway was negligent - which a genuine issue for the court or trial. Without waiving this objections, the United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

44. The occurrence was caused, in whole or in part, by a defect in a portion of the roadway.

Answer: The United States objects to this request on the grounds that it contains a legal conclusion - that there was a defect in the roadway - which a genuine issue for the court or trial. Without waiving this objections, the United States, after making a reasonable inquiry into this request and reviewing the

information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

45. Prior to the occurrence, the USA did not participate in making a determination as to where the pole, any predecessor pole(s) or the guardrail should be located.

Answer: The United States objects to this request on the grounds that the terms "USA," and "participation," as those terms appear to be used in the request, is unreasonably general, vague, and nonspecific. Without waiving these objections, the United States, after making a reasonable inquiry into this request and reviewing the information known or readily obtainable by it, lacks sufficient information or knowledge to enable it to admit or deny this request.

The United States also denies each and every request not heretofore admitted, denied, or otherwise responded to.

MICHAEL J. SULLIVAN,
United States Attorney

DAMIAN W. WILMOT
Assistant U.S. Attorney
1 Courthouse, Suite 9200
Boston, MA 02210
(617) 748-3398

## CERTIFICATE OF SERVICE

Suffolk, ss.                                  Boston, Massachusetts
                                              April 10, 2006

I, Damian W. Wilmot, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing document upon all counsel on record.

Damian W. Wilmot
Assistant U.S. Attorney