# EXHIBIT 12

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| |
|---|
| IAN J. BROWN, |
| JAMES BROWN |
|    and |
| BARBARA BROWN |
|    Plaintiffs, |
| v. |
| UNITED STATES OF AMERICA, |
| VERIZON NEW ENGLAND, INC. |
| and |
| BOSTON EDISON COMPANY d/b/a NSTAR ELECTRIC, |
|    Defendants. |

## AFFIDAVIT OF RICHARD M. SERKEY

I, Richard M. Serkey, am a duly licensed Massachusetts attorney residing at 60 Allerton Street, Plymouth, Massachusetts. I submit this affidavit is support of Plaintiffs' Opposition to Defendant United States of America's Motion for Summary Judgment.

I have been engaged by the plaintiffs in this case to research and report on the ownership of Hartwell Road at and near the site of Ian Brown's motorcycle accident. On November 21, 2006, I furnished a letter (appended hereto) which included: (1) a statement of my opinion and the basis and reasons therefor; (2) a list of the information considered in forming my opinion; and (3) my professional qualifications. I specifically

incorporate the content of that report within this affidavit.

1. My opinion is that the fee ownership of the pertinent portion of Hartwell Road was vested in the United States of America ("the Government") by virtue of a deed from the Commonwealth of Massachusetts ("the Commonwealth") dated February 25, 1952, and recorded at Middlesex South Deeds in Book 7902, Page 29, subject, however, to the easement rights taken therein by the Town of Bedford in 1735. A certified copy of this deed (together with a certified copy of the plan recorded therewith) is attached to this affidavit.

2. The basis and reasons for my opinion are my review of: (a) the information and exhibits listed in my November 21, 2006 letter; (b) the comprehensive information and exhibits included in a letter dated January 16, 2007 from J. Dan Bremser, a Massachusetts professional land surveyor engaged by the Government in this case; and (c) the application of Massachusetts law to the foregoing.

3. As is set forth in Mr. Bremser's letter, in 1735 the Bedford Annual Town Meeting voted to accept as a town way the layout of Hartwell Road that had been made by the Bedford Board of Selectmen on December 21, 1734. The layout and vote, which are attached to Mr. Bremser's letter as Exhibits E and F respectively, did not state whether the takings were fee takings or easement takings. A town taking is presumed to be an easement taking and not a fee taking, because of a long-standing judicial doctrine that a taking not create a greater interest or estate than is essential for the public use. See: Smith v. Slocomb, 75 Mass. (9 Gray) 36, at 37 (1857); City of Boston v. Richardson, 95 Mass. (13 Allen) 146, at 159 (1866); Opinion of the Justices, 208 Mass. 603, at 605, 94 N.E. 849, at 851 (1911). Accordingly, the effect of the 1735 Town Meeting vote was that

the Town of Bedford ("the Town") had an easement in Hartwell Road, but the abutters on both sides of the road remained the owners of the fee in Hartwell Road to the center line.

4. The pertinent portion of Hartwell Road was included in Parcel B as described in the aforementioned 1952 deed from the Commonwealth to the Government. Parcel B includes the land on both sides of the pertinent portion of Hartwell Road. This deed contained the following provision with respect to Parcel B:

> "Excluding from above description, all public or private roads, ways, right of way and/or easements now existing within the said boundaries inclusive but not limited to South Road, Wood Street, Lincoln Road, abandoned Old Bedford Road, and relocated Old Bedford Road. <u>However, conveying herewith to the Government, any and all rights of the Commonwealth therein.</u>" (Emphasis added)

The first sentence of the above provision merely underscores the fact that no deed from the Commonwealth to the Government could abrogate easement rights previously taken by the Town. The second sentence of the above provision makes clear, however, that the Government, as grantee, replaced the Commonwealth, as grantor, as the fee owner of the pertinent portion of Hartwell Road to the center line.

5. My opinion is supported by Plan #12 appended to Mr. Bremser's letter, which is a plan that was prepared for the Government in 1993 and recorded at Middlesex South Registry of Deeds as Plan Number 809 of 1993. This plan references the pertinent portion Parcel B as follows: "Total U.S. Navy Jurisdiction: Area = 44.6334 Acs. (<u>Including Hartwell Road)</u>" (Emphasis added).

6. I have found no evidence that the fee ownership of the pertinent portion of Hartwell Road has thereafter been conveyed by or taken from the Government or any party claiming thereunder (except for an intra-government permit and transfer from the Department of the Air Force to the Department of the Navy).

Upon pain and penalty of perjury, I swore that the foregoing is true and correct to the best of my ability on this 10th day of April, 2007.

                                                                           _____
                                                                           Richard M. Serkey

# WINOKUR, SERKEY & ROSENBERG, PC
## COUNSELLORS AT LAW

November 17, 2006

Scott E. Charnas, Esq.
Manheimer & Charnas LLP
210 Commercial Street
Boston, MA 02109-1314

Re:   Ian J. Brown, et al. v. United States of America, et al.
      United States District Court Case No. 04-11924-RGS

Dear Attorney Charnas:

The plaintiffs in the above matter have engaged me to testify as an expert witness with respect to the title to that portion of Hartwell Road in Bedford, Massachusetts, on which Utility Pole #16/37 is located. The purpose of this letter is to comply with the requirements of FRCP Rule 26 (A) (2)(B).

   1.   Statement of opinion to be expressed and the basis and reasons therefor:

My opinion is that the fee ownership of the pertinent portion of Hartwell Road was vested in the United States of America by virtue of a deed from the Commonwealth of Massachusetts dated February 25, 1952, and recorded at Middlesex South Deeds in Book 7902, Page 29, subject, however, to the rights of others to use same for all purposes for which ways are generally used in the Town of Bedford. The basis and reasons for the foregoing opinion are my review of the hereinafter listed information and exhibits, and the application of Massachusetts statutory law and case law to same. The pertinent portion of Hartwell Road is included in Parcel B as described in the aforementioned deed. Parcel B includes the land on both sides of the pertinent portion of Hartwell Road. The aforementioned deed, by its terms, contains the following provision with respect to Parcel B:

> "Excluding from above description, all public or private roads, ways, right of way and/or easements now existing within the said boundaries inclusive but not limited to South Road, Wood Street, Lincoln Road, abandoned Old Bedford Road, and relocated Old Bedford Road. However, conveying herewith to the [United States of America], any and all rights of the Commonwealth therein."

I have found no evidence that the fee ownership of the pertinent portion of Hartwell Road was taken by or in behalf of the Town of Bedford prior to the aforementioned deed. Accordingly, the fee ownership of the pertinent portion of Hartwell Road was owned by the Commonwealth, by virtue of G. L. 183, § 58, since the Commonwealth owned the land on both sides of the

81 SAMOSET ST., PLYMOUTH, MA 02360 | TEL: (508) 746-1023 | FAX: (508) 747-6967 | RSERKEY@WWSR.COM

LAWRENCE I. WINOKUR, RICHARD M. SERKEY, LLOYD C. ROSENBERG, BRIAN K. BOWEN, HOWARD M. KELMAN, MARTHA J. AWISZUS
FREDERICK KUHN OF COUNSEL, JUDITH A. HELLER
REUBIN M. WINOKUR, FOUNDER (1908-2004)

Winokur, Serkey & Rosenberg, P.C.
Page 2 of 4

pertinent portion of Hartwell Road. This fee ownership passed to the United States of America by virtue of the last sentence in the provision quoted above. I have found no evidence that the fee ownership of the pertinent portion of Hartwell Road has thereafter been conveyed by or taken from the United States of America or any party claiming thereunder (except for an intra-government permit and transfer from the Department of the Air Force to the Department of the Navy).

    2.    <u>Information considered in forming the opinion, and to be submitted as exhibits at trial in support of the opinion:</u>

    (a) Plans:

- Hanscom Airport 2234th AFRTC Bedford, MA, General Plan File No. E-50-17.
- Department of the Air Force Master Plan Real Estate Map, L.G. Hanscom Filed, Bedford, MA Tab No. B-4.
- Real Estate Laurence G. Hanscom Field, Department of the Air Force, Dated Jan. 1952 (Sheet 1 of 2).
- Real Estate Laurence G. Hanscom Field, Department of the Air Force Dated Jan. 1952 (Sheet 1 of 4).
- Department of the Air Force Air Research & Development Command Real Estate Map L. G. Hanscom Field April 30, 1957 (Sheet 1 of 4)
- Department of the Air Force Air Research & Development Command Real Estate Map L. G. Hanscom Field April 30, 1957 (Sheet 2 of 4)
- Town of Bedford Wetlands Map, Sheets 14 of 81
- Town of Bedford Wetlands Map, Sheets 15 of 81
- Town of Bedford Assessors Map, Sheet 77
- Guerriere & Halnon, Inc. plan prepared for Naval Weapons Industrial Reserve Plant dated September 18, 1992 (F-1235)
- Naval Weapons Industrial Reserve Plant, Bedford, MA Y&D DWG. No. 1,074,836.
- Engineering and Construction Department Bedford, MA Sheet 287.
- Bedford Hartwell Road Construction Plan, Fiscal Year 2001.

(b) Documents:
- Permit issued on February 16, 1953 from the Department of the Air Force to the Department of the Navy, as amended thereafter
- Memorandum dated March 11, 1977 from the Department of the Air Force to the Department of the Navy

Winokur, Serkey & Rosenberg, P.C.
Page 3 of 4

- Town of Bedford Accepted Street Register as of May, 2002

(c) Registry of Deeds Instruments:

- Deed from the Commonwealth of Massachusetts to the United States of America, dated February 25, 1952 and recorded at Middlesex South Deeds in Book 7902, Page 29;
- Plan No. 768 (A and B of 2) of 1952 recorded on May 9, 1952 at 2:29 P.M. with the aforementioned deed as Document No. 280.

(d) Deposition Testimony:

- Deposition of Adrienne M. St. John taken on April 13, 2005, including the exhibits set forth in the Exhibit Index thereto.

(d) Other:

- Consultation with John Hamel, RLS, Snelling and Hamel, 10 Lewis Street, P. O. Box 102, Lincoln, MA 01773

3. Qualifications of the witness:

Richard M. Serkey (AV)

Practice Areas: Real Estate, Zoning, Planning and Land Use

Admitted: 1974, Massachusetts; 1976, U.S. District Court, District of Massachusetts

Biography: Phi Beta Kappa. Plymouth Zoning Board of Appeals (Member, 1979-1986, Clerk, 1979-1983, Clerk and Vice-Chairman, 1983, and Chairman, 1983-1986). Plymouth Rotary Club (Member, 1979-, President, 1989-1990). Plymouth Public Library Corporation (Counsel). Massachusetts Bar Association; Plymouth District Bar Association (President, 1985); Real Estate Bar Association for Massachusetts (Member, Title Standards Committee and Amicus Committee).

Educated: Brandeis University (A.B., magna cum laude with honors in Mathematics, 1967); Columbia University (M.A., 1968); Boston College (J.D., cum laude, 1974)

Winokur, Serkey & Rosenberg, P.C.
Page 4 of 4

Born: New York, N.Y., January 27, 1947

My practice as an attorney is concentrated in real estate law. I review title abstracts for purchases and mortgages of real estate, on the basis of which I certify title and issue title insurance policies to buyers and lenders. I also do claims work for title insurance companies in response to claims by their insureds. I also represent real estate owners and purchasers before local boards and commissions in zoning and other municipal matters. The foregoing work requires me to be conversant with the statutory and common law pertaining to streets and ways.

4.   <u>Compensation to be paid for the witness for study and testimony</u>:

The compensation to be paid to the witness is based on his hourly rate of $250.00 per hour.

5.   <u>Other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years</u>:

- <u>Loomis Realty Trust v. Town of Nantucket, et al.</u>  Nantucket Superior Court, Civil Action No. 2001-39
- <u>Nolin v. Paolino, et al.</u> Bristol Superior Court, Civil Action No. B03-0054.

Very truly yours,

Richard M. Serkey

RMS/daf
rms.usairforce.charnas111706
Enclosure

BOOK 7902 PAGE 29

above written.

| APPROVED BY<br>STATE AIRPORT MANAGEMENT BOARD | FOR THE COMMONWEALTH OF<br>MASSACHUSETTS |
|---|---|
| *signature*<br>Chairman | *signature*<br>Commissioner of Airport Management |
| *signatures*<br>Members | UNITED STATES OF AMERICA<br>By *signature*<br>H. J. WOODBURY<br>Colonel, Corps of Engineers<br>Division Engineer |

Approved as to matters of form

*signature* O'Connell
Assistant Attorney General

Approved in Council MAY 7, 1952

*signature*
Executive Secretary

WITNESS THE GREAT SEAL OF THE COMMONWEALTH

*signature*
Secretary of the Commonwealth

COMMONWEALTH OF MASSACHUSETTS

Suffolk, SS                                    Boston, Mass. April 28, 1952

Then personally appeared the above named Edward H. McGrath, Commissioner of Airport Management, and acknowledged the foregoing instrument to be the free act and deed of the Commonwealth of Massachusetts.

Before Me:

*signature*
Notary Public
My commission expires Aug. 8, 1958

-8-
Rec'd & entered for record May 9, 1952 at 2h. 20m. P.M. #279

---

THE COMMONWEALTH OF MASSACHUSETTS, acting through the Commissioner of Airport Management, with the approval of the State Airport Management Board, but without personal liability to said Commissioner and the Members of said Board, individually and severally, and further subject to the approval of the Attorney General of the Commonwealth and the Governor's Council of said Commonwealth, in consideration of the payment of ONE DOLLAR ($1.00), the receipt whereof is hereby acknowledged and the fulfillment of all the terms and conditions of a certain Agreement between the same parties of even date, grants to the UNITED STATES OF AMERICA, with Quitclaim covenants, two (2) certain parcels of land to be used for the purpose of the construction and maintenance of aids to aerial navigation thereon, said parcels being more particularly described as follows:

| TRACT REGISTER OF ACQUISITION AFTER 1 JULY 1940 (MILITARY) ||||| (TYPE) PRELIMINARY |
|---|---|---|---|---|---|
| TRACT NO. | LAND OWNER | ACREAGE FEE | ACREAGE LEASE | REMARKS | PROJECT OWNERSHIP MAP |
| A-100 | COMMONWEALTH OF MASSACHUSETTS | 384.00 | | | STATE MASSACHUSETTS |
| A-101 | COMMONWEALTH OF MASSACHUSETTS | 42.00 | | | COUNTY MIDDLESEX |
| A-102 | COMMONWEALTH OF MASSACHUSETTS | | 641.00 | | DIVISION NEW ENGLAND |

DISTRICT _____
FIRST ARMY AREA

### LOCATION OF PROJECT

14 MILES N.W. OF BOSTON
12 MILES S. OF LOWELL
IN BEDFORD, CONCORD, LEXINGTON, & LINCOLN

### TRANSPORTATION FACILITIES

RAILROADS BOSTON & MAINE
STATE ROADS 2, 2A, 4, & 25
FEDERAL ROADS
AIRLINES

### ACQUISITION

TOTAL ACRES ACQUIRED
ACRES FEE
ACRES TRANSF'D. TO DEPT OF ARMY
ACRES LEASED TO DEPT. OF ARMY
ACRES LESSER INTERESTS

### DISPOSAL

TOTAL ACRES DISPOSED OF
ACRES SOLD BY DEPT. OF ARMY
ACRES TRANSF'D. BY DEPT. OF ARMY
ACRES RETRANSF'D. TO GOV'T. AGCY.
ACRES LEASES TERMINATED
ACRES LESSER INT'S. TERM.

### LEGEND

NOTE: SYMBOLS FROM FM-21-30 (WAR DEPT. BASIC FIELD MANUAL) PAGES 81 TO 87 INCL.
EXCEPT
RESERVATION LINE
RESERVATION LINE (ACTUAL SURVEY)
DAM SITE (TAKING LINE)
RESERVOIR SITE (TAKING LINE)
CONTOUR LINES
AVIGATION EASEMENTS
TRACT NUMBER

STATE INDEX
MASSACHUSETTS
PROJECT SITE

VICINITY MAP
SCALE IN MILES

Middlesex Registry of Deeds, So. Dist.
CAMBRIDGE, MASS.
Plan Number 768(1of2) of 1952
Rec'd May 9 1952 at 2h 2m P.m
With Deed Doc. No. 280
Comm. of Mass.
United States of America
Recorded, Book 7902 Page 30
Attest: Albert T. Gatturin, ASSRD

### SEGMENT "A"

DEPARTMENT OF THE ARMY
OFFICE OF THE DIVISION ENGINEER
NEW ENGLAND DIVISION

DRAWN BY:
TRACED BY: D.R.K.
CHECKED BY:
SUBMITTED BY:
RECOMMENDED BY:
APPROVED BY:
COLONEL, C.E. DIVISION ENGINEER
OFFICE, CHIEF OF ENGINEERS, WASHINGTON, D.C.

REAL ESTATE
LAURENCE G. HANSCOM FIELD
MILITARY RESERVATION

DATE: JAN. 1952
SCALE IN FEET
800 0 800 1600
SHEET 1 OF 1   DRAWING NO. NED-FR-279

| | | |
|---|---|---|
| 2 | 2-20-52 | FEE AREA REVISED. |
| 1 | 2-16-52 | TRACT REGISTER, STATE INDEX, & VICINITY MAP ADDED |
| REVISIONS | DATE | BY |

INSTALLATION OR PROJECT NO.

Middlesex Registry of Deeds, So. Dist.
CAMBRIDGE, MASS.
Plan Number 768(B of 2) of 1952
Rec'd May 9 1952 at 2 h 20 m P.m
With Deed Doc. No. 280
Comm. of Mass.
United States of America
Recorded, Book 7902 Page 30
Attest: Albert P. [illegible]

Plan Number 768(B of 2) of 1952
Recorded, Book 7902 Page 30

BOOK
7902
PAGE
30

PARCEL A

A certain parcel of land with the buildings thereon, together with all appurtenances belonging thereto, situated in the Towns of Bedford, Concord, Lincoln and Lexington, County of Middlesex, and Commonwealth of Massachusetts, being more particularly bounded and described as follows:

Beginning at a point on the southerly side of Wood Street, said point being on the easterly boundary line of land of the Commonwealth of Massachusetts, and on the center line of Kiln Brook;

thence southwesterly along said Kiln Brook 1950 feet, more or less, to the Bedford-Lincoln town line;

thence S 52° 00' W along said town line 440 feet, more or less, to a town bound;

thence S 36° 00' W 620 feet, more or less, and S 82° 00' W 300 feet, more or less, to a point, said point being southeasterly 100.0 feet from the center line of the relocated Old Bedford Road;

thence southwesterly parallel to and 100.0 feet from the center line of the relocated Old Bedford Road 500 feet, more or less, to a point, said point being southwesterly 650.0 feet from and at right angles to the center line of the NW-SE Runway extended;

thence northwesterly parallel to and 650.0 feet from center line of said NW-SE Runway and crossing the relocated Old Bedford Road 3250 feet, more or less, to a point, said point being southeasterly 800.0 feet from and at right angles to the center line of the NE-SW Runway;

thence northeasterly parallel to and 800.0 feet from the center line of the NE-SW Runway 1650 feet, more or less, to a point southerly 400.0 feet from and at right angles to the center line of the E-W Runway;

thence easterly parallel to and 400.0 feet from the center line of the E-W Runway 5250 feet, more or less, to a point;

thence N 59° 03' E 200 feet, more or less, to a point on the Bedford-Lexington town line, said point being on the northerly right-of-way line of a spur track running northeasterly to the Lexington branch of the Boston & Maine Railroad;

thence by said northerly right-of-way line of spur track the following courses and distances, N 59° 03' E 1350 feet, more or less, N 34° 30' E 110 feet, more or less, N 57° 00' E 96 feet, more or less, southeasterly 40 feet, more or less, N 59° 03' E 405 feet, more or less, to a point of curve;

thence northerly by a curve deflecting to the left having a radius of 523.69 feet a distance of 605 feet, more or less, to a corner and N 31° 15' W 111.75 feet, more or less, to a point;

thence N 14° 56' W 224 feet, more or less, to the southwesterly side line of the Boston & Maine Railroad right-of-way, Lexington Branch;

thence along said railroad right-of-way S 41° 04' E 260 feet, more or less, and S 45° 30' E 65 feet, more or less, to a point;

thence southerly by a curve deflecting to the right, having a radius of 623.69 feet, a distance of 774 feet, more or less, to a point of tangency;

thence the following courses and distances, S 59° 03' W 920 feet, more or less, S 42° 15' W 283 feet, more or less, N 50° 00' W 80 feet, more or less, and S 59° 03' W 890 feet, more or less, to the Lexington-Bedford town line;

thence S 27° 00' W along said town line 166.24 feet, more or less, to a point;

thence S 70° 58' 48" E 367.65 feet, S 19° 01' 12" W 400 feet and N 70° 58' 48" W 423.68 feet to a point on the Lexington-Bedford town line;

thence S 27° 00' W along said town line 1098.03 feet to a point;

thence S 63° 00' E 200 feet, S 27° 00' W 200 feet, and N 63° 00' W 200 feet to the Lexington-Bedford town line;

BOOK
7902
PAGE
3 1

thence S 27° 00' W along said town line 272.63 feet to a stone wall;

thence westerly by a stone wall 550 feet, more or less;

thence N 80° 00' W 700 feet, more or less, to a point on the northerly side line of Wood Street;

thence northwesterly by said Wood Street 1390 feet, more or less, to Kiln Brook;

thence southwesterly crossing Wood Street 50 feet, more or less, to point of beginning.

Excluding from above description, all public or private roads, ways, right of way and/or easements now existing within the said boundaries inclusive but not limited to South Road, Wood Street, Lincoln Road, abandoned Old Bedford Road, and relocated Old Bedford Road. However, conveying herewith to the Government, any and all rights of the Commonwealth therein.

Containing 354 acres, more or less.

Reserving to the Grantor the following buildings, which are located on said parcel, which buildings the Grantee agrees to relocate to other land of the Grantor on said airport in accordance with a separate Agreement between the Grantor and the Grantee of even date: T-310, T-312, T-320, T-321, T-322, T-324, T-326, T-327, T-333, T-334, T-337, T-341, T-355, T-357, T-804, T-401-b, T-420, T-421, T-406 and T-436.

Also reserving to the Grantor, buildings numbered T-325, T-340 and T-401-a, which buildings are to remain at their present location while said buildings are occupied by the present tenants, namely, Raytheon Company and Massachusetts Institute of Technology. Upon vacation of the premises by said tenants, the said buildings shall become the property of the Grantee.

PARCEL B

A certain parcel of land with the buildings thereon, together with all appurtenances belonging thereto, situated in the Town of Bedford, County of Middlesex, and Commonwealth of Massachusetts, being more particularly bounded and described as follows:

Beginning at a point on the northerly line of land of the Commonwealth of Massachusetts, said point being on the northwesterly line of Hartwell Road at land now or formerly of McGovern;

thence crossing said Hartwell Road S 38° 19' E 28 feet, more or less, to a point on the southeasterly line of said road; thence S 9° W 240 feet, more or less, to a point, said point being northwesterly 750.0 feet from and at right angles to the center line of the NE-SW Runway;

thence southwesterly parallel to and 750.0 feet from center line of said NE-SW Runway 750 feet, more or less, to a point, said point being on the easterly face of apron extended northerly;

thence southerly by said easterly face of apron 125 feet, more or less, to a corner;

thence turning and running by said apron easterly 170 feet, more or less, southerly 200 feet, more or less, westerly 825 feet, more or less, and northerly 200 feet, more or less, to the northwesterly corner of said existing apron;

thence N 16° 00' W 1450 feet, more or less, to a point on the northerly boundary line of land of the Commonwealth of Massachusetts;

thence by the said northerly boundary line the following courses and distances, N 44° 50' E 450 feet, more or less, S 70° 25' E 1091.9 feet, more or less, S 25° 35' E 183.49 feet, more or less, and S 38° 19' E 100 feet, more or less, to the point of beginning.

Excluding from above description, all public or private roads, ways, right of way and/or easements now existing within the said boundaries inclusive but not limited to South Road, Wood Street, Lincoln Road, abandoned Old Bedford Road, and relocated Old Bedford Road. However, conveying herewith to the Government, any and all rights of the Commonwealth therein.

Containing 42.0 acres, more or less.

Reserving to the Grantor, building numbered T-211, which building the Grantee agrees to relocate to other land of the Grantor on said Airport in accordance with a separate Agreement between the Grantor and the Grantee of even date.

Also reserving to the Grantor, buildings numbered T-200, T-201, T-879, T-210, T-217, T-218, and T-876, which buildings are to remain at their present location while said buildings are occupied by the present tenants, namely, Raytheon Company and Transonics. Upon vacation of the premises by said tenants, the buildings shall become the property of the Grantee.

Jurisdiction over the above described lands is hereby granted and ceded to the United States of America, but upon the express condition that the Commonwealth shall retain concurrent jurisdiction with the United States of America in and over said lands, in so far that all civil processes, and such criminal processes as may issue under the authority of the Commonwealth against any person or persons charged with crimes committed without said lands and all processes for collection of taxes levied under authority of the laws of the Commonwealth, including the service of warrants, may be executed thereon in the same manner as though this cession had not been granted.

It is agreed that the Commonwealth, its lessees, licensees and permittees, may continue their respective occupancies of the buildings which have been reserved by the Commonwealth, and which are to be relocated by the Government, until the terms of the Agreement of even date, for relocation of said buildings, have been fulfilled.

The Consideration for this Deed being less than ONE HUNDRED DOLLARS ($100.00), no United States or Commonwealth of Massachusetts Revenue Stamps are attached hereto.

In event of failure of Government to fulfill the terms of said Agreement and Lease, the within land, with the buildings thereon, shall revert to the Grantor.

BOOK
7902
PAGE
33

IN WITNESS WHEREOF, the Commonwealth of Massachusetts has caused these presents to be signed in its name and behalf by the Commissioner of Airport Management and the State Airport Management Board, and the Great Seal of the Commonwealth to be hereto affixed this 25th day of February, 1952.

APPROVED BY
STATE AIRPORT MANAGEMENT BOARD

*[signature]*
Chairman

*[signatures]*

Members

Approved as to matters of form:
*[signature]*
Assistant Attorney General

Approved in Council MAY 7, 1952
*[signature]*
Executive Secretary

FOR THE COMMONWEALTH OF
MASSACHUSETTS

*[signature]*
Commissioner of Airport Management

COMMONWEALTH OF MASSACHUSETTS

Suffolk, SS                    Boston, Mass., April 28 1952.

Then personally appeared the above named Edward H. McGrath, Commissioner of Airport Management, and acknowledged the foregoing instrument to be the free act and deed of the Commonwealth of Massachusetts.

Before Me:

*[signature]*
Notary Public

My commission expires Aug 8 1958

WITNESS THE GREAT SEAL OF THE COMMONWEALTH

*[signature]*
Secretary of the Commonwealth

Rec'd & entered for record May 9, 1952 at 2h. 20m. P.M. #280

-5-

APR 10 2007

COMMONWEALTH OF MASSACHUSETTS.
MIDDLESEX S. S.
SOUTH DIST. REGISTRY OF DEEDS
CAMBRIDGE, MA
I HEREBY CERTIFY THE FOREGOING
IS A TRUE COPY OF A PAPER
RECORDED IN BOOK 7902
PAGE 29 - 33

*[signature]*
REGISTER