# **EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-11924-RGS

| | |
|---|---|
| IAN J. BROWN, JAMES BROWN and BARBARA BROWN,<br>     Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA, VERIZON NEW ENGLAND, INC. and BOSTON EDISON COMPANY d/b/a NSTAR Electric,<br>     Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PROPOSED**
**DEFENDANT BOSTON EDISON'S RESPONSE TO PLAINTIFFS' ADDITIONAL STATEMENT OF MATERIAL FACTS**

The Defendant Boston Edison Company ("Boston Edison") hereby submits the within Response to Plaintiffs' Statement of Additional Material Facts.

1.  Hartwell Road is a two-lane road that passes through a mixture of civilian residential and commercial buildings, with a speed limit of 25 miles per hour. Exhibit 1 - *Deposition of Adrienne St. John ("St. John Dep."),* pp. 43-51, 182.

 **Defendant's Response:** Undisputed.

2.  When the Town of Bedford, Massachusetts granted Boston Edison's predecessor and the telephone company's predecessor the right to install a pole line along Hartwell Road, it directed that the utilities had the right to set the poles substantially at the points indicated upon the plan that was filed with the grant of permission. <u>Defendant Boston Edison's Motion for Summary Judgment</u> ("<u>BSMSJ</u>"), Exhibit J at page numbered 73.

**Defendant's Response:** Undisputed.

3.     At the time of plaintiff's accident, pole 16/37 was located on the outside of a curve, and thirteen inches from the edge of the roadway. Exhibit 2 – *Deposition of Murray Burnstine ("Burnstine Dep.")* at p. 165-166.

**Defendant's Response:** Undisputed.

4.     In approximately 1990, a guardrail was erected behind pole 16/37. At the time of the occurrence, the pole was located between the guardrail and Hartwell Road, within six inches of the pole. Exhibit 3 - *Deposition of Armand Oullette ("Oullette Depos.")*, p. 34, 51; Exhibit 4 – *Defendant Boston Edison Company's Response to Plaintiff Ian J. Brown's Request for Admissions,* Nos. 7, 8.

**Defendant's Response:** Defendant admits that in approximately 1990, the guardrail was erected behind pole 16/37. Defendant neither affirms nor denies that the remaining facts contained in Plaintiffs' Material Fact No. 4 are in dispute because Plaintiffs' statement is so unclear that Defendant is unable to respond.

5.     Pole 16/37 was located near 180 Hartwell Road. Exhibit 5 – *Deposition of Tracy Cook ("Cook Depos.")*, pp. 12-13, 30, 91-94 & ex.1.

**Defendant's Response:** Disputed. Bedford Police Officer Tracy Cook was unable to identify where 180 Hartwell Road was located in relation to Pole 16/37. Tracy Cook testified "I don't even know where 180 Hartwell is." Exhibit 5 – *Deposition of Tracy Cook ("Cook Depos.")*, p. 92.

6.     During the approximately eight years preceding the day of the subject incident, January 4, 2002, there were at least twenty-eight motor vehicle accidents on Hartwell Road in the area of 180 Hartwell Road. Exhibit 6 – *Certified Copy of Town of Bedford Police Department records.*

2

**Defendant's Response:** The Defendant does not dispute that the Bedford Police Department records indicate 28 entries where the address location is identified as 180 Hartwell Road. The Defendant further states that the records provide no information whatsoever as to the type of accident, the exact location of the accident or any other identifying information as to be relevant to the within motion.

7. On January 4, 2002, Plaintiff Ian Brown was riding his motorcycle on Hartwell Road back to his office at Hanscom Air Force Base when he lost control of the motorcycle. Exhibit 7 – *Deposition of Ian Brown* ("*Brown Depos.*"), pp. 154, 163-164.

**Defendant's Response:** Undisputed.

8. Plaintiff lost control of his motorcycle in the area of a depression in the roadway, after exiting the depression. The depression surrounded a manhole cover in the road. Id. at 167-168, 193.

**Defendant's Response:** Undisputed.

9. In the area where Plaintiff lost control of his motorcycle, Hartwell Road curves to the left. Id. at p. 371.

**Defendant's Response**: Undisputed.

10. Plaintiff was traveling at about 25 mph at the time of the accident. Id. at 167-168, 512-513.

**Defendant's Response:** For the purpose of summary judgment only, Boston Edison responds that Plaintiffs' Material Fact No. 10 is undisputed.

11. Once Plaintiff lost control, the motorcycle proceeded towards the guardrail on the right side of the road, with him still on it. His right shoulder and hip made contact with the guardrail. Plaintiff, still on his motorcycle, was then traveling parallel to the guardrail. As the motorcycle started to fall over, Plaintiff pushed off the motorcycle and aimed his body for the

guardrail. He came off the motorcycle head first, and slid along the guardrail, which directed him into pole 16/37. Exhibit 2 – *Burnstine Depos.*, pp. 113-114, 120-121; Exhibit 7 – *Brown Depos.*, pp. 178-180, 331-334, 377-379.

**Defendant's Response:** For the purpose of summary judgment only, Boston Edison responds that Plaintiffs' Material Fact No. 11 is undisputed.

12. Without the presence of the guardrail, Plaintiff would not have hit utility pole 16/37. IBID.

**Defendant's Response:** For the purpose of summary judgment only, Boston Edison responds that Plaintiffs' Material Fact No. 12 is undisputed.

13. As a result of striking pole 16/37, Plaintiff was rendered paraplegic. Exhibit 8 *Affidavit of Mariusz Ziejewski.*

**Defendant's Response:** Disputed. The Defendant's expert, Wilson C. Hayes, opines that Brown was rendered paraplegic as a result of coming into contact with the guardrail. The expert opinion of Mr. Hayes has been produced to the Plaintiffs. For the purposes of Summary Judgment, Defendant affirms that Plaintiffs' Material Fact No. 13 is not a material dispute of fact so to preclude Summary Judgment.

14. Pole 16/37 is located on the right side of Hartwell Road approximately 104 feet beyond the location where Brown lost control of the motorcycle. Exhibit 2 – *Burnstine Dep.*, p. 248; Exhibit 7 – *Brown Depos*, pp. 167-168, 193; Exhibit 5 – *Cook Depos.*, & ex.1.

**Defendant's Response:** Undisputed.

15. The accident happened in the area of 180 Hartwell Road, Bedford, Massachusetts. Exhibit 5 – *Cook Depos*, pp. 12-13, 30, 91-94 & ex. 1.

**Defendant's Response:** Undisputed.

4

16.     The primary purpose of roadside barriers such as guardrails is to prevent vehicles from leaving the roadway and striking a fixed object that is considered more objectionable than the guardrail. This is accomplished by the guardrail's containing and redirecting errant vehicles away from roadside obstacles. Exhibit 9 – *Certified Copy of Commonwealth of Massachusetts Highway Design Manual, Massachusetts Highway Department Metric Edition 1997*, Sections 1.1 and 9.3; Exhibit 2 – *Burnstine Depos.*, pp. 170, 172-174.

**Defendant's Response:** The Defendant objects to the admissibility of the Highway Design Manual. There has been no showing by affidavit or otherwise that the Highway Design Manual is applicable to the guardrail installed on Hartwell Road or that the Manual was in effect as of the date of the installation of the guardrail. Moreover, Plaintiffs' expert, Mr. Burnstine, did not identify the Highway Design Manual as a document he was familiar with, was contained in his files, or was relied upon in rendering his opinion. Further, Plaintiffs never produced the Highway Design Manual prior to filing their Opposition making the disclosure untimely.

17.     Plaintiff purchased the motorcycle he was riding at the time of the occurrence on July 6, 2001. Exhibit 7 – *Brown Depos.*, p. 297-298.

**Defendant's Response**: Undisputed.

18.     Plaintiff Ian Brown lives at home with his parents. His parents, plaintiffs Barbara Brown and James Brown, incurred approximately $13,000 in expenses in upgrading their home to accommodate their wheel chair bound son, including constructing handicap-accessible deck ramps, widening their driveway to accommodate a wheel chair alongside parked cars, and expanding a bathroom for wheel chair accessibility. In addition, plaintiff Ian Brown lives rent-free at his parents' home. He uses his parents' telephone but does not pay for it. Exhibit 10 – *James Brown Deposition* ("*J. Brown Depos.*"), pp. 66-67; Exhibit 11 – *Barbara Brown Deposition* ("*B. Brown Depos.*"), pp. 20, 22-23, 63, 114; and Exhibit 7 – *Brown Depos.*, pp.7.

5

**Defendant's Response:** Undisputed.

                                        Respectfully submitted,
                                        BOSTON EDISON COMPANY,
                                        By its attorneys,

                                            /s/ Michael K. Callahan
                                             /s/ Marissa A. Goldberg
                                        Michael K. Callahan
                                        BBO #546660
                                        Marissa A. Goldberg
                                        BBO #654506
                                        NSTAR Electric & Gas Corporation
                                        800 Boylston Street, 17th Floor
                                        Boston, MA 02199
                                        617-424-2102
                                        617-424-2114