UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
IAN J. BROWN, JAMES BROWN, and   )
BARBARA BROWN,                      )
                                            )
    Plaintiffs,                             )
                                            )   Civ. No. 04-11924-RGS
v.                                          )
                                            )
UNITED STATES OF AMERICA,        )
VERIZON NEW ENGLAND, INC., and )
BOSTON EDISON COMPANY d/b/a/   )
NSTAR ELECTRIC,                       )
                                            )
    Defendants.                             )
_____ )

**UNITED STATES' REPLY IN SUPPORT OF SUMMARY JUDGMENT**

    Notwithstanding Plaintiffs' arguments, the United States is entitled to summary judgment because Plaintiffs cannot establish that the United States owed a duty to Ian Brown.

    Ab initio, Plaintiffs concede that they cannot establish that the United States owed Ian Brown a duty based on ownership or control of the guardrail. Plaintiffs' Opposition to the United States' Motion for Summary Judgment (hereafter, "Plaintiffs' Opp."). See United States' Memorandum in Support of Summary Judgment (hereafter, "U.S. Mem." at 5-7. As a result of this concession, the United States' statute of repose defense is irrelevant because it addresses the issue of liability for the guardrail. See U.S. Mem. at 11-13. Plaintiffs continue to maintain that the they can establish a United States duty to

Ian Brown based on ownership of the land where the accident occurred. Plaintiffs are incorrect because even if the United States does own the land, the responsibility for maintenance and safety lies with the Town of Bedford and not the United States.

## ARGUMENT

### Plaintiffs Cannot Establish that the United States Owes a Duty of Care Even if the United States is the Owner in Fee of the Accident Site

Plaintiffs concede that the Town of Bedford purchased a property interest in the accident site prior to the accident. Plaintiffs' Opp. at 6-7. Plaintiffs argue that the United States owed a duty to Ian Brown anyway because the Town of Bedford must be presumed to have purchased an <u>easement</u> interest and not a <u>fee</u> interest in the site. Plaintiff's distinction cannot establish a duty on the part of the United States because it is <u>the easement owner that is responsible for the property and not the fee owner</u>.

The United States acquired fee ownership of a large parcel of land surrounding the accident site -- near 180 Hartwell Road -- pursuant to a 1952 deed from the Commonwealth of Massachusetts that conveyed fee ownership, excluding "all public or private roads, rights of way and/or easements now existing within said boundaries . . . ." The United States' title expert, J. Dan Bremser, concluded, based on an extensive review of historical documents, that the Town of Bedford purchased Hartwell Road up to and beyond the accident site and to the width of the ancient stone walls along the road. See Exhibit I to U.S. Mem. This purchase was for the purpose of a public road. Id. The purchase occurred in 1735. Id. Thus, the accident site, which lies on Hartwell Rd. and

the very narrow strip of land between the road and an ancient stone wall, falls within the exclusion provision in the deed to the United States.  Plaintiffs concede that this is true. Plaintiffs' Opp. at 6-7.

Plaintiffs argue that this Court is required to regard the property interest that the Town of Bedford purchased as <u>an easement interest and not a fee interest</u>.  <u>Id</u>.  Plaintiffs contend that the historical documents are unclear regarding the nature of the interest purchased by the Town of Bedford and must therefore be presumed to be an easement interest and not a fee interest.  <u>See</u> report of Plaintiffs' title expert, Richard Serkey, Plaintiffs' Opp., Exhibit 12.  Plaintiffs then argue that only the easement owned by the Town of Bedford is excluded from the 1952 deed in fee to the United States for the surrounding parcel, that the United States has the fee interest in the accident site and that, therefore, the United States owes a duty to Ian Brown.

Plaintiffs' distinction between an easement interest and a fee interest <u>does not help Plaintiffs' case</u>.  As the Court is aware, it is to apply the "law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).  <u>Soto v. United States</u>, 11 F.2d 15, 17 (1st Cir. 1993); <u>accord</u> <u>Rosario v. United States</u>, 824 F. Supp. 268, 276-277 (D. Mass. 1993) (substantive law of the state wherein the injury occurred applies both to liability and damages).  Under Massachusetts law, it is well established that it is the easement owner who is responsible for the safety of the property.  In <u>Archambault v. Williams</u>, 359 Mass. 742 (1971), the Supreme Judicial Court held that the fee owner was not liable for damages following injury to the guest of the easement holder, since "no obligation is

imposed on the grantor of an easement to maintain or repair the land placed in servitude." In Shapiro v. Burton, 23 Mass. App. Ct. 327, 333, 502 N.E.2d 545, 549 (1987), the Massachusetts Court of Appeals held that the fee owner was not responsible for constructing stairs to a beach since there was an easement on the land and "the duty of maintaining an easement in such condition and repair as may be necessary to its exercise normally rests upon the holder of the easement (remanding for additional evidence on costs, location, and security of stair construction). Whether the fee owner or the easement owner has the duty to take care of property depends on who has possession or control of the property. Williams v. Ferris, 355 Mass. 288, 293-94 (1969). See Prescott v. White, 38 Mass. 341, 342-43 (1838) (where easement is shown, the party who enjoys the benefit of the easement is to keep it up according to the obvious purposes for which the easement is designed); McIntire v. Boston Redevelopment Authority, 33 Mass. App. Ct. 901, 901-02 (1992) (activities in laying pavement and contractor hiring activities on the property warranted finding of control over the easement).

     As noted in the United States' memorandum, at 7-9, there is no evidence that the United States controls the accident site, or any part of Hartwell Road. The United States has never maintained Hartwell Road. United States Mem. at 7-8. For example, Armand L.C. Ouellette, the United States' employee who was in charge of the maintenance of grounds and roads at Hanscom Air Force base surrounding Hartwell Road, testified that the Town of Bedford has always maintained Hartwell Road. Deposition of Ouellette (Exhibit G to United States' Mem.) at 28. "We've never had the road, we've never

maintained it, and we've never done anything to it." Id. at 32. The Town of Bedford Public Works Engineer, Adrienne St. John, testified that the Town of Bedford – and not the United States -- does the maintenance of Hartwell Road.[1] Deposition of Adrienne St. John (Exhibit H to U.S. mem.) at 8, 58-59, 69. Plaintiffs have pointed to no evidence to the contrary. Plaintiffs have pointed to no evidence of any activities or responsibilities of the United States with respect to Hartwell Road. Accordingly, since the Town of Bedford purchased at the least an easement to Hartwell Road, for the purpose of a public road, and since the road is used for a public road and the Town maintains it, the Town is the entity, if any, that has a duty to travelers on the road. Since the United States purchased the surrounding parcel exclusive of easements, and Plaintiffs have failed to prove that the United States had de facto possession or control over the easement interest purchased by the Town, the United States has no duty toward Ian Brown.

Finally, the 1952 deed grants the United States ownership excluding not only easements but also all "public and private roads." It is undisputed that Hartwell Road is a "public road", and, accordingly, the United States did not acquire fee ownership in it.[2]

---

[1] The Town of Bedford is also responsible for law enforcement of Hartwell Road. St. John deposition at 74-75 (Attachment 1 to this memorandum). Charles Genetti, foreman of Highway and Grounds for the Town of Bedford, 1952-1983, also testified that the Town did all maintenance and repair of Hartwell Road. Genetti deposition at 14, 21-24 (Attachment 2).

[2] Plaintiffs claim that Arthur R. Hayes, a Navy 30(b)(6) witness, "testified unequivocally that the Navy owns the land" at the accident site. Plaintiffs' Opp. at 7. However, Hayes' testimony was limited to the fact that nothing on the face of the 1952 deed transferring the surrounding parcel to the United States or a 1977 deed transferring the parcel from the Navy to the Air Force showed that the Town of Bedford had an easement on Hartwell Road, showed that Hartwell Road was a public road, or showed any other property interests in Hartwell Road. Id. at

**<u>The Lioni Doctrine Applies to the United States</u>**

If the Court holds that the United States has an interest in the land at the guardrail such that a duty to Ian Brown may arise, the United States is nevertheless excepted from such a duty by the <u>Lioni</u> doctrine, which holds that an owner of land abutting a public road owes no duty to roadway users who inadvertently stray from the road. <u>Lioni v. Marr</u>, 320 Mass. 17, 19-20; 67 N.E.2d 766 (1946). <u>See</u> U.S. Mem. at 10-11. This doctrine excepts the United States from the standard of due care applicable to landowners generally. Plaintiffs argument that the <u>Lioni</u> doctrine has been overruled is incorrect. Plaintiffs set forth <u>Mounsey v. Ellard</u>, 297 N.E. 2d 43 (1973) as overruling <u>Lioni</u> and its progeny, <u>Shulman v. Dinty Moore's, Inc.</u> 326 F.2d 953, 954 (1st Cir. 1964), contending that <u>Mounsey</u> rendered the <u>Lioni</u> doctrine obsolete due to abolishing the difference between the duty of a landowner to an invitee and the duty of a landowner to a non-invitee. Plaintiffs' Opp. At 9. But <u>Mounsey</u> is irrelevant to a landowner whose property abuts a public road. <u>Mounsey</u> adjudicated the duties of ordinary landowners, not the duties of owners of land abutting public roads. <u>Lioni</u> excepts abutters of public roads from the duties of ordinary landowners.

---

Exhibit 11. This is uncontested by the parties and is dispositive with respect to property interests and use of the road established earlier. Hayes went further to say that he didn't know whether Hartwell Road was a public way and didn't know whether the Town of Bedford had an easement, because this information was not on the face of the deeds to the United States. <u>Id</u>. at 21-23. As a result, he assumed that the United States owned Hartwell Road. Hayes was privy neither to historical information about Hartwell Road nor the use of Hartwell Road as a public road.

6

Moreover, Plaintiffs' characterization of <u>Shulman</u> is incomplete and <u>Shulman</u> does not apply an invitee/non-invitee dichotomy to abutters of public ways.  In <u>Shulman</u>, the plaintiff fell into a cellar next to a sidewalk and sued the owner of the cellar for lack of due care.  The court analyzed the liability of the landowner in two ways.  First, it noted there was some confusion regarding whether the sidewalk was a public way or a private way.  It noted that if the sidewalk was a public way, the <u>Lioni</u> doctrine applied to except the landowner from a duty of care.  326 F.2d at 954.  It then went on to say that if the sidewalk was a private way, the liability of the landowner depended on whether the plaintiff was an invitee or a non-invitee.  <u>Id</u>. At 955.  If an invitee, the landowner could be held to a duty of due care, if not, the duty was inapplicable.  Plaintiffs take the distinction applied by the First Circuit to the sidewalk considered as a private way, notes that it is an obsolete distinction for purposes of analyzing a landowners' responsibility, and concludes that <u>Lioni</u> is passe.  However, the invitee/non-invitee distinction never did apply to land abutting a public way.  <u>Lioni</u>, 320 Mass. at 19-20.  As the Supreme Judicial Court noted in <u>Davis v. Westwood Group</u>, 420 Mass. 739, 743 (1995), "[A]n owner or possessor of land owes a common law duty of reasonable care to all lawful visitors. . . . this duty includes an obligation to maintain the premises in reasonably safe condition . . . ," but <u>the landowner abutting the highway "is not held to any duty with respect to public highways adjacent to or crossing his land. . . ."</u> <u>Id</u><b>.</b> (emphasis added).

Although the Restatement of Torts § 368, would have it that there is a duty of care upon an owner of land "near an existing highway" toward persons who "foreseeably

deviate from it in the ordinary course of travel," Massachusetts has never adopted the restatement. Indeed, <u>Afrarian v. Mass. Electric Co. et al</u>. (Mass. Superior Court, January 3, 2003), an unpublished case cited by Plaintiff, Opp. at 11-12, is incorrect in assuming an adoption and cites no authority for it. The Massachusetts legislature has left the <u>Lioni</u> doctrine intact when overriding it with respect to one particular condition on land abutting a public way, roadside excavations. M.G.L. 84 § 27 (1960), provides:

> If, on premises abutting on a public way, an excavation is a hazard to travelers upon such way who are in the exercise of due care, the person in control of such premises shall be liable in tort to any such traveler who, by reason of a want of sufficient railing or barrier in or upon such excavation or between such excavation and such way, sustains bodily injury or property damage.

This is a limited narrowing of the <u>Lioni</u> doctrine, not an overrule in other respects. It is not an adoption of the Restatement (The statute is, of course, inapplicable, because the alleged hazard in this case is not an excavation).

### The United States Adopts Two Arguments Set Forth by Defendant NStar

The United States adopts two arguments well set forth by Defendant Nstar. Wholly applicable to the United States is Nstar's argument that Plaintiffs James Brown and Barbara Brown's loss of consortium claim must fail because they cannot show that Ian Brown was or is financially dependent on them, as is required by Massachusetts law. <u>Monahan v. Town of Methuen</u>, 408 Mass. 381, 390, 558 N.E.2d 951 (1990) (strictly construing M.G.L. c. 231, § 85X). Nstar's Memorandum of Law in Support of . . .

Summary Judgment at 17-18. Also applicable to the United States is Nstar's argument that no duty of care arose because Ian Brown's accident was unforeseeable. Id. at 12-13. After all, Plaintiffs allege that Ian Brown lost control of his motorcycle on Hartwell Road, veered off the road, hit a guardrail, slid along the side of the guardrail for many feet without dropping to the ground or losing altitude, and only then struck the very top of his head on a utility pole. Id. at 10-13. These are the facts of the accident as Plaintiffs tell it – and Plaintiffs claim that Ian Brown was driving his motorcycle at 25 mph or less -- and who could foretell such a chain of events.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Anita Johnson
       Anita Johnson
       Assistant U.S. Attorney
       John Joseph Moakley Federal Courthouse
       One Courthouse Way, Suite 9200
       Boston, MA   02210
       (617) 748-3282

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing has been served upon Scott Charnas, counsel for Plaintiff, and Michael Callahan, counsel for Nstar, and all other attorneys of record by the electronic filing system, on this 25th day of May 2007.

        /s/ Anita Johnson