UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11924-RGS

| | |
|---|---|
| IAN J. BROWN, JAMES BROWN, and BARBARA BROWN,<br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, VERIZON NEW ENGLAND, INC., and BOSTON EDISON COMPANY d/b/a NSTAR ELECTRIC,<br>    Defendants. | [LEAVE TO FILE GRANTED] |

## PLAINTIFFS' SUR-REPLY BRIEF IN OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

In its reply brief in support of Summary Judgment, Defendant United States of America ("USA") contends that Plaintiffs cannot establish USA owed a duty to Plaintiff Ian Brown, because the strip of land upon which the guardrail was located was subject to an easement in favor of the Town of Bedford. USA's argument is fatally undermined, however, by the absolute dearth of any evidence that the Town of Bedford had a right of exclusive control over the relevant strip of land. Stated differently, there exists no evidence – and USA does not allege – that USA did not have a right to exercise at least concomitant control over the strip of land where the guardrail was located, and the fact that a fence and guardrail were erected on the site by an entity other than the Town of Bedford creates, at a minimum, a question of fact regarding the issue of whether USA exercised some control over the strip of land.

Consequently, defendant USA is not entitled to Summary Judgment, because "the duty of an owner of the fee [to third parties who are injured on the real property] depends on the owner's 'concomitant' right to control the property" and, if the fee owner does possess such a right to control the property, then the fee owner owes a duty of care to third parties such as Ian Brown. *McIntyre v. Boston Redevelopment Authority*, 33 Mass.App. 901, 902 (1992). As explained by the Appeals Court in *McIntyre*, "we reject the [fee owner] defendant's argument that the city's highway easement absolved the defendant [fee owner] of all responsibility to the plaintiff … [because] the critical test is who had the right to control the property." *Id.*, at 902. Given the existence of a material factual dispute regarding whether USA had the right to control the strip of land where Ian Brown was injured, USA clearly is not entitled to Summary Judgment.

USA's bid for Summary Judgment is further undermined by the Supreme Judicial Court's recent endorsement, in *Afarian v. Massachusetts Electric Co.*, 449 Mass. 257 (May 30, 2007), of Section 368 Restatement (Second) of Torts, which states as follows:

> A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who:
>
> (a)   are traveling on the highway, or
>
> (b)   forseeably deviate from it in the ordinary course of travel.

See *Afarian*, 449 Mass. at 265 (Section 368 adopted by the SJC because "the principles it expresses provide a functional framework for determining the issue of duty" and "it comports with concepts of reasonable foreseeability….").

Section 368 unambiguously imposes upon owners of property (i.e. here, Defendant USA) a duty of due care toward motorists such as Ian Brown, who reasonably deviated from Hartwell

Road in the ordinary course of travel. At a minimum, the Supreme Judicial Court's adoption of Section 368 precludes Summary Judgment in favor of said Defendant.

> Respectfully submitted,
> The Plaintiffs,
> IAN J. BROWN, JAMES BROWN, and BARBARA BROWN,
> By their attorney,
>
> /s/ Scott E. Charnas
> _____
> Scott E. Charnas, BBO No. 081240
> Manheimer & Charnas, LLP
> 210 Commercial Street
> Boston, MA 02109
> 617-557-4700

Date:   June 20, 2007

## CERTIFICATE OF SERVICE

I, Scott E. Charnas, hereby certify that on the 20th day of June, 2007, I caused a copy of the foregoing to be served, by electronic filing upon Anita Johnson, Esquire, Assistant United States Attorney, Moakley Federal Courthouse, One Courthouse Way, Suite 9200, Boston, Massachusetts 02210, Joshua Lewin, Esquire, Prince, Lobel, Glovsky & Tye, LLP, 100 Cambridge Street, Suite 2200, Boston, MA 02114, and Michael K. Callahan, Esquire, NSTAR Electric, Prudential Tower, 800 Boylston Street, Boston, MA 02199.

> /s/ Scott E. Charnas
> _____
> Scott E. Charnas