UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
IAN J. BROWN, JAMES BROWN, and      )
BARBARA BROWN,                      )
                                    )
          Plaintiffs,               )
                                    )   Civ. No. 04-11924-RGS
v.                                  )
                                    )   LEAVE TO FILE GRANTED
UNITED STATES OF AMERICA,           )
VERIZON NEW ENGLAND, INC., and      )
BOSTON EDISON COMPANY d/b/a/        )
NSTAR ELECTRIC,                     )
                                    )
          Defendants .              )
_____ )

## UNITED STATES' RESPONSE TO PLAINTIFFS' SUR-REPLY

Plaintiffs raise no issues precluding the grant of summary judgment to the United States. They have not shown that the United States had a duty of care to Ian Brown by virtue of ownership of the accident site.

The United States acquired fee title to the land surrounding Hartwell Road through a 1952 deed that excluded "all public or private roads, rights of way and/or easements now existing within said boundaries." Hartwell Road, including the accident site, falls within this exclusion. The United States has shown and Plaintiffs concede that the Town of Bedford acquired a property interest in Hartwell Road in 1735 for purposes of a public road. See United States' Memorandum in Support of Summary Judgment at 8-9, United States' Reply at 23. The United States has shown and Plaintiffs concede that the width

1

of the interest acquired by the Town extended from the current pavement to the ancient stone walls along the road. See United States Memorandum at 9, United States' Reply at 2. Because the accident site was between the pavement and the ancient stone wall of Hartwell Road, it is within the Town of Bedford's property interest and falls within the exclusion in the United States' deed.

Plaintiffs take the position that the United States has legal responsibility for the safety of the accident site because the United States cannot show that the Town of Bedford acquired a fee interest in Hartwell Road rather than an easement interest and that, therefore, the United States must be legally assumed to have acquired a easement interest. Either way, the United States is not legally responsible for the accident site. If the Town of Bedford owns a fee interest in Hartwell Road, obviously, the United States has no duty of care regarding the land. If the Town of Bedford owns an easement interest, the United States has no duty of care, either, because it is the easement owner who is responsible for the safety of the easement. See United States Reply at 3-4.

Plaintiffs now argue that the United States had a duty of care to Ian Brown because the United States had the "right to control" the accident site. Massachusetts law holds that it is the easement owner who is responsible for the safety of the property. See Archambault v. Williams, 359 Mass. 742 (1971) ("no obligation imposed on grantor of an easement to maintain or repair the land placed in servitude"); Frizzell v. Metropolitan Coal Co., 298 Mass. 189, 10 N.E.2d 115, 116 (1937) ("It is elementary that liability for damage caused by the condition of the premises commonly depends upon control of the

offending instrumentality, either through ownership or otherwise."). It is the easement owner who has the duty of care, absent proof that the title owner actually controls the property. See United States' Reply at 3-4. In McIntyre v. Boston Redevelopment Authority, 33 Mass. App. Ct. 901, 901-02 (1992) cited by Plaintiffs, the Massachusetts Court of Appeals framed the standard slightly differently from the standard set forth by the Supreme Judicial Court, whether the fee owner or the easement owner had the right to control the property. Whether or not the Supreme Judicial Court adopts the "right to control" language in the future, it is clear that the Court of Appeals determined the right to control based on evidence of who did control the property, considering evidence that the fee owner rather than the easement owner did the repairs, laid the pavement, and supervised contracting activities on the property.

In this case, there is no evidence whatsoever that the United States controlled the accident site. The Town of Bedford has maintained Hartwell Road for many years. The Town of Bedford is responsible for law enforcement on Hartwell Road. United States' employees testified that the United States did not and had never maintained Hartwell Road, and records of the United States, searched in connection with production requests in this action, showed no involvement of the United States in the road. The burden of proof here is on the Plaintiffs to show that the United States, rather than the Town of Bedford, has control of Hartwell Road. See id. at 903 (plaintiff had the burden of proving that he was injured on property "under the control or possession" of the defendant). Plaintiffs present no evidence in that regard, and, as a result, summary judgment is not

precluded.[1]

Plaintiffs claim that they have raised an issue of fact regarding the United States control because "a fence and guardrail were erected on the site by an entity other than the Town of Bedford." See Plaintiffs' Sur-Reply at 1. However Plaintiffs do not proffer evidence that "an entity other than the Town of Bedford" was the United States, and, after all, the United States is the defendant in this action. Accordingly, they have raised no issue of fact regarding control of the land precluding summary judgment.

Plaintiffs' reference to Afarian v. Massachusetts Electric Co., 449 Mass. 257 (2007), Sur-reply at 2-3, does not assist them in challenging summary judgment, either. It may be that Afarian will be construed to restrict or occlude the Lioni doctrine, which holds that owners of land abutting highways are not liable in tort for injuries to travellers straying from the highway. See United States' memo at 10-11. However, as noted, the United States has shown and Plaintiffs have conceded that Hartwell Road was taken by the Town of Bedford to the width of the stone walls. The accident site is part of the public way taken by the Town of Bedford and is not separately owned by abutters. Unless the court finds that the accident site falls outside of the property taken by the Town of Bedford, it need not consider either Lioni or Afarian.

---

[1] Plaintiffs frame their "right to control" issue as whether the Untied States "had the right to control the strip of land where Ian Brown was injured." Of course, the "strip of land" is part of the public way acquired by the town of Bedford. As noted, the property interest acquired by the Town of Bedford does not stop at the edge of the pavement, but continues to the stone wall.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney


        /s/ Anita Johnson
        Assistant U.S. Attorney
        Moakely United States Courthouse
        One Courthouse Way'
        Boston, Mass. 02210
        (617) 748-3266


        Certificate of Service

    I hereby certify that the foregoing has been served upon counsel of record by the electronic filing system, on this 29th day of June 2007.


        /s/ Anita Johnson